# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No.   2:23-cv-00285<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Defendants" or "Samsung") alleging infringement of U.S. Patents No. 7,924,802 (the "'802 Patent"), 8,554,196 (the "'196 Patent"), 8,891,347 (the "'347 Patent"), 9,094,888 (the "'888 Patent"), and 10,368,361 (the "'347 Patent") (collectively the "Patents-in-Suit").

## The Parties

1.   Plaintiff Cobblestone Wireless LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E Park Blvd, Suite 600, Plano, Texas 75074.

2.   On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

3.   On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office

1

located at 6625 Excellence Way, Plano, Texas 75023. SEA is a wholly owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Accused Products, in the United States.

## Jurisdiction and Venue

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant SEC is a foreign corporation. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant SEA has committed and continues to commit acts of infringement in this District and has regular and established places of business in this District, including as set forth above.

## Count 1 – Claim for infringement of the '802 Patent

7.      Cobblestone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

8.      Cobblestone is the owner of U.S. Patent No. 7,924,802 entitled "Wireless Communication Systems and Methods," which issued on April 12, 2011. A copy of the '802 Patent is attached to this complaint as **Exhibit 1**.

9.      On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including base station and mobile products supporting LTE and/or 5G carrier aggregation functionalities, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '802 Patent.

10.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '802 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '802 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '802 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '802 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instru-

mentalities, despite their knowledge of the '802 Patent, thereby specifically intending for and inducing their customers to infringe the '802 Patent through the customers' normal and customary use of the Accused Instrumentalities.

11. Defendants have also infringed, and continue to infringe, one or more claims of the '802 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '802 Patent, are especially made or adapted to infringe the '802 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '802 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

12. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '802 Patent. A claim chart comparing independent claim 1 of the '802 Patent to representative Accused Instrumentalities is attached as **Exhibit 2** and incorporated by reference herein.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendants' infringement of the '802 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 2 – Claim for infringement of the '196 Patent

15. Cobblestone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

16. Cobblestone is the owner of U.S. Patent No. 8,554,196 entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations," which issued October 8, 2013. A copy of the '196 Patent is attached to this complaint as **Exhibit 3**.

17. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including cellular base stations that support providing network coverage using different types of beams and networks, *e.g.* 4G LTE and 5G NR wireless networks, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '196 Patent.

18. Defendants also knowingly and intentionally induce infringement of one or more claims of the '196 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '196 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '196 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '196 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '196 Patent, thereby specifically intending for and inducing their customers to infringe the '196 Patent through the customers' normal and customary use of the Accused Instrumentalities.

19. Defendants have also infringed, and continue to infringe, one or more claims of the '196 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '196 Patent, are especially made or adapted to infringe the '196 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '196 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

20. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '196 Patent. A claim chart comparing independent claim 1 of the '196 Patent to representative Accused Instrumentalities is attached as **Exhibit 4** and incorporated by reference herein.

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '196 Patent pursuant to 35 U.S.C. § 271.

22. As a result of Defendants' infringement of the '196 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 3 – Claim for infringement of the '347 Patent

23. Cobblestone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

24. Cobblestone is the owner of U.S. Patent No. 8,891,347 entitled "User-focusing technique for wireless communication systems," which issued November 18, 214. A copy of the '347 Patent is attached to this complaint as **Exhibit 5**.

25. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including (1) cellular base stations that support 3GPP 5G NR beamforming; and (2) cellular user equipment (UE) that supports 3GPP 5G NR beamforming, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '347 Patent.

26. Defendants also knowingly and intentionally induce infringement of one or more claims of the '347 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '347 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '347 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '347 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '347 Patent, thereby specifically intending for and inducing their customers to infringe the '347 Patent through the customers' normal and customary use of the Accused Instrumentalities.

27. Defendants have also infringed, and continue to infringe, one or more claims of the '347 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not

staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '347 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

28. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '347 Patent. A claim chart comparing independent claims 8, 15, and 19 of the '347 Patent to representative Accused Instrumentalities is attached as **Exhibit 6** and incorporated by reference herein.

29. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271.

30. As a result of Defendants' infringement of the '347 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 4 – Claim for infringement of the '888 Patent

31. Cobblestone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

32. Cobblestone is the owner of U.S. Patent No. 9,094,888 entitled "Wireless device handoff between wireless networks," which issued July 28, 2015. A copy of the '888 Patent is attached to this complaint as **Exhibit 7**.

33. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including cellular base stations that support handover between 4G LTE and 5G NR wireless networks, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '888 Patent.

34. Defendants also knowingly and intentionally induce infringement of one or more claims of the '888 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '888 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '888 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '888 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '888 Patent, thereby specifically intending for and inducing their customers to infringe the '888 Patent through the customers' normal and customary use of the Accused Instrumentalities.

35. Defendants have also infringed, and continue to infringe, one or more claims of the '888 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '888 Patent, are especially made or adapted to infringe the '888 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been,

and currently are, contributorily infringing the '888 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

36. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '888 Patent. A claim chart comparing independent claim 20 of the '888 Patent to representative Accused Instrumentalities is attached as **Exhibit 8** and incorporated by reference herein.

37. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '888 Patent pursuant to 35 U.S.C. § 271.

38. As a result of Defendants' infringement of the '888 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 2 – Claim for infringement of the '361 Patent

39. Cobblestone incorporates by reference each of the allegations in paragraphs 1–6 above and further alleges as follows:

40. Cobblestone is the owner of U.S. Patent No. 10,368,361 entitled "Adaptive communication resource allocation in a wireless network," which issued July 30, 2019. A copy of the '361 Patent is attached to this complaint as **Exhibit 9**.

41. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including cellular base stations that support 3GPP NG-RAN supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '361 Patent.

42.     Defendants also knowingly and intentionally induce infringement of one or more claims of the '361 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '361 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '361 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '361 Patent. Furthermore, Defendants offer the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '361 Patent, thereby specifically intending for and inducing their customers to infringe the '361 Patent through the customers' normal and customary use of the Accused Instrumentalities.

43.     Defendants have also infringed, and continue to infringe, one or more claims of the '361 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '361 Patent, are especially made or adapted to infringe the '361 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '361 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

44. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '361 Patent. A claim chart comparing independent claim 10 of the '361 Patent to representative Accused Instrumentalities is attached as **Exhibit 10** and incorporated by reference herein.

45. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '361 Patent pursuant to 35 U.S.C. § 271.

46. As a result of Defendants' infringement of the '361 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A. A judgment in favor of Cobblestone that Defendants have infringed the '802 Patent, the '196 Patent, the '347 Patent, the '888 Patent, and the '361 Patent, and that the '802 Patent, the '196 Patent, the '347 Patent, the '888 Patent, and the '361 Patent are valid, enforceable, and patent-eligible;

B. A judgment and order requiring Defendants to pay Cobblestone compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to Defendants' infringement of the '802 Patent, the '196 Patent, the '347 Patent, the '888 Patent, and the '361 Patent;

D.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F.      Any and all other relief to which Cobblestone may be entitled.

Dated: June 16, 2023                                                /s/ Reza Mirzaie

                                                                                Reza Mirzaie
                                                                                CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC**