IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00285-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") hereby submit their Answer in response to the Complaint for Patent Infringement (the "Complaint") filed by Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") as set forth below.

Samsung denies all allegations in the Complaint, including the purported infringement chart exhibits thereto, unless expressly admitted in the following paragraphs. Any admissions herein are for purposes of this matter only. Samsung reserves all rights to amend its pleading, including the right to take further positions and raise additional defenses and counterclaims that may become apparent as a result of additional information discovered subsequent to the filing of this Answer. Each paragraph of the Answer below responds to the corresponding numbered or lettered paragraph of the Complaint.

## **THE PARTIES**[1]

1. Samsung admits that Cobblestone purports to be a limited liability company organized under the laws of the State of Texas, with an address at 101 E Park Blvd, Suite 600, Plano, Texas 75074 but is without actual knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

2. Samsung admits that Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

3. Samsung admits that Samsung Electronics America, Inc. ("SEA") is a New York corporation having its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660 and with an office located at 6625 Excellence Way, Plano, Texas 75023.  Samsung further admits that SEA is a wholly owned subsidiary of SEC.  Samsung further admits that SEA distributes certain Samsung consumer electronics products in the United States.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

## **JURISDICTION AND VENUE**

4. Samsung admits that the Complaint purports to bring an action under Title 35 of the United States Code but denies that Samsung has committed any act of infringement of the Patents-in-Suit.  Samsung does not dispute that this Court has subject matter jurisdiction but denies that Cobblestone is entitled to any relief.  Except as expressly admitted, Samsung denies any remaining allegations of this paragraph.

---

[1] For ease of reference, Samsung repeats the headings as set forth in the Complaint.  In doing so, Samsung makes no admissions regarding the substance of the headings or any other

5. Samsung does not challenge personal jurisdiction for purposes of this particular action. Except as expressly admitted, Samsung denies any remaining allegations of this paragraph, and specifically denies that it has committed any acts of infringement.

6. Samsung admits that for purposes of this action only, it will not challenge venue, and denies that this is a convenient forum under, among other things, the doctrine of *forum non conveniens*. Except as expressly admitted, Samsung denies any remaining allegations of this paragraph, and specifically denies that it has committed any acts of infringement in this or any other judicial district in the United States.

## **COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '802 PATENT**

7. Samsung repeats its responses to paragraphs 1-6 as if fully stated herein.

8. Samsung admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 7,924,802 (the "'802 Patent") entitled "Wireless Communication Systems and Methods" and indicates on its face that it issued on April 12, 2011. Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

---

allegations of the Complaint. Unless explicitly stated otherwise, to the extent a particular heading can be construed as an allegation, Samsung specifically denies all such allegations.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '196 PATENT

15. Samsung repeats its responses to paragraphs 1-6 as if fully stated herein.

16. Samsung admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '347 PATENT

23. Samsung repeats its responses to paragraphs 1-6 as if fully stated herein.

24. Samsung admits that Exhibit 5 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '888 PATENT

31. Samsung repeats its responses to paragraphs 1-6 as if fully stated herein.

32. Samsung admits that Exhibit 7 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. Samsung is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### COUNT 5[2] – CLAIM FOR INFRINGEMENT OF THE '361 PATENT

39. Samsung repeats its responses to paragraphs 1-6 as if fully stated herein.

40. Samsung admits that Exhibit 9 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. Samsung is without

---

[2] Despite that the Complaint refers to the final alleged count of infringement as "Count 2" (Dkt. 1 at 10), it is the fifth enumerated allegation of infringement and, thus, Samsung refers to it herein as "Count 5."

knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## JURY TRIAL DEMANDED

47. Samsung admits that Cobblestone sets forth a demand for a trial by jury. Samsung likewise demands a trial by jury on all issues so triable raised by the Complaint or by Samsung's Answer pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Samsung denies that Cobblestone is entitled to any of the relief requested in the section of the Complaint entitled "Prayer for Relief," or any relief in any form from either the Court or from Samsung.  Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.  To the extent any statement in the Relief Requested is deemed factual, it is denied.

\*   \*   \*   \*   \*

## AFFIRMATIVE AND OTHER DEFENSES

Upon information and belief, and subject to its responses above, Samsung alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Samsung bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Samsung undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Samsung expressly reserves the right to amend or raise additional defenses pursuant to the Docket Control Order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE – NON-INFRINGEMENT OF THE '802 PATENT

1. Samsung does not infringe and has not infringed the '802 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '802 Patent.

## SECOND DEFENSE – NON-INFRINGEMENT OF THE '196 PATENT

2. Samsung does not infringe and has not infringed the '196 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '196 Patent.

## THIRD DEFENSE – NON-INFRINGEMENT OF THE '347 PATENT

3. Samsung does not infringe and has not infringed the '347 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '347 Patent.

### FOURTH DEFENSE – NON-INFRINGEMENT OF THE '888 PATENT

4. Samsung does not infringe and has not infringed the '888 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '888 Patent.

