**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

COBBLESTONE WIRELESS, LLC      §
     §
       v.      §
     §     Case No. 2:23-cv-00285-JRG-RSP
SAMSUNG ELECTRONICS CO., LTD.,      §
SAMSUNG ELECTRONICS AMERICA,
INC.

**E-DISCOVERY ORDER**

The Court ORDERS as follows:

1.     This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.     This order may be modified in the court's discretion or by agreement of the parties. To the extent the parties cannot resolve their disagreements regarding such modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.     A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.     Absent agreement of the parties otherwise, any production of ESI shall include metadata, to the extent such metadata is applicable to an individual item and is already within the producing Party's possession, custody, or control, showing an individual item's:

A.  Title;

B.  Filename;

C.  Creation date and time;

D.  Modification date and time;

E.   Author;

F.   Subject line;

G.   Distribution list (*e.g.*, "To," "Cc," and "Bcc" fields);

H.   Date and time sent;

I.   Date and time received;

J.   Beg Bates;

K.   End Bates.


5.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

A.      **General Document Image Format**. Each electronic document shall be produced in Portable Document Format ("PDF") format or single page Tagged Image File Format ("TIFF"). To the extent an electronic document is produced in PDF format, each such electronic document shall be named with a unique production number followed by the appropriate file extension. To the extent an electronic document is produced in TIFF format, each such TIFF file shall be single page and shall be named with a unique production number followed by the appropriate file extension. If a document contains attachments (e.g., an attachment to an email), such attachments shall be separately produced. Load files shall be provided to indicate the location of produced electronic documents and unitization of the TIFF files, as applicable, identify any attachments to electronic documents through unitization information, and identify any metadata of produced electronic documents.

B.    **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.  To the extent electronic documents are produced in PDF format, the producing party shall produce such documents in text-searchable PDF format.

C.    **Footer**. Each page of any document produced in electronic image format shall contain a footer with a sequentially ascending production number.

D.    **Native Files**. Documents that would not be reasonably legible in image or near-native format, and documents that would be incomplete in image or near-native format, should be produced as native files. Examples of such documents include, without limitation, spreadsheets of more than a single page and documents, including for example PowerPoint files, containing tracked changes, comments, or notes that would not be visible in an image format. A party that receives a document produced in an image format may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E.    **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F. **Voicemail and Mobile Devices.** Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties must propound specific e-mail production requests, which the parties agree to revisit at a later time.

7. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

8. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

9. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.