IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>V.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.;<br><br>*Defendants*. | Case No. 2:23-cv-00285-JRG-RSP |

**PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER**

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") moves to modify the Protective Order (Dkt. No. 36) to permit it to produce discovery provided by Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") in this case in pending and related patent infringement actions also before this Court.[1,2] Cobblestone has already received technical discovery from Samsung and anticipates receiving additional technical discovery from

---

[1] The pending and related patent infringement actions are *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, Case No. 2:22-cv-00474-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:22-cv-00478-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, Case No. 2:23-cv-00380-JRG-RSP (E.D. Tex.); and *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:23-cv-00381-JRG-RSP (E.D. Tex.) (collectively, the "Carrier Actions").

[2] To ensure all interested parties have the opportunity to be heard on this issue, Plaintiff is serving this motion on the Samsung defendants in this case as well as the defendants from the Carrier Actions.

Samsung in this case that will be relevant to the Carrier Actions, in which the same patents are asserted.

As is common in patent cases, the parties in this case agreed to a protective order, which, among other provisions, prohibits certain information produced in this case from being used in another. Dkt. No. 36. Federal Rule of Civil Procedure 26(c) requires "good cause" to be shown to impose or maintain limitations on access and use of discovery, and Cobblestone submits (i) good cause exists to narrowly tailor the protective order in this case such that Cobblestone be permitted to produce and rely on in the Carrier Actions the same documentary and source code discovery provided to Cobblestone by Samsung in this case and (ii) there is no good cause to maintain the blanket limitation that Cobblestone's proposed modification would narrowly tailor.

Because Samsung is not a defendant in the Carrier Actions, Cobblestone served subpoenas *duces tecum* and *ad testificandum* on Samsung Electronics America, Inc. in those actions. Cobblestone has also attempted to serve subpoenas *duces tecum* and *ad testificandum* on Samsung Electronics Co., Ltd. ("SEC") but SEC's counsel—the same counsel representing SEA—refused to accept or waive service. Given the difficulties Cobblestone has faced in obtaining discovery in the Carrier Actions that it already has (or will have) by way of the Samsung Action, the efficiencies in permitting Cobblestone to produce and rely on the same documentary and source code discovery provided to Cobblestone by Samsung in this Samsung Action, and the lack of harm or prejudice to Samsung, Cobblestone requests the Court modify the Protective Order entered in this case (Dkt. No. 36) to permit Cobblestone to produce materials produced by Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. in the co-pending and related Carrier Actions. The Carrier Actions are subject to virtually identical Protective Orders, and Cobblestone would

apply the same designations to the materials or whatever designations Samsung chooses. Samsung has refused to agree to this requested modification and has indicated it will oppose this motion.[3]

## I.   RELEVANT FACTUAL BACKGROUND

Because the instant motion requests the Court modify the Protective Order in this case to permit Cobblestone to use discovery already provided (or expected to be provided) by Samsung in this case in co-pending and related patent infringement actions also before this Court, a brief summary of those co-pending and related cases is below. Specifically, Cobblestone filed complaints in the United States District Court for the Eastern District of Texas giving rise to the following patent infringement actions asserting the same patents at issue in this case:

| Case | Collectively referred to as | |
|---|---|---|
| *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.) (Lead Case) | "First Carrier Actions" | "Carrier Actions" |
| *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, Case No. 2:22-cv-00474-JRG-RSP (E.D. Tex.) | | |
| *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:22-cv-00478-JRG-RSP (E.D. Tex.) | | |
| *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.) (Lead Case) | "Second Carrier Actions" | |
| *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, Case No. 2:23-cv-00380-JRG-RSP (E.D. Tex.) | | |

---

[3] Cobblestone further understands that the defendants in the Carrier Actions object to the relief Cobblestone seeks, because outside counsel for the Carrier Action defendants participated in the Local Rule CV-7(h) lead and local conference related to this motion, where they objected to Cobblestone's requested relief as "unfair". But as this Court recognized in granting a similar motion to modify the protective order in *Maxell, Ltd. v. Apple Inc.*, "[a] request to use relevant, already produced materials in a parallel proceeding is not an 'unfair and unwarranted attempt to rewrite' the protective order" as the objecting party in that case contended. Case No. 5:19-cv-00036-RWS (E.D. Tex. Jan. 27, 2021).

