# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>           Defendants. | Civil Action No. 2-23-cv-00285-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**INITIAL DISCLOSURES OF DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") hereby make their initial disclosures under Federal Rule of Civil Procedure 26(a) and the Local Court Rules of the United States District Court for the Eastern District of Texas, and the Court's Docket Control and Discovery Orders (Dkts. 30, 31). These disclosures are based upon current information reasonably available to Samsung. Samsung reserves the right to amend, clarify, and/or supplement the disclosures based on further investigation and discovery to the extent further disclosures are not mooted by discovery responses.

By providing these disclosures, Samsung does not represent that it is identifying every witness, document, or tangible thing that may be relevant to the issues in this lawsuit, or on which Samsung may rely in support of its defenses. Nor does Samsung represent that the listed sources of information actually contain or possess relevant information. Samsung reserves the right to object to disclosure of any person, document, or thing on the basis of applicable privilege, the work

action or to indemnify or reimburse for payments made to satisfy the judgment. Samsung expressly reserve the right to supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure as its investigation continues.

## VI. Settlement Agreements

Samsung is currently unaware of any applicable settlement agreement relevant to the subject matter of this action.

## VII. Statement of Any Party to the Litigation

Samsung is currently unaware of any statements by any party to the litigation that were not included in the parties' pleadings, documents filed with the Court, disclosures, and other documents served on the parties' counsel.

## VIII. Relevant Documents, Electronically Stored Information, and Tangible Things in Parties' Possession, Custody, or Control

Pursuant to Rule 26(a)(1)(A)(ii), based on the information currently available, Samsung provides the following description by category and location of documents, data compilations, and tangible things in Samsung's possession, custody, or control, or that are publicly available that Samsung may use to support its claims or defenses, unless solely for impeachment:

- Prior art to the Asserted Patents, including, but not limited to, U.S. and foreign patents and published patent applications, articles, presentations, proposals, product literature, products, and other materials;

- Documents relating to the unenforceability of the Asserted Patents;

- Documents relating to the accused products, including, but not limited to, documents concerning the design, development, and manufacturing of said products;

- Source code for the accused products;

- Documents relating to the sales and marketing of the accused products;

- Documents regarding relevant patent licenses and/or purchases;

- Documents relating to licensing negotiations between Samsung and Cobblestone;

- Documents relating to ETSI, 3GPP standards issued by or considered by ETSI, IPR policies adopted by ETSI, and development of various 3GPP standards;

- Documents relating to defenses, including failure to state a claim, noninfringement, invalidity and ineligibility, prosecution history estoppel and/or disclaimer, damages and cost limitation, actions of others, government sales, failure to mark, potential noncompliance with SSO rules and potential breach of FRAND obligations, license and/or exhaustion, no causation, no exceptional case, no willful infringement, implied license, unenforceability due to waiver, implied waiver, equitable estoppel, and unclean hands based on standards activities and/or other equitable remedies; and

- Any other relevant documents in Samsung's possession.

In addition to the above-identified categories of documents, Samsung incorporates by reference the categories of documents disclosed by Cobblestone in its Initial Disclosures and any amended Initial Disclosures, and any documents identified by Cobblestone through discovery, declaration, or other means. Samsung expressly reserves the right to supplement this response under Rule 26(e) of the Federal Rules of Civil Procedure as more information becomes available.

All such documents are located at Samsung offices or at the offices of Samsung's counsel in this matter, Quinn Emanuel Urquhart & Sullivan, LLP. By providing this description, Samsung does not waive, but expressly preserves, any and all objections as to the relevance and admissibility of the documents. Samsung also states that, although they are not within Samsung's possession custody or control, Samsung may use documents produced by Cobblestone or third parties in this action to support its claims or defenses.

**IX.    Damages Sought by the Parties**

Samsung reserves the right to seek recovery of attorneys' fees and costs in amounts to be determined at an appropriate stage. Cobblestone has yet to set forth or produce analysis and documentation to support a damages computation. Samsung reserves the right to rely on a damages expert at the time for expert disclosures, who may examine a computation of damages