# EXHIBIT A

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | | |
|---|---|---|
| Cobblestone Wireless, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    2:22-cv-00477-JRG-RSP |
| T-Mobile USA, Inc., et al. | ) | Consolidated (Lead Case) |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Samsung Electronics America, Inc.
    c/o C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Veritext, 600 N. Pearl St. Suite 2230 Dallas, TX 75201 alternatively, remote video conference (or at a mutually agreeable place) | Date and Time: 8/14/23 at 9 a.m. CT (or a mutually agreeable time) |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     07/19/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Jonathan Ma |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*

Plaintiff Cobblestone Wireless, LLC                                    , who issues or requests this subpoena, are:

 Jonathan Ma, jma@raklaw.com, 310-826-7474
 Russ August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los Angeles, CA 90025

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:22-cv-00477-JRG-RSP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | |
|---|---|
| Cobblestone Wireless, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:22-cv-00477-JRG-RSP |
| T-Mobile USA, Inc., et al. | ) |
| | ) Consolidated |
| | ) (Lead Case) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Samsung Electronics America, Inc.
c/o C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
                        See Attachment A.

| Place: Veritext, 600 N. Pearl St. Suite 2230 Dallas, TX 75201 alternatively, remote video conference (or at a mutually agreeable place) | Date and Time: 8/18/23 at 9 a.m. CT (or at a mutually agreeable time) |
|---|---|

          The deposition will be recorded by this method:   audio, audiovisual, and/or stenographic means.

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/19/2023

                    *CLERK OF COURT*
                                                              OR
                                                                          /s/ Jonathan Ma
          _____                    _____
          *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Cobblestone Wireless, LLC
_____ , who issues or requests this subpoena, are:
Jonathan Ma, 12424 Wilshire Blvd., 12th Fl., Los Angeles, CA 90025, (310) 826-7474, jma@raklaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:22-cv-00477-JRG-RSP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
　**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

　**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
　**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
　**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions and instructions apply to the document requests and deposition topics set forth in subsequent sections:

1.      "You," "your," and "Samsung" mean Samsung Electronics America, Inc., and any present and former agents, officers, directors, employees, affiliates, investigators, trustees, consultants, advisors, accountants, attorneys and all other persons or entities acting or purporting to act on your behalf, and your affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by you.

2.      The term "AT&T," means AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp., individually, and collectively, including (i) all of their current and past officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of it, and (ii) all of their predecessors, subsidiaries, parents, affiliates, and successors.

3.      The term "T-Mobile," means T-Mobile USA, Inc., including (i) all of its current and past officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of it, and (ii) all of its predecessors, subsidiaries, parents, affiliates, and successors.

4.      The term "Verizon," means Cellco Partnership d/b/a Verizon Wireless, including (i) all of its current and past officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of it, and (ii) all of its predecessors, subsidiaries, parents, affiliates, and successors.

1

5.      The term "Ericsson," means Ericsson Inc., including (i) all of its current and past officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of it, and (ii) all of its predecessors, subsidiaries, parents, affiliates, and successors.

6.      The term "Nokia," means Nokia of America Corporation, including (i) all of its current and past officers, directors, agents, employees, consultants, attorneys, and others acting or purporting to act on behalf of it, and (ii) all of its predecessors, subsidiaries, parents, affiliates, and successors.

7.      The term "Defendant Group," means the group of commonly accused Defendants identified in a single complaint, *i.e.*, the AT&T Defendant Group is AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc., including each of its members individually and collectively. Should any parties intervene, the intervening party will constitute its own Defendant Group ("Intervenor Group").

8.      The term "Intervenor Group," means the group of Intervenors identified in a single complaint, *i.e.*, the Ericsson Intervenor Group is Ericsson Inc., including each of its members individually and collectively.

