# EXHIBIT C



12424 Wilshire Blvd.
Twelfth Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

Jon Ma
jma@raklaw.com

January 5, 2024

<u>*Via E-Mail*</u>

Sean S. Pak
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
seanpak@quinnemanuel.com

Re:   *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd., et al.,* Case No. 2:23-cv-00285 (E.D. Tex.)– Cobblestone's Document Requests

Dear Sean:

To assist Defendants Samsung Electronics Co., Ltd., ("SEC") and Samsung Electronics America, Inc., ("SEA") (collectively, "Defendants"), in complying with their Additional Disclosures obligation, below is an exemplary list of documents and information that are "relevant to the pleaded claims or defenses involved in this action." Discovery Order at ¶ 3(b). Cobblestone requests that documents related to these categories be produced as soon as possible. Definitions for the terms herein are found in Cobblestone's 1st Set of Interrogatories.

**REQUEST NO. 1:**

Documents identifying and describing each of Your cellular base stations that ((a) supports 3GPP 5G NR ("New Radio") communications, (b) supports 4G LTE handover to or from 5G NR cellular base stations, (c) that support 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (d) supports providing both 4G LTE and 5G NR wireless coverage, and (e) support 3GPP carrier aggregation, including but not limited including at least each base stations' name, location, manufacturer(s), internal and external model(s), part(s), and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the cellular base station, and including planned variations, that You currently make, use, sell, offer for sale, import into the United States, sell for importation within the United States, and/or sell after importation into the United States or that you have made, used, sold, offered for sale, imported into the United States, sold for importation within the United States,



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 2

and/or sold after importation into the United States, and similar products, since June 16, 2017.

**REQUEST NO. 2:**

Documents identifying and describing each user equipment device made, used, sold, offered for sale, imported by You into the United States, sold for importation within with the United States, and/or sold after importation into the United States since June 16, 2017, which supports 5G NR communications and/or support LTE or 5G NR carrier aggregation, including at least each product's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the user equipment device, and including planned variations.

**REQUEST NO. 3:**

For each cellular base station and/or user equipment device in relation to Request Nos. 1 and/or 2, and for each '347, '888, '361, '196, and '802 Accused Product, Documents identifying and describing each Relevant Component, including at least each Relevant Component's name, internal and external model, part, and version number(s), development names, project names, marketing and brand names, and any other designation or nomenclature used by You to identify the component, including the identity of each baseband processor and the identity of the specific firmware version loaded on each baseband processor (e.g., in the case of Qualcomm baseband processors, the Build ID sufficient to allow Qualcomm to identify corresponding source code), and including planned variations.

**REQUEST NO. 4:**

For each cellular base station and/or user equipment device in relation to Request Nos. 1 and/or 2, and for each '347, '888, '361, '196, and '802 Accused Product, Documents identifying and describing the operation of each product, Accused Product, and Relevant Component, as they relate to (a) 3GPP 5G NR ("New Radio") communications, (b) 4G LTE handover to or from 5G NR cellular base stations, (c) 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (d) providing both 4G LTE and 5G NR wireless coverage, and (e) 3GPP carrier aggregation.

**REQUEST NO. 5:**



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 3

For each cellular base station and/or user equipment device in relation to Request Nos. 1 and/or 2, and for each '347, '888, '361, '196, and '802 Accused Product, Documents identifying and describing the similarities and differences of each product, Accused Product, and Relevant Component, as they relate to (a) 3GPP 5G NR ("New Radio") communications, (b) 4G LTE handover to or from 5G NR cellular base stations, (c) 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (d) providing both 4G LTE and 5G NR wireless coverage, and (e) 3GPP carrier aggregation.

**REQUEST NO. 6:**

Produce three physical samples of each version of each of the Accused Products, including any packaging, information, specifications, requirements, standards, bills of materials, or other documentation provided with or associated with each version of each of the Accused Products.

