UNITED STATEST DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendant. | Case No. 2:23-cv-00285-JRG-RSP |

**UNOPPOSED MOTION OF T-MOBILE USA, INC., AT&T SERVICES, INC., AT&T MOBILITY LLC, AT&T CORP., AND CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS TO INTERVENE FOR THE LIMITED PURPOSE OF RESPONDING TO PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................. **Error! Bookmark not defined.**

INTRODUCTION ................................................................................................... 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT........................................................................................................... 4

    I.    THE CARRIER DEFENDANTS ARE ENTITLED TO INTERVENE .............. 4

        A.  The Carrier Defendants are Entitled to Intervene As a Matter of Right Under Rule 24(a) ............................................................................. 4

            1.  The Request is Timely ................................................................. 5

            2.  The Carrier Defendants Have a Limited Interest in the Samsung Action ................................................................................ 5

            3.  Disposition of the Motion will Impair the Carrier Defendants' Interest ........................................................................ 5

            4.  Samsung and Samsung America Do Not Adequately Represent the Carrier Defendants' Interests .................................. 7

        B.  In the Alternative, the Carrier Defendants Should Be Allowed to Intervene Under Rule 24(b) ............................................................... 8

    II.   COBBLESTONE'S MOTION SHOULD BE DENIED ..................................... 9

CONCLUSION........................................................................................................ 9

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 24 and 26 and the Local Rules of this Court, third-parties T-Mobile USA Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corp., and Cellco Partnership d/b/a Verizon Wireless (collectively, the "Carrier Defendants"), respectfully request leave to intervene for the limited purpose of objecting to Plaintiff Cobblestone Wireless, LLC's ("Cobblestone" or "Plaintiff") recent Motion to Modify the Protective Order (Dkt. 43, the "Motion") in the above-captioned case (the "Samsung Action"). For the reasons set forth below, and in the Carrier Defendants' contemporaneously filed Response in Opposition to Cobblestone's Motion, Cobblestone's requested relief will materially impact the course of litigation in the Carrier Actions[1], to the Carrier Defendants' detriment. Cobblestone asks the Court to amend a Protective Order that it previously agreed to so that it may port documents and source code from Samsung Electronics Co. Ltd. ("Samsung") and Samsung Electronics America, Inc. ("Samsung America") into six separate cases against the Carrier Defendants. Not only does Cobblestone want a shortcut around proper discovery mechanisms, but its requested relief actually asks the Court to bless its attempt to cherry-pick discovery conducted outside the Carrier Defendants' presence. This proposal is highly prejudicial to the Carrier Defendants,

---

[1] *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, 2:22-cv-00477-JRG-RSP; *Cobblestone Wireless, LLC v. AT&T Services Inc.; AT&T Mobility LLC; AT&T Corp.*, 2:22-cv-00474-JRG-RSP; *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, 2:22-cv-00478-JRG-RSP (collectively, the "First Carrier Actions"); and *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, 2:23-cv-00381-JRG-RSP; *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, 2:23-cv-00380-JRG-RSP; *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, 2:23-cv-00382-JRG-RSP (collectively, the "Second Carrier Actions"). The First Carrier Actions and Second Carrier Actions are collective the "Carrier Actions."

1

and cannot be reconciled with Cobblestone's steadfast efforts to avoid consolidation of the numerous Cobblestone cases.

In order to protect their rights to proper, fulsome, and fair discovery, the Carrier Defendants are compelled to bring this motion to intervene for the limited purpose of responding in opposition to Cobblestone's Request. The Court should permit this limited-purpose intervention, and the Court should not grant Cobblestone's Motion.

## STATEMENT OF FACTS

**Cobblestone's Serial Filings.** Cobblestone filed seven cases related to these issues over nine months in this district. In the First Carrier Actions, it asserted four patents against the Carrier Defendants and specifically accused Samsung products. Those cases were filed on December 15, 2022. Next, Cobblestone filed the Samsung Action on June 16, 2023, asserting the four patents from the First Carrier Action *plus* an additional patent: the '802 patent. Then, on August 25, 2023, Cobblestone filed the Second Carrier Actions in which it asserted *only* the '802 patent against the Carrier Defendants and specifically accused Samsung products.

