# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br>v.<br><br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>Defendant. | Case No. 2:22-cv-00478-JRG-RSP |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S PRELIMINARY DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

**I.      Patent Rule 3-1: Disclosure of Asserted Claims and Infringement Contentions**

Pursuant to Patent Rule 3-1, Plaintiff Cobblestone Wireless, LLC submits the following Preliminary Disclosure of Asserted Claims and Infringement Contentions. This disclosure is based on the information available to Cobblestone as of the date of this disclosure, and Cobblestone reserves the right to amend this disclosure to the full extent permitted, consistent with the Court's Rules and Orders.

**A.      Patent Rule 3-1(a): Asserted Claims**

Cobblestone asserts that Defendant Cellco Partnership d/b/a Verizon Wireless infringes the following claims (collectively, "Asserted Claims"):

(1) U.S. Patent No. 8,891,347 ("the '347 patent"), claims 1-4, 6-12, 14-17, and 19-23;

(2) U.S. Patent No. 9,094,888 ("the '888 patent"), claims 9, 10, 12, 20, 21, and 23;

(3) U.S. Patent No. 10,368,361 ("the '361 patent"), claims 10-13, 15, and 17; and

(4) U.S. Patent No. 8,554,196 ("the '196 patent"), claims 23-27.

1

**B.      Patent Rule 3-1(b): Accused Instrumentalities of which Cobblestone is aware**

Cobblestone asserts that the Asserted Claims are infringed by the various instrumentalities used, made, sold, offered for sale, or imported into the United States by Defendant, including certain (a) cellular base stations that support 3GPP 5G NR ("New Radio") communications, (b) 4G LTE cellular base stations that support handover to or from 5G NR cellular base stations, (c) user equipment that supports 3GPP 5G NR communications, and (d) cellular handsets, tablets, or smartwatches that support wifi-only automatic updates ("Accused Instrumentalities"). Defendant's Accused Instrumentalities of which Cobblestone is presently aware are described in more detail in the accompanying preliminary infringement contention charts, Exhibits A-D.

Cobblestone reserves the right to accuse additional products from Defendant to the extent Cobblestone becomes aware of additional products during the discovery process. Unless otherwise stated, Cobblestone's assertions of infringement apply to all variations, versions, and applications of each of the Accused Instrumentalities, on information and belief, that different variations, versions, and applications of each of the Accused Instrumentalities are substantially the same for purposes of infringement of the Asserted Claims.

**C.      Patent Rule 3-1(c): Claim Charts**

Cobblestone's analysis of Defendant's products is based upon limited information that is publicly available, and based on Cobblestone's own investigation prior to any discovery in these actions. Specifically, Cobblestone's analysis is based on certain limited resources that evidence certain products made, sold, used, or imported into the United States by Defendants.

Cobblestone reserves the right to amend or supplement these disclosures for any of the following reasons:

(1) Defendant and/or third parties provide evidence relating to the Accused Instrumentalities;

(2) Cobblestone's position on infringement of specific claims may depend on the claim constructions adopted by the Court, which has not yet occured; and

(3) Cobblestone's investigation and analysis of Defendant's Accused Instrumentalities is based upon public information and Cobblestone's own investigations. Cobblestone reserves the right to amend these contentions based upon discovery of non-public information that Cobblestone anticipates receiving during discovery.

Attached as Exhibits A-D, and incorporated herein in their entirety, are charts identifying where each element of the Asserted Claims are found in the Accused Instrumentalities.

Unless otherwise indicated, the information provided that corresponds to each claim element is considered to indicate that each claim element is found within each of the different variations, versions, and applications of each of the respective Accused Instrumentalities described above.

### D.   Patent Rule 3-1(d): Literal Infringement / Doctrine of Equivalents

With respect to the patents at issue, each element of each Asserted Claim is considered to be literally present. Cobblestone also contends that each Asserted Claim is infringed or has been infringed under the doctrine of equivalents in Defendant's Accused Instrumentalities. Cobblestone also contends that Defendant both directly and indirectly infringes the Asserted Claims. For example, the Accused Instrumentalities are provided by the Defendant to customers, who are actively encouraged and instructed (for example, through Defendant's online instructions on its website and instructions, manual, or user guides that are provided with the Accused Instrumentalities) by the Defendant to use the Accused Instrumentalities in ways that directly infringe the Asserted Claims. Defendant therefore specifically intends for and induces its customers to infringe the Asserted Claims under Section 271(b) through the customers' normal and customary use of the Accused Instrumentalities. In addition, Defendant is contributorily

infringing the Asserted Claims under Section 271(c) and/or Section 271(f) by selling, offering for sale, or importing the Accused Instrumentalities into the United States, which constitute a material part of the inventions claimed in the Asserted Claims, are especially made or adapted to infringe the Asserted Claims, and are otherwise not staple articles or commodities of commerce suitable for non-infringing use.

### E.   Patent Rule 3-1(e): Priority Dates

The Asserted Claims of the '347 patent are entitled to a priority date at least as early as July 28, 2011, the filing date of International Application No. PCT/CN2011/077718.

The Asserted Claims of the '888 patent are entitled to a priority date at least as early as April 29, 2011, the filing date of International Application No. PCT/US2011/034470.

The Asserted Claims of the '361 patent are entitled to a priority date at least as early as August 1, 2014, the filing date of International Application No. PCT/CN2014/083578.

