UNITED STATEST DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **COBBLESTONE WIRELESS, LLC,**<br><br>    Plaintiff<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>    Defendant. | Case No. 2:23-cv-00285-JRG-RSP |

**T-MOBILE USA, INC., AT&T SERVICES, INC., AT&T MOBILITY LLC, AT&T CORP., AND CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS TO RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

    I.    COBBLESTONE'S PROPOSED RELIEF IS INAPPROPRIATE AND EXTREMELY PREJUDICIAL TO THE CARRIER DEFENDANTS. ..............4

        A.  Cobblestone Attempts to Circumvent the Rules of Discovery .......................4

        B.  Cobblestone's Proposal Is Extremely Prejudicial to the Carrier Defendants ...................................................................................................6

    II.   COBBLESTONE'S POSITION IS INCONSISTENT WITH ITS OPPOSITION TO CONSOLIDATION .............................................................8

    III.  THIS IS A MESS OF COBBLESTONE'S OWN MAKING .............................9

CONCLUSION................................................................................................................... 10

# INTRODUCTION

Third-parties T-Mobile USA Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corp., and Cellco Partnership d/b/a Verizon Wireless (collectively the "Carrier Defendants") oppose Cobblestone's Motion to Modify the Protective Order in the above-captioned case (Dkt. 43, Cobblestone's "Motion"). For the reasons set forth below, Cobblestone's Motion will materially impact the course of litigation in the Carrier Actions[1], to the Carrier Defendants' detriment. Cobblestone asks the Court to amend a Protective Order that it previously agreed to so that it may port documents and source code from Samsung Electronics Co. Ltd. ("Samsung") and Samsung Electronics America, Inc. ("Samsung America") into six separate cases against the Carrier Defendants. Not only does Cobblestone want a shortcut around proper discovery mechanisms, but its requested relief actually asks the Court to bless its attempt to cherry-pick discovery conducted outside the Carrier Defendants' presence. This proposal is significantly prejudicial to the Carrier Defendants and cannot be reconciled with Cobblestone's steadfast efforts to avoid consolidation of the numerous Cobblestone cases. Cobblestone has repeatedly opposed the Carrier Defendants' efforts to consolidate its various actions (including efforts to consolidate the First and Second Carrier Actions, or the Carrier Actions and the Samsung Action). Cobblestone has also declined to exercise its rights to seek discovery of foreign

---

[1] *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, 2:22-cv-00477-JRG-RSP; *Cobblestone Wireless, LLC v. AT&T Services Inc.; AT&T Mobility LLC; AT&T Corp.*, 2:22-cv-00474-JRG-RSP; *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, 2:22-cv-00478-JRG-RSP (collectively, the "First Carrier Actions"); and *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, 2:23-cv-00381-JRG-RSP; *Cobblestone Wireless, LLC v. AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp.*, 2:23-cv-00380-JRG-RSP; *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, 2:23-cv-00382-JRG-RSP (collectively, the "Second Carrier Actions"). The First Carrier Actions and Second Carrier Actions are the "Carrier Actions."

third parties like Samsung in Korea via the Hague Evidence convention in any of the Carrier Actions. This is a problem of Cobblestone's own making, and the Carrier Defendants should not be asked to waive the normal protections of discovery to resolve it.

The Court should not grant Cobblestone's Motion.

## STATEMENT OF FACTS

**Cobblestone's Serial Filings.** Cobblestone filed seven cases related to these issues over nine months in this district. In the First Carrier Actions, it asserted four patents against the Carrier Defendants and specifically accused Samsung products. Those cases were filed on December 15, 2022. Next, Cobblestone filed the Samsung Action on June 16, 2023, asserting the four patents from the First Carrier Action *plus* an additional patent: the '802 patent. Then, on August 25, 2023, Cobblestone filed the Second Carrier Actions in which it asserted *only* the '802 patent against the Carrier Defendants and specifically accused Samsung products.

**Cobblestone's Infringement Allegations.** On March 13, 2023, Cobblestone specifically identified Samsung products as Accused Instrumentalities pursuant to P.R. 3-1(b) in the First Carrier Actions. *E.g.*, Ex. 1 (excerpt of Cobblestone's Preliminary Disclosure of Asserted Claims and Infringement Contentions to Verizon) at pgs. 2, 9). On September 28, 2023, Cobblestone identified the same Samsung products as Accused Instrumentalities in the Samsung Action. *See* Dkt. 43 at 5 (noting the "complete overlap of … Samsung Products at issue.") Finally, on December 11, 2023, Cobblestone identified the same Samsung products as Accused Instrumentalities for the '802 patent in the Second Carrier Actions. *E.g.*, Ex. 2 (excerpt of Cobblestone's Preliminary Disclosure of Asserted Claims and Infringement Contentions to Verizon) at pg. 2.