### FIFTH DEFENSE – NON-INFRINGEMENT OF THE '361 PATENT

5. Samsung does not infringe and has not infringed the '361 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '361 Patent.

### SIXTH DEFENSE – INVALIDITY OF THE '802 PATENT

6. The claims of the '802 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### SEVENTH DEFENSE – INVALIDITY OF THE '196 PATENT

7. The claims of the '196 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### EIGHTH DEFENSE – INVALIDITY OF THE '347 PATENT

8. The claims of the '347 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### NINTH DEFENSE – INVALIDITY OF THE '888 PATENT

9. The claims of the '888 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### TENTH DEFENSE – INVALIDITY OF THE '361 PATENT

10. The claims of the '361 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### ELEVENTH DEFENSE – STATUTORY LIMIT ON DAMAGES

11. Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

### TWELFTH DEFENSE – NO WILLFUL INFRINGEMENT

12. Cobblestone's Complaint does not appear to raise any allegation of willful infringement. Regardless, Cobblestone is not entitled to enhanced or increased damages for willful infringement because Samsung has not engaged in any conduct that meets the applicable standard for willful infringement.

### THIRTEENTH DEFENSE – NO EXCEPTIONAL CASE

13. Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against Samsung pursuant to 35 U.S.C. § 285.

### FOURTEENTH DEFENSE – WAIVER, EQUITABLE ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS

14. Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

### FIFTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('802 PATENT)

15. Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '802 Patent.

**SIXTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('196 PATENT)**

16. Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '196 Patent.

**SEVENTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('347 PATENT)**

17. Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '347 Patent.

**EIGHTEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('888 PATENT)**

18. Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '888 Patent.

**NINETEENTH DEFENSE – PROSECUTION HISTORY ESTOPPEL ('361 PATENT)**

19. Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '361 Patent.

**TWENTIETH DEFENSE – STATUTORY LIMITATION**

20. To the extent certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's

claims involving Samsung may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### TWENTY FIRST DEFENSE – LICENSE, IMPLIED LICENSE, EXHAUSTION

21. Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Samsung by or by Samsung to any entity or entities having express or implied licenses or covenant not to sue or assert the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion.  Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to Samsung.  Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by direct or implied licenses and/or covenants not to sue that pertain to Cobblestone or prior assignees affiliations with any defensive patent trust.

### TWENTY SECOND DEFENSE – NO INJUNCTIVE RELIEF

22. Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief.  Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

### TWENTY THIRD DEFENSE – FAILURE TO STATE A CLAIM

23. The Complaint fails to state a claim upon which relief can be granted.

### TWENTY FOURTH DEFENSE – STANDING/OWNERSHIP

24. To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit.

## TWENTY FIFTH DEFENSE – ACTIONS OF OTHERS

25. On information and belief, Cobblestone's claims are barred, in whole or in part, because Samsung is not liable for the acts of others over whom it has no control.

## RESERVATION OF DEFENSES

26. Discovery in this action has not yet commenced and Samsung continues to investigate the allegations set forth in the Complaint. Samsung hereby provides explicit notice to Cobblestone that it intends to rely upon such other defenses as may become available by law or in equity, or pursuant to statute, as discovery proceeds in this action, and hereby reserves the right to assert such additional defenses.

## PRAYER FOR RELIEF

Samsung respectfully prays for the following relief and requests that this Court enter judgment as follows:

A. That the Court dismiss Cobblestone's claims in its Complaint against Samsung with prejudice, and enter judgment on the Complaint in favor of Samsung and against Cobblestone;

B. That the Court deny all relief requested by Cobblestone in its Complaint against Samsung;

C. That the Court enter judgment in favor of Samsung and against Cobblestone on all of Samsung's Defenses;

D. A judgment that the claims of the Patents-in-Suit are invalid;

E. A judgment that Samsung has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patents-in-Suit;

  F. A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Samsung is entitled to recover its reasonable attorney's fees upon prevailing in this action;

  G. An award to Samsung of its fees and expenses of litigation, including but not limited to attorney's fees and costs;

  H. A judgment limiting or barring Cobblestone's ability to enforce the Patents-in-Suit in equity; and

  I. Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Samsung respectfully demands a trial by jury on all issues so triable in this action.

Dated: October 10, 2023

By    */s/ Melissa R. Smith*
Victoria F. Maroulis
California Bar No. 202603 (admitted in E.D. Tex.)
victoriamaroulis@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel : 650-801-5000
Fax: 650-801-5100

Sean Pak
California Bar No. 219032 (*pro hac vice* forthcoming)
seanpak@quinnemanuel.com
Iman Lordgooei
California Bar No. 251320 (admitted in E.D. Tex.)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: 415-875-6600
Fax: 415-875-6700

Kevin Hardy
D.C. Bar No. 473941 (admitted in E.D. Tex.)
kevinhardy@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
Fax: 202.538.8100

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF on October 10, 2023.

                                          */s/ Melissa R. Smith*
                                          Melissa R. Smith