| Case | Collectively referred to as | |
|---|---|---|
| *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:23-cv-00381-JRG-RSP (E.D. Tex.) | | |

There is complete overlap between the patents asserted in this Samsung Action and the Carrier Actions:

| Asserted Patent | Asserted In | |
|---|---|---|
| U.S. Patent No. 9,094,888 | First Carrier Actions | This Samsung Action |
| U.S. Patent No. 8,554,196 | First Carrier Actions | This Samsung Action |
| U.S. Patent No. 8,891,347 | First Carrier Actions | This Samsung Action |
| U.S. Patent No. 10,368,361 | First Carrier Actions | This Samsung Action |
| U.S. Patent No. 7,924,802 | Second Carrier Actions | This Samsung Action |

A. **The First Carrier Actions**

The First Carrier Actions, initiated via complaints filed by Cobblestone on December 15 and December 16, 2022, allege infringement of U.S. Patent Nos. 8,891,347 (the "'347 patent"), 9,094,888 (the "'888 patent"), 10,368,361 (the "'361 patent"), and 8,554,196 (the "'196 patent"). *See e.g.*, Complaint, Case 2:22-cv-00477, Dkt. No. 1 (E.D. Tex.). Those allegations of infringement stem from the carrier defendants' "acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the asserted patents, including without limitation ***the tablets and phones accused of infringement in this case and cellular services*** offered by" defendants. *Id*. (emphasis added). Because the "tablets and phones accused of infringement and cellular services offered by" the carrier defendants in the First Carrier Actions include Samsung mobile devices

4

and base stations, Cobblestone served document and deposition subpoenas on Samsung on July 20, 2023 in the First Carrier Actions. Ex. 1.

After serving the subpoenas on Samsung in the First Carrier Actions, Samsung's in-house counsel emailed Cobblestone's counsel to request "i) a courtesy extension of 14 days until 8/17/23 to respond to the subpoenas, 2) a courtesy 30-day extension for any document production in response to the document subpoena until 9/13/23." Ex. 2. Cobblestone agreed to the extensions.

Samsung, however, did not serve any responses or objections to Cobblestone's subpoena by August 17, 2023, as agreed. Two weeks later, on August 31, 2023, Cobblestone's counsel contacted Samsung's in-house counsel, who finally served responses and objections on September 1, 2023—two weeks after the agreed upon deadline. Ex. 3. Samsung also did not produce any documents in response to the subpoena on or before September 13, 2023, as they had agreed to do. In fact, Samsung did not produce any documents until February 14, 2024, more than five months after it had committed to do so. But Samsung's belated production—while appreciated—does not render the relief requested by this motion moot, because Samsung has already confirmed to Cobblestone through meet and confers that Samsung will not produce to Cobblestone in the Carrier Actions all of the discovery it has produced and will produce in this case, despite the complete overlap of Asserted Patents and Samsung Products at issue.

B.   **The Second Carrier Actions**

The Second Carrier Actions, initiated via complaints filed by Cobblestone on August 25, 2023, allege infringement of U.S. Patent No. 7,924,802 (the "'802 patent"). *See e.g.*, Complaint, Case 2:23-cv-00382, Dkt. No. 1 (E.D. Tex.). Again, those allegations of infringement stem from defendants' "acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the asserted patents, including without limitation ***the tablets and phones accused of infringement in***

5

***this case and cellular services*** offered by" defendants. *Id*. (emphasis added). Because the "tablets and phones accused of infringement and cellular services offered by" defendants in the Second Carrier Actions once again includes Samsung mobile devices and base stations, Cobblestone served document and deposition subpoenas on Samsung on February 14, 2024. Ex. 4. Though Samsung's response date to those subpoenas has not yet passed, Samsung's outside counsel has made clear, including through a lead and local meet and confer and related email correspondence, that Samsung does not agree to produce to Cobblestone in the Carrier Actions all of the discovery it has produced and will produce in this case, despite the complete overlap of Asserted Patents and Samsung Products at issue.