9.      The term "document" includes "originals" and "duplicates" and has the same meaning as the term "writings and recordings" and "photographs" as defined in Rules 1001(1) and (2) of the Federal Rules of Evidence, whether or not claimed to be privileged against discovery on any ground, and specifically including, but not limited to, correspondence, agreements, and communications; dealer-customer, inter-company and intra-company communications; studies, surveys, reports, analyses or projections; announcements, declarations, notices, releases and publicity; telegrams; notes and memoranda; summaries; minutes and records of telephone conversations, meetings and conferences including lists of persons attending meetings or

2

conferences; summaries and records of personal conversations or interviews; financial records including bills, receipts, ledgers, invoices, bank statements and canceled checks; books, manuals, and publications; telexes or cables prepared, drafted, received or sent; calendars or diaries; charts, plans, sketches and drawings; photographs, reports, and/or summaries of investigations and/or surveys; opinions, notes and reports of consultants; opinions of counsel; reports and summaries of negotiations; any other reports or summaries; agreements, contracts, memoranda of understanding, letters of intent, licenses and assignments; brochures, pamphlets, catalogs, catalog sheets, advertisements (including promotional materials), fliers, announcements, posters, signs, story boards, and scripts, audio and video recordings of radio and television commercials; circulars and trade letters; information contained in any medium now known or hereafter devised including without limitation information contained on computer tape, card, disc or program or information taking the form of or implemented as computer code or source code; and any other paper, writing or physical thing which contains the requested information. Any document that contains any comment, notation, addition, deletion, insertion or marking of any kind, which is not part of another document, is a separate document.

10.     The terms "original" and "duplicate" are defined in Rules 1001(3) and (4) of the Federal Rules of Evidence, as follows: "Original" means the writing itself or any counterpart intended to have the same effect by a person executing or issuing it. An "original" of a photograph includes the negative or any print therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original." A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photographs, including enlargements and miniatures, or by mechanical or

electronic re-recording, or by chemical reproduction, or by other equivalent techniques, that accurately reproduces the original.

11.     The term "correspondence" refers to and includes each and every communication, letter, copy of a letter, telegram, e-mail, text message, record or notation, or any conversation, inter-office memorandum or any other similar writing.

12.     The terms "relate," "relates to," "related to," or "relating to" shall mean all documents and things having any logical or factual connection, directly or indirectly, with the matter discussed and shall mean any one or more of the following: evidencing, referring to, discussing, describing, concerning, mentioning, reflecting, depicting, summarizing, involving, regarding, embodying, containing, pertaining to, arising out of or is in connection with.

13.     The term "evidence" means testimony, writings, material objects, or other things presented to the senses that could be offered to prove the existence or nonexistence of a fact.

14.     The terms "person" or "persons" mean and include natural persons, corporations, companies, limited liability companies, partnerships, limited partnerships, associations, organizations, joint ventures, groups, government bodies or agencies, legal entities or any other cognizable entities.

15.     The term "communication" means any oral or written transmission of information between persons, including but not limited to, meetings, discussion, conversations, telephone calls, memoranda, letters, telecopies, telexes, conferences or seminars.

16.     The term "Asserted Patents" or "patents-in-suit" means U.S. Patent Nos. 8,891,347 (the "'347 Patent"), 9,904,888 (the "'888 Patent"), 10,368,361 (the "'361 Patent"), and 8,554,196 (the "'196 Patent").