**REQUEST NO. 7:**

All technical documents relating to each of the Accused Products, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 8:**

All technical documents relating to each Relevant Component of the Accused Products, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 9:**

All technical documents relating to the Accused Products and 3GPP 5G NR beamforming, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 10:**

All technical documents relating to the Accused Products and handover between 4G LTE and 5G NR wireless networks, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 11:**



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 4

All technical documents relating to the Accused Products and handover between 3GPP NG-RAN supporting directional Supplementary Uplink (SUL) and/or bandwidth adaptation functionality, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 12:**

All technical documents relating to the Accused Products and providing both 4G LTE and 5G NR wireless coverage, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 13:**

All technical documents relating to the Accused Products and 3GPP carrier aggregation, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 14:**

All source code relating to the Relevant Components of each of the Accused Products, including with respect to design, engineering, development, manufacturing, operation and use.

**REQUEST NO. 15:**

Documents showing the arrangement, assembly, and connection of the Relevant Components in each accused product, including for example schematics, diagrams, flowcharts, specifications, source code, design documents, engineering documents, testing documents, data sheets, and other technical documentation for each Accused Product.

**REQUEST NO. 16:**

End-user documentation for each Accused Product as sold in the United States, including but not limited to user manuals, product manuals, instruction manuals, service manuals, and installation instructions.

**REQUEST NO. 17:**

Documents sufficient to show each model, and each version of each model, of the Accused Products.

**REQUEST NO. 18:**



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 5

Documents sufficient to show each model, and each version of each model, of the hardware and software that implement and provide the Accused Products.

**REQUEST NO. 19:**

All documents relating to the development or manufacture of the Accused Products, including documents sufficient to identify the manufacturer(s) of each of the Accused Products, documents sufficient to show the place of manufacture of each model of the Accused Products, and the number of Accused Products manufactured by each manufacturer, on a monthly basis (or quarterly if monthly is not available; or yearly if quarterly is not available), since December 16, 2016.

**REQUEST NO. 20:**

All documents that describe the design and development cycle for the Accused Products, including significant milestones such as conception, design, testing, first manufacture, first sale, and full-scale manufacture.

**REQUEST NO. 21:**

All documents relating to the assembly or testing of the Accused Products, including without limitation any agreements entered into between You and any third party.

**REQUEST NO. 22:**

All documents relating to the procurement, sourcing, research, design, development, testing, manufacture, operation, or function of the Accused Products.

**REQUEST NO. 23:**

Documents sufficient to identify any similarities and differences between each model of the Accused Products as they relate to (a) 3GPP 5G NR ("New Radio") communications, (b) 4G LTE handover to or from 5G NR cellular base stations, (c) 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (d) providing both 4G LTE and 5G NR wireless coverage, and (e) 3GPP carrier aggregation.

**REQUEST NO. 24:**

Documents sufficient to identify any similarities and differences between each Relevant Component as they relate to (a) 3GPP 5G NR ("New Radio") communications, (b) 4G LTE handover to or from 5G NR cellular base stations, (c)



3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (d) providing both 4G LTE and 5G NR wireless coverage, and (e) 3GPP carrier aggregation.

**REQUEST NO. 25:**

Documents sufficient to identify any similarities and differences between source code relating to each of the Accused Productsas and (a) 3GPP 5G NR ("New Radio") communications, (b) 4G LTE handover to or from 5G NR cellular base stations, (c) 3GPP NG-RAN and/or supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (d) providing both 4G LTE and 5G NR wireless coverage, and (e) 3GPP carrier aggregation.

**REQUEST NO. 26:**

Documents sufficient to identify the naming conventions used in Your model numbers, including the format and meaning of internal and external model numbers, or other identifiers, of the Accused Products.

**REQUEST NO. 27:**

Documents sufficient to identify each Related Business Entity[1] that is or has been involved in the creation, research, design, development, and/or manufacture of the Accused Products.