**Cobblestone's Infringement Allegations.** On March 13, 2023, Cobblestone specifically identified Samsung products as Accused Instrumentalities pursuant to P.R. 3-1(b) in the First Carrier Actions. *E.g.*, Ex. 1 (excerpt of Cobblestone's Preliminary Disclosure of Asserted Claims and Infringement Contentions to Verizon) at pgs. 2, 9). On September 28, 2023, Cobblestone identified the same Samsung products as Accused Instrumentalities in the Samsung Action. *See* Dkt. 43 at 5 (noting the "complete overlap of … Samsung Products at issue.") Finally, on December 11, 2023, Cobblestone identified the same Samsung products as Accused Instrumentalities for the '802 patent in the Second

Carrier Actions. *E.g.*, Ex. 2 (excerpt of Cobblestone's Preliminary Disclosure of Asserted Claims and Infringement Contentions to Verizon) at pg. 2.

**Cobblestone's Discovery Efforts in the Carrier Cases.** On July 18, 2023, Cobblestone noticed a subpoena in the First Carrier Actions to ***Samsung America***, and served an amended notice on July 19, 2023. Dkt. 43-2. Cobblestone's Subpoenas in the First Carrier Actions were ***only directed to Samsung America***; Samsung was not subpoenaed or even referenced in Cobblestone's Subpoenas. There can be no question that Cobblestone understands and appreciates the distinction between Samsung and Samsung America: Cobblestone's lead counsel, Reza Mizraie, has been adverse to SEC in ***91 disputed proceedings***. *See* https://search.docketnavigator.com/patent/attorney/90097/2 (search of attorney: Reza Mizraie, filtered for "Samsung Electronics Co., last accessed March 6, 2024).

In the Second Carrier Actions, Cobblestone only attempted to subpoena ***Samsung America*** on February 13, 2024. Dkt. 43-5. Cobblestone has not filed motions for Hague discovery on Samsung in any of the Carrier Actions.[2] And finally, Cobblestone has not moved to compel either Samsung America or Samsung to comply with any duly issued subpoena in any of the Carrier Actions.

**Relevant Timing.** To better understand the posture of Cobblestone's Motion—including its suggestion that its requested relief was unforeseeable at the time of the entry of the Protective Order in the Samsung Action—the below timeline displays relevant dates:

---

[2] Indeed, the first time Cobblestone appears to have directed any attempt at discovery to the foreign Samsung entity in any Carrier Action was when these issues were all coming to a head in January 2024, nearly seven months after its original discovery requests to Samsung America. At that time, Cobblestone gave notice of its intent to serve a facially defective Rule 45 subpoena on the foreign entity.

3



## ARGUMENT

### I. THE CARRIER DEFENDANTS ARE ENTITLED TO INTERVENE

#### A. The Carrier Defendants are Entitled to Intervene As a Matter of Right Under Rule 24(a)

The Fifth Circuit has held that a nonparty must file a motion to intervene in order to have a protective order modified. *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979). The same logic applies here – the Carrier Defendants should be permitted to intervene to object to Cobblestone's proposed modification of the protective order in the Samsung Action, which is being done for the sole purpose of impacting the Carrier Actions. Generally, "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Doe #1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (internal quotation marks omitted) (citation omitted).

Under Fifth Circuit law, Rule 24(a) requires proof of four elements for a party to intervene as a matter of right: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's

4

interest must be inadequately represented by the existing parties to the suit." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc) (citations omitted). The Carrier Defendants' request satisfies all four elements.

### 1. The Request is Timely

Cobblestone filed its Motion on February 22. The Carrier Defendants are filing the instant request contemporaneously with the deadline for a response in opposition to that Motion – just two weeks after the Motion was filed and served.