The Asserted Claims of the '196 patent are entitled to a priority date at least as early as August 24, 2011, the filing date of International Application No. PCT/US2011/049003.

A diligent search continues for additional responsive information and Cobblestone reserves the right to supplement this response.

### F.   Patent Rule 3-1(f): Identification of Instrumentalities Practicing the Claimed Invention

At this time, Cobblestone does not identify any of its instrumentalities as practicing the Asserted Claims. A diligent search continues for additional responsive information and Cobblestone reserves the right to supplement this response.

## II.   Patent Rule 3-2: Document Production Accompanying Disclosure

Pursuant to Patent Rule 3-2, Cobblestone submits the following Document Production Accompanying Disclosure, along with an identification of the categories to which each of the

documents corresponds.

  **F.**  **Patent Rule 3-2(a) documents:**

Cobblestone is presently unaware of any documents sufficient to evidence any discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the inventions recited in the Asserted Claims of the Asserted Patents prior to the application dates or priority dates for the Asserted Patents. A diligent search continues for such documents and Cobblestone reserves the right to supplement this response.

  **G.**  **Patent Rule 3-2(b) documents:**

Cobblestone identifies the following non-privileged documents as related to evidencing conception and reduction to practice of each claimed invention of the Asserted Patents: COBB_000001-1631. A diligent search continues for additional documents and Cobblestone reserves the right to supplement this response.

  **H.**  **Patent Rule 3-2(c) documents:**

Cobblestone identifies the following documents as being the file histories for the Asserted Patents: COBB_000081-1631.

Dated: March 13, 2023         Respectfully submitted,

                */s/ Reza Mirzaie*
                Reza Mirzaie
                CA State Bar No. 246953
                Marc A. Fenster
                CA State Bar No. 181067
                Neil A. Rubin
                CA State Bar No. 250761
                Amy E. Hayden
                CA State Bar No. 287026
                Christian W. Conkle
                CA State Bar No. 306374
                Jonathan Ma
                CA State Bar No. 312773

RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: ahayden@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

**ATTORNEYS FOR PLAINTIFF
COBBLESTONE WIRELESS, LLC**

**CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record for Defendant on March 13, 2023 via e-mail.

>                                    */s/ Reza Mirzaie*
>                                    Reza Mirzaie

# EXHIBIT A

**Exhibit A - U.S. Patent No. 8,891,347 ("'347 Patent")**

Accused Instrumentalities: (1) cellular base stations that support 3GPP 5G NR beamforming, and (2) cellular user equipment (UE) that supports 3GPP 5G NR beamforming.

Based upon publicly available information and without the benefit of discovery in this case, the accused base stations include, but are not limited to the following products sold by Nokia, Ericsson, and Samsung:

**Nokia:** AirScale base station, AirScale radio and baseband, AirScale 5G mMIMO base station, ReefShark System on Chip and all products containing the same, AirScale Osprey, AirScale Habrok, AirScale mRRH, AirScale pRRH, AirScale 4.5G Pro RRH, AirScale sHUB, FZHR, AHBOA, FSIH, FHFB, AZHL, AAFIA, 32TRX, and 64TRX.

**Ericsson:** 5G AIR products, 5G Baseband products, 5G Radio products, 5G Antenna products, AIR 1279, AIR 3218, AIR 3219, AIR 3229, AIR 3239, AIR 3246, AIR 3258, AIR 3268, AIR 3283, AIR 6419, AIR 6428, AIR 6468, AIR 6476, AIR 6488, Interleaved AIR, Baseband 5216, Baseband 6502, Baseband 6648, 5G Radio Dot, Radio 4407, Radio 4408, Radio 4412, Radio 4418, Radio 4485, Radio 4490, Radio 8808, Radio 8863, Antenna 4600, Antenna 4602, Antenna 5500, and Antenna 6600.

**Samsung:** 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro.

The accused UE devices include without limitation the Apple iPhone 12, iPhone 12 mini, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, iPhone 14 Pro Max, iPhone SE, iPad, iPad Air, iPad Mini, iPad Pro 11-inch, and iPad Pro 12.9-inch; Samsung Galaxy S10, Galaxy S20, Galaxy S20+, Galaxy S20 Ultra, Galaxy S20 FE, Galaxy S21, Galaxy S21+, Galaxy S21 Ultra, Galaxy S21 FE, Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy S23, Galaxy S23+, Galaxy S23 Ultra, Galaxy Z Flip3, Galaxy Z Flip4, Galaxy Fold, Galaxy Z Fold2, Galaxy Z Fold3, Galaxy Z Fold4, Galaxy A13, Galaxy A14, Galaxy A22, Galaxy A23, Galaxy A32, Galaxy A33, Galaxy A42, Galaxy A51, Galaxy A52, Galaxy A53, Galaxy A71, Galaxy A73, Galaxy A90, Galaxy F42, Galaxy F52, Galaxy M13, Galaxy M32, Galaxy M42, Galaxy M52, Galaxy Note 10, Galaxy Note 10+, Galaxy Note 20, Galaxy Note 20 Ultra, and Galaxy Quantum 2; Google Pixel 4a, Pixel 5, Pixel 5a, Pixel 6, Pixel 6a, and Pixel 7; Motorola Edge, Edge+, G Play, G Power, G Pure, G Stylus, and One; and UE devices (such as Wi-Fi gateway devices) provided for use with defendant's home 5G Internet services.