**Cobblestone's Discovery Efforts in the Carrier Cases.** On July 18, 2023, Cobblestone noticed a subpoena in the First Carrier Actions to Samsung America, and served an amended notice on July 19, 2023. Dkt. 43-2 ("Cobblestone's Subpoenas"). Cobblestone's Subpoenas in the First Carrier Actions were ***only directed to Samsung America***; Samsung was not subpoenaed or even referenced in Cobblestone's Subpoenas. There can be no question that Cobblestone understands and appreciates the distinction between Samsung and Samsung America: Cobblestone's lead counsel, Reza Mizraie, has been adverse to Samsung Electronics Co. in ***91 disputed proceedings***. See, https://search.docketnavigator.com/patent/attorney/90097/2 (search of attorney: Reza Mizraie, filtered for "Samsung Electronics Co., last accessed March 6, 2024).[2]

In the Second Carrier Actions, Cobblestone only attempted to subpoena ***Samsung America*** on February 13, 2024. Dkt. 43-5. Cobblestone has not filed motions for Hague discovery on Samsung in any of the Carrier Actions. And finally, Cobblestone has not moved to compel either Samsung America or Samsung to comply with any duly issued subpoena in any Carrier Action.

**Relevant Timing.** To better understand the posture of Cobblestone's Motion—including its suggestion that its requested relief was unforeseeable at the time of the entry of the Protective Order in the Samsung Action—the below timeline displays relevant dates:

---

[2] Indeed, the first time Cobblestone appears to have directed any attempt at discovery to the foreign SEC entity in any Carrier Action was when these issues were all coming to a head in January 2024, nearly seven months after its original discovery requests to SEA. At that time, Cobblestone gave notice of its intent to serve a facially defective Rule 45 subpoena on the foreign SEC entity.

3



## ARGUMENT

### I. COBBLESTONE'S PROPOSED RELIEF IS INAPPROPRIATE AND EXTREMELY PREJUDICIAL TO THE CARRIER DEFENDANTS.

Cobblestone's requested relief is an attempt to backdoor evidence into the Carrier Actions from a foreign non-party. Even more troubling is the fact that Cobblestone's proposed relief—language stating that Cobblestone "may produce" Samsung evidence in the Carrier Actions—would allow it to cherry-pick the documents and source code it wants produce in the Carrier Actions while simultaneously preventing the Carrier Defendants from accessing exculpatory evidence, participating in depositions, or otherwise engaging in the discovery against Samsung.

#### A. Cobblestone Attempts to Circumvent the Rules of Discovery

If Cobblestone wants discovery from Samsung America or Samsung in the Carrier Actions, there is a way to seek it: discovery via the proper channels of Federal Rule of Civil Procedure 45 and the Hague Evidence Convention. But Cobblestone *did not even attempt* to seek Hague discovery from Samsung in Korea in the Carrier Actions. Instead, it appears that, at best, it approached *Samsung America's* counsel to inquire whether a separate foreign corporate entity would waive service of a Rule 45 subpoena. And with respect to discovery from *Samsung America*, Cobblestone issued a subpoena in the Carrier Actions

4

and is receiving the discovery it requested, so there is no need to dump documents produced by Samsung America in the Samsung Action into the Carrier Actions.

By attempting to introduce evidence it procured without the proper service of a Rule 45 subpoena on SEC as a foreign entity or Hague discovery, Cobblestone essentially vitiates the protections afforded to the Carrier Defendants by the rules. These rules of discovery which Cobblestone now attempts to circumvent are not merely formulaic. The Carrier Defendants have been given no opportunity to object or otherwise monitor the discovery efforts in the Samsung Action, and the Carrier Defendants' understanding is that the late-breaking Rule 45 subpoena to the foreign SEC entity is facially flawed from the start. Cobblestone should not be permitted to avoid its obligations under Rule 45 and the Hague Evidence convention in this way.