### C. This Action Against Samsung ("Samsung Action")

Cobblestone filed the complaint giving rise to this case on June 16, 2023, alleging infringement of U.S. Patent Nos. 7,924,802 (the "'802 Patent"), 8,554,196 (the "'196 Patent"), 8,891,347 (the "'347 Patent"), 9,094,888 (the "'888 Patent"), and 10,368,361 (the "'347 Patent"). Dkt. No. 1. The patents asserted against Samsung in this case are the same patents asserted in the Carrier Actions. The allegations of infringement stem from Samsung's "acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents." *Id*. at ¶ 5. Specifically, the Samsung products at issue in this case include both Samsung's "cellular base stations" and Samsung's "mobile devices." *Id*. at ¶¶ 17, 25, 33, 41. Samsung filed its answer to the complaint on October 10, 2023. Dkt. No. 24.

On November 10, 2023, Samsung served Initial Disclosures under FRCP 26(a), the Local Rules, and the Court's Docket Control and Discovery Orders. Dkt. No. 34. In those Initial Disclosures, Samsung confirmed that the following "documents, data compilations, and tangible things" are "in Samsung's possession, custody, or control…" Ex. 5.

- "Documents relating to the accused products, including, but not limited to, documents concerning the design, development, and manufacturing of said products"

- "Source code for the accused products"

- "Documents relating to the sales and marketing of the accused products"

- "Documents relating to ETSI, 3GPP standards issued by or considered by ETSI, IPR policies adopted by ETSI, and development of various 3GPP standards"

*Id.* Samsung further represented that "[a]ll such documents are located at Samsung offices or at the offices of Samsung's counsel in this matter, Quinn Emanuel Urquhart & Sullivan, LLP." *Id*.

Also on November 10, 2023, the parties filed a Joint Motion For Entry of Disputed Protective Order, Dkt. No. 32, and the Court entered the Protective Order on December 1, 2023. Dkt. No. 36.

On December 27, 2023, Samsung served its Patent Rule 3-3 and 3-4 Invalidity Contentions and represented that "Samsung is concurrently producing and/or making available for inspection source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements for the Accused Instrumentalities identified by Cobblestone in its P.R. 3-1(c) chart." Ex. 6. Concurrent with that disclosure, Samsung produced documents Bates-numbered SEA-COBB-0000001 through SEA-COBB-0110993 and SEC-COBB-0000001 through SEC-COBB-0254561, the majority of which Samsung designated as "Restricted – Attorney's Eyes Only" under the Protective Order. Samsung has still not yet made any source code available for review or inspection.

## II.     RELEVANT LEGAL STANDARD

"The court enjoys broad discretion in entering and modifying [a protective] order." *Raytheon v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008). This Court has recognized that "protective orders should generally be modified to allow

discovery in other actions." *Team Worldwide Corp. v. Walmart Inc., et al.*, No. 2:17-cv-00235, (E.D. Tex Jan. 24, 2019) (quoting *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986)).

Generally, "[i]n deciding whether to modify a stipulated protective order at the behest of a party that originally agreed to the order for reasons related to the private interests of the parties to the action, the court considers four factors: (1) the nature of the protective order, (2) the foreseeability, at the time of the issuance of the order, of the modification requested, (3) the parties' reliance on the order, and most significantly (4) whether good cause exists for modification." *Id*.

This Court has also recognized that the "typical factors assessed by a court when deciding whether to modify a protective order are therefore not as salient in a case… where it appears that the protected information will in fact remain protected." *Infernal Technology, LLC, v. Electronics Arts Inc.*, Case No. 2:15-cv-01523-JRG-RSP (E.D. Tex. Jan. 24, 2017).

### III.   ARGUMENT

The relief sought herein is simple—modification of the protective order to permit Cobblestone to use discovery produced by Samsung in this case in the co-pending and related Carrier Actions. Specifically, as set forth in the Proposed Order being filed herewith, Cobblestone requests that the Protective Order be modified to include the following paragraph:

> 37. Documentary discovery and source code discovery produced or made available by Samsung in this case may be produced by Cobblestone in *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.) (Lead Case) and *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.) (Lead Case) with the same Bates number and confidentiality designations.