17.     The term "'347 Accused Products" refers to (a) all of your cellular base stations that support 3GPP 5G NR ("New Radio") communications and (b) all user equipment that is used on AT&T, Verizon, or T-Mobile's cellular network and that supports 3GPP 5G NR communications, in each case including but not limited to those products identified by Plaintiff as those alleged to infringe any one or more of the Asserted Patents, including those described in the Complaint or identified in Plaintiff's operative infringement contentions (inclusive of any subsequent amendments or supplements thereto) served in this case, that you currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, since December 16, 2016 for AT&T, T-Mobile, and Verizon. The term '347 Accused Product includes without limitation, the following accused base stations: Samsung's 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro. The term '347 Accused Product also includes without limitation, the following user equipment devices: Samsung's Galaxy S10, Galaxy S20, Galaxy S20+, Galaxy S20 Ultra, Galaxy S20 FE, Galaxy S21, Galaxy S21+, Galaxy S21 Ultra, Galaxy S21 FE, Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy Z Flip3, Galaxy Z Flip4, Galaxy Fold, Galaxy Z Fold2, Galaxy Z Fold3, Galaxy Z Fold4, Galaxy A13, Galaxy A14, Galaxy A22, Galaxy A23, Galaxy A32, Galaxy A33, Galaxy A42, Galaxy A51, Galaxy A52, Galaxy A53, Galaxy A71, Galaxy A73, Galaxy A90, Galaxy F42, Galaxy F52, Galaxy M13, Galaxy M32, Galaxy M42, Galaxy M52, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 20, Galaxy Note 20 Ultra, and

Galaxy Quantum 2; and UE devices (such as Wi-Fi gateway devices) provided for use with defendant's home 5G Internet services, including but not limited to the Verizon Receiver (LV65).

18.     The term "'888 Accused Products" refers to all of your 4G LTE and 5G NR cellular base stations that support handover between 4G LTE and 5G NR wireless equipment, in each case including but not limited to those products identified by Plaintiff as those alleged to infringe any one or more of the Asserted Patents, including those described in the Complaint or identified in Plaintiff's operative infringement contentions (inclusive of any subsequent amendments or supplements thereto) served in this case, that you currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, since December 16, 2016 for AT&T, T-Mobile, and Verizon. The term '888 Accused Product includes without limitation, the following accused base stations: Samsung's 4G base stations, 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro.

19.     The term "'361 Accused Products" refers to all of your cellular base stations that support 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, in each case including but not limited to those products identified by Plaintiff as those alleged to infringe any one or more of the Asserted Patents, including those described in the Complaint or identified in Plaintiff's operative infringement contentions (inclusive of any subsequent amendments or supplements thereto) served in this case, that you currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made,

6

used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, since July 30, 2019 for AT&T, T-Mobile, and Verizon. The term '361 Accused Product includes without limitation, the following accused base stations: Samsung's 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro.

20.    The term "'196 Accused Products" refers to cellular handsets, tablets, or smartwatches that include iOS and/or Android operating systems and support WiFi-only automatic updates, in each case including but not limited to those products identified by Plaintiff as those alleged to infringe the '196 Patent, including those described in the Complaint or identified in Plaintiff's operative infringement contentions (inclusive of any subsequent amendments or supplements thereto) for the '196 Patent served in this case, that you currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, since December 16, 2016 for AT&T, T-Mobile, and Verizon. The term '196 Accused Product includes without limitation, the following accused cellular handsets, tablets, or smartwatches: Samsung's Samsung Galaxy A03s, Samsung Galaxy A12, Samsung Galaxy A13, Samsung Galaxy A14, Samsung Galaxy A23, Samsung galaxy A51, Samsung Galaxy A52, Samsung Galaxy A53, Samsung Galaxy S10e, Samsung Galaxy S20, Samsung Galaxy S20 FE, Samsung Galaxy S20 Ultra, Samsung Galaxy S20+, Samsung Galaxy S21, Samsung Galaxy S21 FE, Samsung Galaxy S21 Ultra, Samsung Galaxy S21+, Samsung Galaxy S22, Samsung Galaxy S22 Ultra, Samsung Galaxy S22+, Samsung Galaxy

S23, Samsung Galaxy S23 Ultra, Samsung Galaxy S23+, Samsung Galaxy XCover6, Samsung Galaxy Z Flip3, Samsung Galaxy Z Flip4, Samsung Galaxy Z Fold3, Samsung Galaxy Z Fold4, Samsung Galaxy Tab A7 Lite, Samsung Galaxy Tab A7 Lite Kids, Edition, Samsung Galaxy Tab S7 FE, Samsung Galaxy Tab S8+, Galaxy Watch5, Galaxy Watch5 Pro, Galaxy Watch4 Classic, Galaxy Watch4.