**REQUEST NO. 28:**

Documents sufficient to show Your present corporate structure, including relationships of each predecessor, successor, division, subsidiary, parent, partnership, joint venture, and related entity thereof, whether organized under the laws of the United States or another sovereign nation, and whether that organizational structure has changed over the past three years.

**REQUEST NO. 29:**

Documents sufficient to show any acquisition, creation, sale, or reorganization of any company, division or business unit by You related to the manufacture, assembly, production, importation, or sale of the Accused Products.

---

[1] Related Business Entity means any company name under whichYou are or were doing business, and predecessors, parents, sisters, subsidiaries, divisions, and affiliates.



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 7

**REQUEST NO. 30:**

All reports to Your shareholders or investors; annual and quarterly profit and loss statements; Form 10-Ks, Form 10-Qs, Form 20-Fs, or other reports submitted to the United States Securities and Exchange Commission; reports of annual and quarterly profit and loss made to regulatory agencies outside the United States; and any prospectus prepared or filed in the last five years, including any documents used to prepare any such reports.

**REQUEST NO. 31:**

Documents sufficient to identify all present employees, past employees, consultants, and contract employees, whether full- or part-time, whose responsibilities or assignments include work relating to the design, research, development, analysis, testing, manufacturing, purchase, marketing, importation, exportation or sale of any Accused Product, including, but not limited to, organizational charts and telephone or email directories.

**REQUEST NO. 32:**

Documents sufficient to identify the name and location of any third party involved in the research, design, development, testing, manufacture, operation, function, supply, branding, or labeling of the Accused Products.

**REQUEST NO. 33:**

Documents sufficient to identify the three persons within You who are most knowledgeable about the procurement, sourcing, research, design, development, testing, manufacture, operation, and/or function of the Accused Products.

**REQUEST NO. 34:**

Documents sufficient to identify the third-party individuals who are most knowledgeable about the procurement, sourcing, research, design, development, testing, manufacture, operation, and/or function of the Accused Products.

**REQUEST NO. 35:**

All documents relating to agreements, contracts, or licenses involving the Accused Products, including, but not limited to, any agreement, contract, or license concerning the design, development, manufacture, assembly, sale, distribution, importation, and/or service of any of the Accused Products or components thereof.



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 8

**REQUEST NO. 36:**

All documents relating to comparative analyses conducted by or on behalf of You consisting of or directed at comparing the Accused Products with any claim of the Patents-in-Suit or any other products manufactured, used, offered for sale, or sold by any third party.

**REQUEST NO. 37:**

Documents sufficient to identify the person(s) who are most knowledgeable about the branding, labeling, promoting, marketing, advertising, or offer for sale of the Accused Products.

**REQUEST NO. 38:**

All documents relating to: (a) market research studies, market opinion surveys, market share analyses, market power analyses, market projections, pricing analyses, or any other market study, analysis, or commentary relating to the markets for the Accused Products; and (b) Your presence in or competitive position in any such markets.

**REQUEST NO. 39:**

All documents relating to the Your past and current business plans, projections, and/or forecasts of sales and pricing policies in the United States relating to the Accused Products.

**REQUEST NO. 40:**

All documents referring or relating to pricing, discounts, rebates, or promotions provided to customers, distributors, suppliers, or retailers, pricing sheets, or other documents instructing personnel or customers regarding pricing and/or discounts for the Accused Products.

**REQUEST NO. 41:**

All documents relating to the scope of the claims of the Patents-in-Suit, including but not limited to, documents relating to the construction or interpretation of the claims of the Patents-in- Suit.

**REQUEST NO. 42:**



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 9

All documents relating to receiving any notification that You was allegedly infringing any of the Patents-in-Suit, including without limitation the documents relating to any actions You took in response to, or as a result of, receiving such notice.

**REQUEST NO. 43:**

All documents relating to or supporting Your contention that the Patents-in-Suit are not infringed by the Accused Products.

**REQUEST NO. 44:**

All documents relating to efforts undertaken by or on behalf of You to design around or otherwise avoid infringement of any of the Patents-in-Suit, including, but not limited to, the identification of all features and structures modified or considered for modification.