### 2. The Carrier Defendants Have a Limited Interest in the Samsung Action

The Carrier Defendants do not move for intervention on all issues associated with the Samsung Action – the instant request is much more limited. To the extent the discovery produced in the Samsung Action includes discovery regarding the accused products in the Carrier Actions (as alleged by Cobblestone), the Carrier Defendants have an interest in the orderly, fair, and fulsome handling of that discovery. An interest which is properly protected by the rules of discovery, the division of separate cases filed against separate defendants, and the associated protective orders which prevent cross-use in multiple cases. By filing a Motion to essentially consolidate discovery across multiple cases exclusively in the Samsung Action, Cobblestone has left the Carrier Defendants with no recourse except their instant request for limited intervention.

### 3. Disposition of the Motion will Impair the Carrier Defendants' Interest

Cobblestone's Motion actually has no bearing on the Samsung Action: it instead exclusively affects the status of discovery in the Carrier Actions: Cobblestone wants to be able to dump documents ***of its own choosing*** into the Carrier Actions to be used against

the Carrier Defendants in an attempt to prove liability and (undoubtedly) demand huge damages. The relief Cobblestone seeks is thus highly prejudicial to the Carrier Defendants.

Cobblestone's requested relief is as follows: "Documentary discovery and source code discovery produced or made available by Samsung in this case *may* be produced by Cobblestone" in the Carrier Actions. Motion at 12 (emphasis added). In other words, Cobblestone wants to be able to procure discovery from Samsung and Samsung America, review it, and produce its own selection of relevant evidence in the Carrier Actions. Meanwhile, the Carrier Defendants (and the Intervenors in the Carrier Actions) do not have access to any of the "documentary discovery and source code discovery" in the Samsung Action and, frankly, nor should they; it is inappropriate for a set of defendants and intervenors in one case to gain wholesale access to competitor/supplier discovery in another case. Nor will Samsung and Samsung America be able to monitor the cross productions, as they are not participants in the Carrier Actions. Only Cobblestone will know how fulsome their re-production of Samsung and Samsung America materials is.

Cobblestone wants to sift through Samsung America and Samsung's productions in the Samsung Action, review source code at its leisure, depose witnesses, propound interrogatories and requests for admission, and then, when the mood strikes Cobblestone, it "may" produce the allegedly incriminatory and exclude the exculpatory. The Carrier Defendants and Intervenors would then be left to deal with the consequences of the discovery that Cobblestone deigned to produce in the Carrier Actions. This type of "stealth discovery" violates Fed. R. Civ. P. 45, is antithetical to the pursue of the truth, and is precisely why the normal rules of discovery contemplate that discovery is conducted in the open as between parties.

Notably, Cobblestone's Motion does not address the prejudice to the Carrier Defendants, despite knowing that the Carrier Defendants object to its proposed relief. The word "prejudice" only appears once in Cobblestone's Motion regarding "the lack of harm or prejudice to **Samsung**." Motion at 2. But Samsung is not the only party prejudiced by Cobblestone's requested relief. The Carrier Defendants would be irreparably prejudiced by Cobblestone's proposed evidentiary cherry-picking.[3]

### 4.   Samsung and Samsung America Do Not Adequately Represent the Carrier Defendants' Interests

While Samsung and Samsung America have their own interests in protecting the confidentiality of their own materials, they are not named defendants nor intervenors in the Carrier Actions and thus do not adequately represent the interests of the Carrier Defendants. The burden of showing inadequate representation by current parties is "minimal." *Edwards*, 78 F.3d at 1005. The applicant need only show "that representation … may be inadequate." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002); *see also* Fed. R. Civ. P. 24, Notes of Advisory Committee on 1966 amendments to Rules (intervenor need only show "with fair probability that the representation was inadequate."). Samsung and Samsung America's interests do not include ensuring that the discovery provided by Cobblestone in the Carrier Actions is orderly, fair, and fulsome in those cases. There is also no mechanism by which Samsung and Samsung America would be permitted to review exactly what discovery Cobblestone shares across the cases, as they are not covered by the protective orders in the Carrier

---

[3]   It is likely that the Court will eventually have to wrestle with the consequences of Cobblestone's proposed relief. The myriad evidentiary issues presented by documents obtained outside of the Carrier Actions from a third-party raise numerous hearsay, authenticity, and foundational issues that would be raised at the Pretrial Conference.