Cobblestone's Motion attempts to justify its relief by invoking "the difficulties Cobblestone has faced in obtaining discovery in the Carrier Actions," but it provides no indication of what those difficulties are. Motion at 2. Cobblestone also suggests that its requested relief would reduce or eliminate "discovery disputes related to Samsung's (non)compliance with the subpoenas in the Carrier Actions." *Id.* at 12. The facts indicate that there are no "difficulties." Cobblestone has not sought the Court's assistance in enforcing the subpoena against Samsung America in the Carrier Actions. If there are "difficulties" in obtaining discovery in the Carrier Actions, Cobblestone should bring a motion to resolve those issues in those cases. And with respect to Samsung, there do not appear to be any properly served subpoenas or motions for Hague discovery in the Carrier Actions, so there cannot be any "discovery disputes related to Samsung's (non)compliance" with facially defective subpoenas. Failing to even try to get Hague

5

discovery against Samsung in Korea is not a "difficulty," and Samsung's alleged "(non)compliance" with a facially defective subpoena is not a basis for shortcutting the rules.

There is no reason why Cobblestone could not have sought discovery from Samsung via the Hague Evidence convention, and Cobblestone does not offer any reason. There is also no reason why it cannot use Rule 45 to obtain all necessary discovery from Samsung America in the Carrier Actions, and Cobblestone does not offer any reason. Cobblestone was either (1) negligent in pursuing discovery against Samsung in the Carrier Actions, or (2) decided that the easier route was to sue Samsung in order to obtain party discovery with the goal of porting the discovery into the Carrier Actions. The Court need not resolve why Cobblestone found itself in this position, however, as neither provides a basis for gifting Cobblestone a discovery shortcut.

### B. Cobblestone's Proposal Is Extremely Prejudicial to the Carrier Defendants

Cobblestone wants to dump documents *of its own choosing* into the Carrier Actions to be used against the Carrier Defendants to attempt to prove liability and (undoubtedly) demand huge damages. The relief Cobblestone seeks is highly prejudicial to the Carrier Defendants.

Cobblestone's requested relief is as follows: "Documentary discovery and source code discovery produced or made available by Samsung in this case *may* be produced by Cobblestone" in the Carrier Actions. Motion at 12 (emphasis added). In other words, Cobblestone wants to be able to procure discovery from Samsung and produce whatever evidence helps its case, while the Carrier Defendants cannot see, access, or participate in any of the discovery that Cobblestone does not deem worthy of producing in the Carrier

6

Actions. The Carrier Defendants (and the Intervenors) do not have access to any of the "documentary discovery and source code discovery" in the Samsung Action and, frankly, nor should they; it is inappropriate for a set of defendants and intervenors in one case to gain wholesale access to competitor/supplier discovery in another case.

This is exactly the kind of one-sided discovery that Rule 45, the Hague Evidence convention, and the protective orders regularly issued by this Court, are meant to avoid. Cobblestone wants to take months to propound its own discovery requests on Samsung and Samsung America, sift through their responsive productions, review source code at its leisure, depose witnesses, and then, when the mood strikes Cobblestone, it "may" produce the allegedly incriminatory evidence it now claims it needs in the Carrier Actions – with no commitment to include exculpatory evidence. The Carrier Defendants and Intervenors would then be left to deal with the consequences of the discovery that Cobblestone deigned to produce in the Carrier Actions. This type of "stealth discovery" is antithetical to the pursuit of the truth, and precisely why the normal rules of discovery contemplate that discovery is conducted in the open as between parties.

Cobblestone does not even attempt to address the prejudice to the Carrier Defendants, despite knowing that the Carrier Defendants object to its proposed relief.[3] The word "prejudice" only appears once in Cobblestone's Motion in the context of the discussion of "the lack of harm or prejudice to *Samsung*." Motion at 2.[4] But Samsung is

---

[3]   Cobblestone's characterization of the Carrier's objection as "unfair" is, to put it mildly, an oversimplification. During the meet-and-confer, the Carrier Defendants expressed *why* the request was unfair. Cobblestone ignored those issues in its Motion.

[4]   The Carrier Defendants understand that Samsung and Samsung America will be responding separately regarding the prejudice risked by the exposure of their confidential information to the various parties in the Carrier Actions.