Because the information Cobblestone seeks to use in the Carrier Actions will remain protected by the protective orders already issued by this same Court in those cases, the Court need not even evaluate the "typical factors" in granting Cobblestone's motion. *See Infernal Technology, LLC, v. Electronics Arts Inc.*, Case No. 2:15-cv-01523-JRG-RSP (E.D. Tex. Jan. 24, 2017). But

even if such an evaluation of the typical factors were necessary, it favors granting the instant motion to modify the Protective Order as Cobblestone requests.

### A. The Nature Of The Current Protective Order

Under the current Protective Order, materials designated confidential may only be used in this case, and not for any other purpose. See Dkt. No. 36 at ¶ 8. That is why Cobblestone, through this motion, asks the Court to modify the Protective Order so that Cobblestone may use materials produced by Samsung and designated confidential in this case in the co-pending and related Carrier Actions, and subject to virtually identical Protective Orders. *Compare* Ex. 7 (First Carrier Actions Protective Order) *with* Dkt. No. 36; *compare* Ex. 8 (Second Carrier Actions Protective Order) *with* Dkt. No. 36. Thus, the scope and breadth of the requested modified Protective Order would protect Samsung's documents and information just as forcefully as the current Protective Order, and this factor thus weighs in favor of granting Cobblestone's motion. *Cf. Maxell, Ltd. v. Apple Inc*., Case No. 5:19-cv-00036-RWS (E.D. Tex. Jan. 27, 2021) (granting plaintiff's motion to amend the protective order to "allow [plaintiff's] narrowly tailored use of [defendant and third-party's] previously produced materials.")

### B. The Foreseeability, At The Time Of The Issuance Of The Order, Of The Modification Requested

The Protective Order, entered by this Court on December 1, 2023, Dkt. No. 36, was based on a joint motion filed Cobblestone and Samsung on November 10, 2023. Dkt. No. 32. At the time Cobblestone joined the motion for the current Protective Order on November 10, 2023, it could not have known that Samsung would refuse to agree to a cross-use between this case and the related Carrier Actions and that Samsung would refuse to provide, in the Carrier Actions, the same

discovery it was providing in this case.[4] Rather, Cobblestone had been communicating directly with Samsung's in-house counsel about the subpoenas in the Carrier Actions for four months when Cobblestone and Samsung (via outside counsel) filed the joint motion for the current Protective Order in this case, and Cobblestone understood from those communications that Samsung would be providing the documents requested by Cobblestone's subpoena promptly. *See* Ex. 2.

It was not until ***after*** the Protective Order issued in this Action that Samsung's in-house counsel abruptly stopped communicating and first referred Cobblestone to Samsung's outside counsel (who also represents Samsung in this action) on December 11, 2023. Ex. 9. Thus, Cobblestone's requested modification of the Protective Order was not reasonably foreseeable on December 1, 2023, when the current Protective Order was issued. "To require [a party] to have negotiated the original protective order with every possible parallel proceeding in mind is both impractical and burdensome." *Maxell, Ltd. v. Apple Inc.*, Case No. 5:19-cv-00036-RWS (E.D. Tex. Jan. 27, 2021). This factor thus weighs in favor or granting Cobblestone's motion.

### C. The Parties' Reliance On The Order

Under the current Protective Order, materials designated thereunder may only be used in the instant case, and not for any other purpose. See Dkt. No. 36 at ¶ 8. Again, that is why Cobblestone seeks the Court's permission to modify the Protective Order entered in this case so that Cobblestone may use materials produced by Samsung and designated confidential in this case

---

[4] It is also important to point out that Cobblestone's motion is ***not*** requesting this Court compel Samsung to produce any specific documents, categories of document, or source code in this case or in the Carrier Actions (although Cobblestone reserves the right to do so later). That is not necessary because Samsung has already confirmed, via its November 10, 2023 Initial Disclosures in this case, that the relevant "documents, data compilations, and tangible things" are already "in Samsung's possession, custody, or control…" and "[a]ll such documents are located at Samsung offices or at the offices of Samsung's counsel in this matter, Quinn Emanuel Urquhart & Sullivan, LLP." *Id*.