21.     The term "Accused Products" refers collectively to the '347 Accused Products, 888 Accused Products, '361 Accused Products, and the '196 Accused Products.

22.     The term "Relevant Component" refers to all systems, sub-systems, components, devices, features, software, applications, services, versions, releases, apparatuses, methods, processes, and similar that comprise and/or are used by any product that relate to any claimed inventions of any of the patent-in-suit, including but not limited to 3GPP 5G NR beamforming, channel estimation, equalization, and antennas; handover between 4G LTE and 5G NR wireless equipment; 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality; and WiFi-only automatic updates.

23.     The term "Asserted Claims" refers to the claims the Accused Products are accused of infringing in the operative infringement contentions (inclusive of any subsequent amendments or supplements thereto). Asserted Claim refers individually to one of the Asserted Claims.

24.     The term "Exemplary Standards and Standards Sections" refers to, the following exemplary standards, including but not limited to the exemplary standards sections cited:

- '347 Patent: 3GPP TR 36.819 v11.2.0, § 5.1, 3GPP TR 36.866 v12.0.1, § 7.3, 3GPP TS 38.200 v2.0.0, § 5.2.5.1, 3GPP TS 38.300 v15.5.0, § 5.2.1, 3GPP TS 38.300 v15.5.0, § 5.3.1, 3GPP TS 38.300 v17.2.0, § 4.1, 3GPP TR 38.901 v15.0.0, § 3.2,

3GPP TR 38.901 v15.0.0, § 7.6.2.2, 3GPP TR 38.901 v15.0.0, Table 7.8-4, O-RAN.WG4.CUS.0-v05.00;

- '888 Patent: 3GPP TS 36.300 v17.3.0, § 22.4.1.1, 3GPP TS 36.300 v17.3.0, § 22.4.1.2, 3GPP TS 36.300 v17.3.0, § 22.4.1.2.2, 3GPP TS 38.300 v15.5.0, § 9.2.3, 3GPP TS 38.300 v15.5.0, Fig. 4.1-1, 3GPP TS 38.300 v17.2.0, § 4.1, 3GPP TS 38.300 v17.2.0, Figure 9.2.3.1-1, 3GPP TS 38.300 v17.2.0, § 9.2.3.1, 3GPP TS 38.300 v17.2.0, § 9.2.3.2.1, 3GPP TS 38.300 v17.2.0, Figure 9.2.3.2.1-1, 3GPP TS 38.300 v17.2.0, § 9.2.4, 3GPP TS 38.300 v17.2.0, § 9.3.1.2, 3GPP TS 38.300 v17.2.0, § 9.3.3.1; and

- '361 Patent: 3GPP TS 36.101 v15.4.0, § 5.6, 3GPP TS 36.211 v15.4.0, § 6.2.2, 3GPP TS 36.211 v15.4.0, § 6.2.3, 3GPP TS 36.211 v15.4.0, Fig. 6.2.2-1, 3GPP TS 36.213 V12.3.0, § 7.2.3, 3GPP TS 38.101-1 V15.5.0 (2019-03), Table 5.2C-1, 3GPP TS 38.104 V15.5.0 (2019-03), § 5.1 and Table 5.1, 3GPP TS 38.211 v17.2.0, § 4.4.5, 3GPP TS 38.214 v15.4.0, § 6.1.2.2, 3GPP TS 38.214 v15.4.0, § 6.2.3, 3GPP TS 38.104 V15.5.0 (2019-03), Table 5.2-1, 3GPP TS 38.300 V2.0.0 (2017-12), § 4.2, 3GPP TS 38.300 V2.0.0 (2017-12), § 5.4.2, 3GPP TS 38.300 V2.0.0 (2017-12), § 7.7, 3GPP TS 38.300 V2.0.0 (2017-12), § B.1, 3GPP TS 38.300 v15.5.0, § 10.1, 3GPP TS 38.300 v17.2.0, § 4.1, 3GPP TS 38.300 v17.2.0, § 6.10, 3GPP TS 38.300 v17.2.0, § 7.1, 3GPP TS 38.300 v17.2.0, § 7.8, 3GPP TS 38.321 v16.1.0, § 4, 3GPP TS 38.321 v16.1.0, § 5.4.4, 3GPP TS 38.331 V15.5.1 (2019-04).