**REQUEST NO. 45:**

All documents relating to alleged non-infringing alternatives to any claim of any of the Patents-in-Suit.

**REQUEST NO. 46:**

All documents relating to Your knowledge or awareness of any of the Patents-in-Suit, including whether any of the Accused Products have infringed or might infringe any of the Patents-in-Suit.

**REQUEST NO. 47:**

All documents relating to Your knowledge or awareness of any of the inventors of the Patents-in-Suit.

**REQUEST NO. 48:**

All documents relating to Your knowledge or awareness of any of the applications, publications, or patents within the same family as the Patents-in-Suit.

**REQUEST NO. 49:**

All documents relating to studies, analyses, evaluations, testing, or investigations conducted by or on behalf of You relating to the Patents-in-Suit, Accused Products, or Plaintiff.



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 10

**REQUEST NO. 50:**

All documents relating to patents or patent applications filed by or on behalf of You that mention, cite, or refer to any of the Patents-in-Suit or to any inventor named on any of the Patents-in-Suit, including the prosecution histories for any such patents or patent applications.

**REQUEST NO. 51:**

Documents within Your possession, custody, and control that mention, cite, or refer to any of the Patents-in-Suit or to any inventor named on any of the Patents-in-Suit.

**REQUEST NO. 52:**

All documents relating to the value of or the valuation of any of the Patents-in-Suit.

**REQUEST NO. 53:**

Documents supporting or negating each claim alleged in the Plaintiff's Complaint, and Your Answer, Defenses or Counterclaims.

**REQUEST NO. 54:**

Documents sufficient to show the chain of title for the Accused Products from the start of manufacturing through sale to an end-user in the United States, including but not limited to identification of the buyers, sellers, suppliers, distributors, exporters, and/or importers involved on behalf of You or through a website owned, operated, or controlled by You.

**REQUEST NO. 55:**

Documents reviewed, considered, and/or relied upon by You in preparing the Complaint.

**REQUEST NO. 56:**

All documents relating to communications between You and any third party (including, but not limited to, distributors, dealers, resellers, suppliers, customers, or potential customers) regarding any of the Patents-in-Suit, the Accused Products, litigation involving Plaintiff, and/or this case.



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 11

**REQUEST NO. 57:**

Documents collected by, considered by, provided to, reviewed by, or prepared for or by any person whom You may call as an expert witness at any hearing, or on whose oral or written testimony You may rely at any other stage of this litigation, including, but not limited to, all documents such person plans to use, rely on, or refer to in connection with such testimony.

**REQUEST NO. 58:**

Documents sufficient to show Your policies, practices, or procedures currently in place or previously in effect with respect to the retention or destruction of hard copy and/or electronic materials.

**REQUEST NO. 59:**

All documents supporting your contention, if any, that this case exceptional under 35 U.S.C. § 285.

**REQUEST NO. 60:**

All documents supporting Your request for costs and fees.

**REQUEST NO. 61:**

All meeting minutes, notes, documents, and communications related to any meeting, whether in person and/or telephonic, held by your board of directors, officers, and/or managing agents relating in any way to this matter.

**REQUEST NO. 62:**

All meeting minutes, notes, documents, and communications related to any meeting, whether in person and/or telephonic, held by your board of directors, officers, and/or managing agents relating in any way to any of the Patents-in-Suit or related patent or application.

**REQUEST NO. 63:**

All documents relating to the marketing, advertisement, and promotion of each Accused Product.

**REQUEST NO. 64:**



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 12

All documents relating to the market share of each Accused Product.

**REQUEST NO. 65:**

Documents sufficient to show your monthly, quarterly, and annual costs attributable, in whole or in part, to each of the Accused Products.

**REQUEST NO. 66:**

Documents sufficient to show your monthly, quarterly, and annual expenditures (actual or anticipated) attributable, in whole or in part, to each Accused Product.