Actions. Nor do Samsung and Samsung America have an interest in permitting participation of the Carrier Defendants in the Samsung Action, as could be required if, for example, Cobblestone intends to utilize depositions to authenticate documents which it might later rely on in the Carrier Actions. The Carrier Defendants have unique concerns related to the blurring of discovery across Cobblestone's multiple actions, and therefore, Samsung and Samsung America do not adequately reflect their interests in Cobblestone's Motion.

As (1) the Carrier Defendants' request is timely; (2) the Carrier Defendants' request is related to a legitimate interest in maintaining the proper and fair discovery process in the ongoing Carrier Actions; (3) there is a risk of significant prejudice to the Carrier Defendants if Cobblestone's Motion is granted; and (4) Samsung and Samsung America do not adequately reflect the Carrier Defendants' interests, the Carrier Defendants motion for limited intervention as of right should be granted.

### B. In the Alternative, the Carrier Defendants Should Be Allowed to Intervene Under Rule 24(b)

In the alternative, the Carrier Defendants move for leave to intervene permissively pursuant to Rule 24(b). Federal Rule of Civil Procedure 24(b) states that: "On timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Courts construe Rule 24(b) liberally, and permit intervention when the applicant demonstrates: (1) a timely application; (2) a question of law or fact in common with the pending action; and (3) lack of undue delay to the action or prejudice to the rights of the original parties. *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

Here, the only issue on which the Carrier Defendants currently ask to be heard, is the question posed by Cobblestone's Motion: can discovery collected in the Samsung Action, hidden from the Carrier Defendants, be used against them in contravention of the Federal Rules of Civil Procedure, and the existing protective order in the Samsung Action. This question is common. The Carrier Defendants have no way to assert their rights to the protections of the Federal Rules regarding the collection of discovery, short of the instant application for intervention. The Carrier Defendants are making their request to intervene two weeks after Cobblestone filed its Motion – their request is timely. And the Carrier Defendants' request will cause no delay and no prejudice in the Samsung Action – Cobblestone remains free to use the discovery it collected from Samsung and Samsung America in the Samsung Action. There is simply no basis for Cobblestone to argue that the entrance of the Carrier Defendants to have their objection heard will prevent or otherwise disrupt the presentation of its case in the Samsung Action.

## II.   COBBLESTONE'S MOTION SHOULD BE DENIED

As noted above, a grant of Cobblestone's Motion would be extremely prejudicial to the Carrier Defendants, who could be left with just a few short weeks to review and process cherry-picked documents provided by Cobblestone from the Samsung Action. As set forth more fully in the Carrier Defendants' contemporaneously filed Response in Opposition to Cobblestone's Motion, Cobblestone's efforts to circumvent the rules of discovery to solve a mess of its own making should be denied.

## CONCLUSION

For the foregoing reasons, the Carrier Defendants respectfully requests that the Court grant their motion to intervene as a matter of right under Rule 24(a) or as a matter of discretion under Rule 24(b).

Dated: March 8, 2024

/s/ *David S. Frist*
David S. Frist
  David.Frist@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
  Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
  Ted.Stevenson@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless,*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless*

10

**Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 8, 2024, on the counsel of record via electronic mail.

*/s/ David S. Frist*
David S. Frist

## CERTIFICATE OF CONFERENCE

I hereby certify that (1) counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) that the instant motion is unopposed.

*/s/ David S. Frist*
David S. Frist