7

not the only party prejudiced by Cobblestone's requested relief. The Carrier Defendants would be irreparably prejudiced by Cobblestone's proposed evidentiary cherry-picking.[5]

## II. COBBLESTONE'S POSITION IS INCONSISTENT WITH ITS OPPOSITION TO CONSOLIDATION

As outlined above, Cobblestone has filed numerous cases against the Carrier Defendants and Samsung relating to the same products and the same patents. In fact, Cobblestone repeatedly invokes the overlap as a basis for its requested relief:

- "the efficiencies in permitting Cobblestone to produce and rely on the *same* documentary and source code discovery provided to Cobblestone by Samsung in this Samsung Action…" Motion at 2.

- "Cobblestone filed complaints in the United States District Court for the Eastern District of Texas giving rise to the following patent infringement actions asserting the *same* patents at issue in this case…" *Id.* at 3.

- "The patents asserted against Samsung in this case are the same patents asserted in the Carrier Actions." *Id.* at 6.

- "Good cause exists because the patents asserted in this case against Samsung are the *same* patents asserted against the carrier defendants in the Carrier Actions. Good cause further exists because the Samsung mobile devices and base stations at issue in this case are the *same* Samsung products at issue in the Carrier Actions." *Id.* at 11 (emphasis in original).

The irony in Cobblestone's arguments, however, is that when faced with a motion to consolidate the First Carrier Actions with the Second Carrier Actions, Cobblestone opposed because of what it believes to be numerous differences between those cases. Dkt. No. 98 in Case No. 2:22-cv-477 at 7. In fact, Cobblestone goes so far as to argue that "Consolidation Will Not Meaningfully Reduce Duplication and Costs Given That There

---

[5] It is likely that the Court will eventually have to wrestle with the consequences of Cobblestone's proposed relief. The myriad evidentiary issues presented by documents obtained outside of the Carrier Actions from a third-party raise numerous hearsay, authenticity, and foundational issues that would be raised at the Pretrial Conference.

8

Are No Overlapping Patent Families and Different Accused Functionalities." *Id*. Now, however, it proposes dumping in cherry-picked evidence into both of those cases based on efficiency. When presented with the similar possibility of consolidating the Carrier Actions with the Samsung Action, Cobblestone resists that as well and argues that "Defendants miss the point" and "Defendants have not specifically identified any common issues or theories." Dkt. No. 100 in Case No. 2:22-cv-477 at 4. This argument cannot be reconciled with its theory in the instant Motion that it can and in fact ***must*** avoid the obligations of third party discovery so it can cherry-pick discovery from the Samsung Actions to include in the Carrier Actions "because the patents asserted in this case against Samsung are the ***same*** patents asserted against the carrier defendants in the Carrier Actions…[and] because the Samsung mobile devices and base stations at issue in this case are the ***same*** Samsung products at issue in the Carrier Actions." Motion at 11 (emphasis in original).

Cobblestone has had numerous opportunities to consolidate its multiple pending actions in ways that make sense, are fair, and protect the interests of all defendants in all actions. It has repeatedly and consistently opposed such efforts – it should be held to its positions now.

### III.   THIS IS A MESS OF COBBLESTONE'S OWN MAKING

While it is true that a plaintiff can elect who it wants to sue and when, that does not entitle it to create a procedural mess. For months, the Carrier Defendants have advocated for reorganizing the cases in a manner that is most efficient for the parties and the Court. The Carrier Defendants have also pointed out that the posture of the cases presents a significant risk of impermissible double recovery with respect to the Samsung products. Cobblestone has resisted explaining how its serial lawsuits do not create risk of a potential double recovery while insisting that all cases must proceed on separate tracks. Now,

9

however, Cobblestone seems to believe that it must upend the protective order in the Samsung Action so that it can dump self-serving evidence into the Carrier Actions without permitting the Carrier Defendants access to exculpatory evidence. None of this is necessary; this entire situation could have been avoided if Cobblestone either conducted timely discovery via the appropriate mechanisms or agreed to consolidate the cases in a way that makes sense. The Court does not need to amend a Protective Order that Cobblestone freely agreed to simply because Cobblestone failed to appreciate the consequences of its decisions.

## CONCLUSION

Cobblestone's Motion should be denied.

Dated: March 8, 2024

*/s/ David S. Frist*
David S. Frist
David.Frist@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
Ted.Stevenson@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless,*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless*

        **Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 8, 2024, on the counsel of record via electronic mail.

*/s/ David S. Frist*
David S. Frist