in the co-pending and related Carrier Actions, and subject to virtually identical Protective Orders. *Compare* Ex. 7 (First Carrier Actions Protective Order) *with* Dkt. No. 36; *compare* Ex. 8 (Second Carrier Actions Protective Order) *with* Dkt. No. 36. Those protective orders, like the Protective Order in this case, protect all "DESIGNATED MATERIALS" and only permit their use in the specific cases in which they are produced. *See* Ex. 7 (First Carrier Actions Protective Order) at ¶ 9; Ex. 8 (Second Carrier Actions Protective Order) at ¶ 9. Moreover, the protective orders in the Carrier Actions contain the same three levels of designation—"CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," and "RESTRICTED CONFIDENTIAL SOURCE CODE"—as the Protective Order in this case. *See* Ex. 7 (First Carrier Actions Protective Order) at ¶ 1; Ex. 8 (Second Carrier Actions Protective Order) at ¶ 1; Dkt. No. 36 at ¶1.

Thus, the Carrier Actions' protective orders will protect Samsung's documents and information just as forcefully as the current Protective Order, and this factor weighs in favor of granting Cobblestone's motion. This is particularly relevant because this Court has recognized that the "typical factors assessed by a court when deciding whether to modify a protective order are therefore not as salient in a case… where it appears that the protected information will in fact remain protected." *Infernal Technology, LLC, v. Electronics Arts Inc.*, Case No. 2:15-cv-01523-JRG-RSP (E.D. Tex. Jan. 24, 2017).

### D. Whether Good Cause Exists For Modification

Lastly, good cause exists to grant Cobblestone's motion and to modify the existing Protective Order to permit Cobblestone to produce the discovery provided by Samsung in this case in the Carrier Actions, subject to the same confidentiality designations. Good cause exists because the patents asserted in this case against Samsung are the ***same*** patents asserted against the carrier defendants in the Carrier Actions. Good cause further exists because the Samsung mobile devices and base stations at issue in this case are the ***same*** Samsung products at issue in the Carrier Actions.

Modification of the Protective Order to allow Cobblestone to use in the Carrier Actions the discovery produced by Samsung in this case and designated confidential will ensure a complete record in all of the cases and lessen the burden on all parties and the courts by reducing, if not eliminating, discovery disputes related to Samsung's (non)compliance with the subpoenas in the Carrier Actions. See *Team Worldwide Corp. v. Walmart Inc., et al.*, No. 2:17-cv-00235, (E.D. Tex Jan. 24, 2019) (granting as modified a motion to amend the protective order and noting that "protective orders should generally be modified to allow discovery in other actions.") This factor thus weighs in favor of granting Cobblestone's motion.

### IV. Conclusion

As set forth above, and in the interests of justice, the Court should grant Cobblestone's motion and modify the Protective Order to allow Cobblestone to produce materials produced by Samsung and designated confidential pursuant to this Court's Protective Order in the co-pending and related Carrier Actions. Specifically, as set forth in the Proposed Order being filed herewith, Cobblestone requests that the Protective Order be modified to include the following paragraph:

> 37. Documentary discovery and source code discovery produced or made available by Samsung in this case may be produced by Cobblestone in *Cobblestone Wireless, LLC v. T-Mobile USA, Inc*., Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.) (Lead Case) and *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.) (Lead Case) with the same Bates number and confidentiality designations.

Dated: February 22, 2024                                Respectfully submitted,

                                                        /s/ Reza Mirzaie

                                                        CA State Bar No. 246953
                                                        Marc A. Fenster
                                                        CA State Bar No. 181067
                                                        Neil A. Rubin
                                                        CA State Bar No. 250761

Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

***ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of February, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

Further, as noted above, counsel of record in the following co-pending actions are also being served by electronic mail on this same date: *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, Case No. 2:22-cv-00474-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:22-cv-00478-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.); *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, Case No. 2:23-cv-00380-JRG-RSP (E.D. Tex.); and *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Case No. 2:23-cv-00381-JRG-RSP (E.D. Tex.).

                                                                                 */s/ Reza Mirzaie*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). Lead and local met and conferred on the substance of this motion on Tuesday, February 6, 2024. Samsung opposes the motion.

/s/ Reza Mirzaie