25.    When referring to a person, "identify" means give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once you identify a person in

9

accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

26.     When referring to documents, "to identify" means to provide, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) location(s) where documents is stored; and (v) author(s), addressee(s) and recipient(s).

27.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

28.     The terms "all" and "each" when used individually shall be construed as both all and each.

29.     The term "including" means "including but not limited to."

30.     The term "affiliate" means any corporation or entity related through corporate ownership of stock such as a parent, subsidiary or sister company, or through common directors, officers, and employees, either at the present time or at any time in the past.

31.     The term "products" refers to, without limitation, all products, components, methods, functionalities, processes, and/or services that are or were under development or planned to be developed.

32.     Any word written in the singular shall be construed as plural or vice versa in order to bring within the scope of the topic all responses that otherwise might be construed to be outside its scope.

33.     If you find the meaning of any term in these topics or document requests unclear, then you shall construe the term so as to render responsive any information, document, thing, or communication that might otherwise be rendered non-responsive.

10

34.     In the event you refuse to fully respond to a deposition topic or document request because it is overly broad or unduly burdensome, you shall at least respond to that portion of the request that is unobjectionable and specifically identify that portion of the request that is allegedly objectionable.

## **DOCUMENTS**

**REQUEST NO. 1:**

Documents sufficient to identify and describe each of Your cellular base stations that (a) supports 3GPP 5G NR ("New Radio") communications, (b) supports 4G LTE handover to or from 5G NR cellular base stations, and (c) that support 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, including but not limited including at least each base stations' name, location, manufacturer(s), internal and external model(s), part(s), and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the cellular base station, and including planned variations, that You currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, in relation to AT&T, T-Mobile, and/or Verizon since December 16, 2016.

**REQUEST NO. 2:**

Documents sufficient to identify and describe each user equipment device made, used, sold, offered for sale, imported by You into the United States, sold for importation within with the United States, and/or sold after importation into the United States, in relation to AT&T, T-Mobile, and/or Verizon, since December 16, 2016, which supports 5G NR communications, including at

11

least each product's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the user equipment device, and including planned variations.

**REQUEST NO. 3:**

Documents sufficient to identify and describe each cellular product made, used, sold, offered for sale, imported by You  into the United States, sold for importation within with the United States, and/or sold after importation into the United States, in relation to AT&T, T-Mobile, and/or Verizon, since December 16, 2016, which includes an Android operating system and supports Wi-Fi-only automatic updates, including at least each product's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by Respondent to identify the cellular product, and including planned variations.

**REQUEST NO. 4:**

For each cellular base station and/or user equipment device in relation to Request Nos. 1 and/or 2, Documents sufficient to identify and describe each Relevant Component, including at least each Relevant Component's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the component, including the identity of each baseband processor and the identity of the specific firmware version loaded on each baseband processor (e.g., in the case of Qualcomm baseband processors, the Build ID sufficient to allow Qualcomm to identify corresponding source code), and including planned variations.

**REQUEST NO. 5:**

12

For each '196 Accused Product and each cellular product You identify in response to Request No. 3, Documents sufficient to identify and describe each Relevant Component, including at least, each product's Android version number, each Relevant Components' name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the component, including the identity of each baseband processor and the identity of the specific firmware version loaded on each baseband processor (e.g., in the case of Qualcomm baseband processors, the Build ID sufficient to allow Qualcomm to identify corresponding source code) and including planned variations.