**REQUEST NO. 67:**

Documents sufficient to show your monthly, quarterly, and annual sales of each Accused Product.

**REQUEST NO. 68:**

Documents sufficient to show your monthly, quarterly, and annual profits attributable, in whole or in part, to each Accused Product.

**REQUEST NO. 69:**

Documents sufficient to show your monthly, quarterly, and annual revenues attributable, in whole or in part, to each Accused Product.

**REQUEST NO. 70:**

Documents sufficient to show your monthly, quarterly, and annual itemized costs attributable, in whole or in part, to each Accused Product.

**REQUEST NO. 71:**

Documents sufficient to show the monthly, quarterly, and annual revenues attributable to licensing, partnerships, or other sources of revenue that are related, in whole or in part, to each Accused Product.

**REQUEST NO. 72:**

The Bills of Material for each of the Accused Products.



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 13

**REQUEST NO. 73:**

All documents relating to any patent licensing agreement or agreement to settle any actual or potential patent dispute that you have entered into relating to any of the Accused Products.

**REQUEST NO. 74:**

All transcripts (including printed transcripts, electronic transcripts, audiotapes, and videotapes), affidavits, declarations, or oaths of any sworn testimony related in any way to any of the Accused Products.

**REQUEST NO. 75:**

All transcripts (including printed transcripts, electronic transcripts, audiotapes, and videotapes) of any sworn testimony ever given in any proceeding by any person you expect to call as a witness at any hearing or at trial in connection with this matter.

**REQUEST NO. 76:**

All documents related to indemnification agreements regarding any of the Accused Products, including but not limited to all such agreements, all communications relating to such agreements, and all demands for indemnification pursuant to such agreements.

**REQUEST NO. 77:**

All documents related to Your relationship between You and any Defendants or Intervenors, including but not limited to all agreements, all communications relating to such agreements.

**REQUEST NO. 78:**

All Documents and things related to valuations, business plans, and financial terms relating to any acquisition, proposed acquisition, or IPO relating to any business unit that includes Accused Products.

**REQUEST NO. 79:**

All documents related to Plaintiff's practices, polices, and procedures with respect to reviewing, acquiring, securing, or enforcing patents or any other intellectual property assets or rights.



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 14

**REQUEST NO. 80:**

All Documents and things produced to You pursuant to a subpoena issued in this case, or otherwise made available to You.

**REQUEST NO. 81:**

All of Your communications with subpoenaed parties relating to this case.

**REQUEST NO. 82:**

All Documents and Things identified in response to Plaintiff's interrogatories to You.

**REQUEST NO. 83:**

All Documents and Things identified in any of your contentions in this case.

**REQUEST NO. 84:**

All Documents and Things relating to your policies, procedures, and practices, if any, to avoid infringing patents owned by third parties.

**REQUEST NO. 85:**

All Documents and Things relating to your licensing of patents and technology owned by others, including without limitation your policies, procedures, and practices, if any, to obtain licenses for technology related to the accused products.

**REQUEST NO. 86:**

All documents and things relating to any opinion, request for opinion, evaluation, analysis, investigation, or search relating to the Asserted Patents or to any reference you contend is prior art thereto, including but not limited to the validity, scope, interpretation, construction, enforceability, unenforceability, or the infringement or potential infringement of any of the claims of the Asserted Patents.

***

This list is not intended to be exhaustive of Defendants' discovery obligations. Your clients are in the best position to identify relevant information contained in its records. If Defendants have additional documents or information in



Sean Pak
Quinn Emanuel Urquhart & Sullivan, LLP
January 5, 2024
Page 15

their possession, custody or control that are relevant to the claims or defenses asserted in this case, but not specifically identified above, they should be part of Defendants' disclosures as well.

For each of these categories, please confirm that Defendants will supplement their document production to produce the documents requested, or confirm that Defendants do not have any additional such documents.

Regards,

*/s/ Jonathan Ma*
Jonathan Ma