**REQUEST NO. 6:**

Technical documents relating to each of the Accused Products sufficient to show design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 7:**

Technical documents relating to each Relevant Component of the Accused Products sufficient to show design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 8:**

Technical documents relating to the Accused Products and/or Relevant Component and 3GPP 5G NR beamforming, channel estimation, equalization, and antennas sufficient to show design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 9:**

Technical documents relating to the Accused Products and/or Relevant Component and handover between 4G LTE and 5G NR wireless equipment sufficient to show design, engineering, development, manufacturing, operation and use.

13

**REQUEST NO. 10:**

Technical documents relating to the Accused Products and/or Relevant Component and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality sufficient to show design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 11:**

Technical documents relating to the Accused Products and/or Relevant Component and WiFi-only automatic updates sufficient to show design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 12:**

Documents sufficient to show implementation-specific functionalities of the Relevant Components regarding 3GPP 5G NR beamforming, handover between 4G LTE and 5G NR wireless equipment, and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality.

**REQUEST NO. 13:**

Your participation with any standards bodies relating to 3GPP 5G NR beamforming, handover between 4G LTE and 5G NR wireless equipment, and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality in connection with, for example, with respect to the Exemplary Standards and Standards Sections.

**REQUEST NO. 14:**

Source code (*e.g.*, C, C++, Java, Hardware Design Language (HDL), Verilog HDL, VHDL, Assembly, etc., including without limitation all types of code or files that implement, prepare for, design, or result in any software, firmware, hardware, or other functionalities,

14

including functionalities of integrated circuits, processors, chips, chipsets, systems, or computers) relating to the Relevant Components of each of the Accused Products sufficient to show design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 15:**

Documents sufficient to show the arrangement, assembly, and connection of the Relevant Components in each accused product, including for example schematics, diagrams, flowcharts, specifications, source code, design documents, engineering documents, testing documents, data sheets, and other technical documentation for each Accused Product.

**REQUEST NO. 16:**

End-user documentation for each Accused Product as sold in the United States, including but not limited to user manuals, product manuals, instruction manuals, service manuals, and installation instructions.

**REQUEST NO. 17:**

Documents sufficient to show the naming conventions used in Your model numbers, including the format and meaning of internal and external model numbers, or other identifiers, of the Accused Products.

**REQUEST NO. 18:**

All documents relating to agreements, contracts, or licenses involving 5G NR beamforming capabilities, handover between 4G and 5G wireless equipment, directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionalities and/or automatic WiFi-only automatic update functionality in the Accused Products and/or Relevant Components, including, but not limited to, any agreement, contract, or license concerning the design, development, manufacture, assembly,

15

sale, distribution, importation, and/or service of any of the Accused Products or components thereof.

**REQUEST NO. 19:**

All agreements, contracts, or licenses entered into by you relating to the Exemplary Standards and Standards Sections.

**REQUEST NO. 20:**

All documents related to Your relationship between You and any Defendants or Intervenors, including but not limited to all agreements, all communications relating to such agreements, including relating to indemnification.

**REQUEST NO. 21:**

All Documents and Things in your possession, custody, or control relating to Plaintiff, the Asserted Patents, or the named inventors of the Asserted Patents.

**REQUEST NO. 22:**

Your advertising and marketing of any Relevant Component sold by You to each Defendant Group.

**REQUEST NO. 23:**

All documents in your possession, custody, or control relating to the Accused Products and/or Relevant Components' compliance or non-compliance with the Exemplary Standards and Standards Sections, including without limitation development testing and compliance testing.

**REQUEST NO. 24:**

The number of each Accused Product and/or Relevant Component sold to AT&T, T-Mobile, and/or Verizon since the issuance of the Asserted Patents.

**REQUEST NO. 25:**

Price, costs, revenues, and profits that You obtain or charge to AT&T, T-Mobile, and/or Verizon for any Accused Product and/or Relevant Component, including Your gross sales price for the Accused Product and/or Relevant Component, Your costs of goods sold (including Your manufacturing costs, sales costs, and all other costs of goods sold).

**REQUEST NO. 26:**

Your efforts to obtain certifications for the 3GPP 5G NR beamforming, handover between 4G LTE and 5G NR wireless equipment, and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionalities of the Relevant Components.

## <u>DEPOSITION TOPICS</u>

**DEPOSITION TOPIC NO. 1:**

Your cellular base stations that (a) supports 3GPP 5G NR ("New Radio") communications, (b) supports 4G LTE handover to or from 5G NR cellular base stations, and (c) that support 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, including but not limited including at least each base stations' name, location, manufacturer(s), internal and external model(s), part(s), and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the cellular base station, and including planned variations, that You currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States, and/or sold after importation into the United States, and similar products, in relation to AT&T, T-Mobile, and/or Verizon since December 16, 2016.

17

**DEPOSITION TOPIC NO. 2:**

Each user equipment device made, used, sold, offered for sale, imported by You into the United States, sold for importation within with the United States, and/or sold after importation into the United States, in relation to AT&T, T-Mobile, and/or Verizon, since December 16, 2016, which supports 5G NR communications, including at least each product's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the user equipment device, and including planned variations.

**DEPOSITION TOPIC NO. 3:**

Each cellular product made, used, sold, offered for sale, imported by You  into the United States, sold for importation within with the United States, and/or sold after importation into the United States, in relation to AT&T, T-Mobile, and/or Verizon, since December 16, 2016, which includes an Android operating system and supports Wi-Fi-only automatic updates, including at least each product's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by Respondent to identify the cellular product, and including planned variations.

**DEPOSITION TOPIC NO. 4:**

For each cellular base station and/or user equipment device in relation to Deposition Topic Nos. 1 and/or 2, each Relevant Component, including at least each Relevant Component's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the component, including the identity of each baseband processor and the identity of the specific firmware version loaded on each baseband processor (e.g., in the case of Qualcomm baseband

processors, the Build ID sufficient to allow Qualcomm to identify corresponding source code) and including planned variations.

**DEPOSITION TOPIC NO. 5:**

For each '196 Accused Product and each cellular product You identify in response to Deposition Topic No. 3, each Relevant Component, including at least, each product's Android version number, each Relevant Components' name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the component, including the identity of each baseband processor and the identity of the specific firmware version loaded on each baseband processor (e.g., in the case of Qualcomm baseband processors, the Build ID sufficient to allow Qualcomm to identify corresponding source code) and including planned variations.

**DEPOSITION TOPIC NO. 6:**

The design, engineering, development, manufacturing, operation and use of each Accused Products.

**DEPOSITION TOPIC NO. 7:**

The design, engineering, development, manufacturing, operation and use of each Relevant Component of the Accused Products.

**DEPOSITION TOPIC NO. 8:**

The design, engineering, development, manufacturing, operation and use of each Accused Products and/or Relevant Component in relation to 3GPP 5G NR beamforming, channel estimation, equalization, and antennas.

**DEPOSITION TOPIC NO. 9:**

The design, engineering, development, manufacturing, operation and use of each Accused Products and/or Relevant Component in relation to handover between 4G LTE and 5G NR wireless equipment.

**DEPOSITION TOPIC NO. 10:**

The design, engineering, development, manufacturing, operation and use of each Accused Product and/or Relevant Component in relation to 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality.

**DEPOSITION TOPIC NO. 11:**

The design, engineering, development, manufacturing, operation and use of each Accused Product and/or Relevant Component in relation to WiFi-only automatic updates.

**DEPOSITION TOPIC NO. 12:**

Any implementation-specific functionalities of the Relevant Components regarding 3GPP 5G NR beamforming, handover between 4G LTE and 5G NR wireless equipment, and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality.

**DEPOSITION TOPIC NO. 13:**

Your participation with any standards bodies relating to 3GPP 5G NR beamforming, handover between 4G LTE and 5G NR wireless equipment, and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality including in connection with the Exemplary Standards and Standards Sections.

**DEPOSITION TOPIC NO. 14:**

Source code (*e.g.*, C, C++, Java, Hardware Design Language (HDL), Verilog HDL, VHDL, Assembly, etc., including without limitation all types of code or files that implement,

prepare for, design, or result in any software, firmware, hardware, or other functionalities, including functionalities of integrated circuits, processors, chips, chipsets, systems, or computers) relating to the Relevant Components of each of the Accused Products sufficient to show design, engineering, development, manufacturing, operation and use.

**DEPOSITION TOPIC NO. 15:**

The arrangement, assembly, and connection of the Relevant Components in each accused product, including for example schematics, diagrams, flowcharts, specifications, source code, design information, engineering information, testing information, data sheets, and other technical documentation for each Accused Product.

**DEPOSITION TOPIC NO. 16:**

End-user information for each Accused Product as sold in the United States, including but not limited to user manuals, product manuals, instruction manuals, service manuals, and installation instructions.

**DEPOSITION TOPIC NO. 17:**

The naming conventions used in Your model numbers, including the format and meaning of internal and external model numbers, or other identifiers, of the Accused Products.

**DEPOSITION TOPIC NO. 18:**

Agreements, contracts, or licenses involving the 5G NR beamforming capabilities, handover between 4G and 5G wireless equipment, directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionalities and/or automatic WiFi-only automatic update functionality in the Accused Products and/or Relevant Components, including, but not limited to, any agreement, contract, or license concerning the design, development, manufacture, assembly, sale, distribution, importation, and/or service of any of the Accused Products or components thereof.

**DEPOSITION TOPIC NO. 19:**

Agreements, contracts, or licenses entered into by you relating to the Exemplary Standards and Standards Sections.

**DEPOSITION TOPIC NO. 20:**

Your relationship between You and any Defendants or Intervenors, including but not limited to all agreements, all communications relating to such agreements, including relating to indemnification.

**DEPOSITION TOPIC NO. 21:**

Your knowledge of Plaintiff, the Asserted Patents, or the named inventors of the Asserted Patents.

**DEPOSITION TOPIC NO. 22:**

Your advertising and marketing of any Relevant Component sold by You to each Defendant Group.

**DEPOSITION TOPIC NO. 23:**

Your knowledge of the Accused Products and/or Relevant Components' compliance or non-compliance with the Exemplary Standards and Standards Sections, including without limitation development testing and compliance testing.

**DEPOSITION TOPIC NO. 24:**

The number of each Accused Product and/or Relevant Component sold to AT&T, T-Mobile, and/or Verizon since the issuance of the Asserted Patents.

**DEPOSITION TOPIC NO. 25:**

Price, costs, revenues, and profits that You obtain or charge to AT&T, T-Mobile, and/or Verizon for any Accused Product and/or Relevant Component, including Your gross sales price

for the Accused Product and/or Relevant Component, Your costs of goods sold (including Your manufacturing costs, sales costs, and all other costs of goods sold).

**DEPOSITION TOPIC NO. 26:**

Your efforts to obtain certifications for the 3GPP 5G NR beamforming, handover between 4G LTE and 5G NR wireless equipment, and 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionalities of the Relevant Components.

**DEPOSITION TOPIC NO. 27:**

All Documents and Things produced by You in response to the Document Subpoenas.

**DEPOSITION TOPIC NO. 28:**

All Documents and Things provided by You to any Defendants in connection with the Cobblestone Litigation.