AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:23-CV-00285-JRG-RSP |
| SAMSUNG ELECTRONICS CO, LTD., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          BlackBerry Corporation c/o CORPORATE CREATIONS NETWORK INC.
             1521 CONCORD PIKE SUITE 201, WILMINGTON, DE 19803

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:          See Attachment A.

| Place: Setty Chachkes PLLC; 228 Park Avenue South, Suite 54517, New York, NY 10003 (or wherever is reasonable and convenient) | Date and Time: 04/03/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:     Videographic, Audio, and Stenographic Record

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/28/2024

| *CLERK OF COURT* | |
|---|---|
| | OR |
| | /s/ Nagendra Setty |
| Signature of Clerk or Deputy Clerk | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.          , who issues or requests this subpoena, are:

Nagendra Setty; 113 Cherry Street, Suite 54517 Seattle, WA 98104; Phone: 415.766.1149; nick@sechalaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:23-CV-00285-JRG-RSP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____  .

❏  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____  .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1.      "You," "Your" and "BlackBerry" means BlackBerry Corporation, including without limitation all predecessors, successors, wholly or partially owned subsidiaries, parent companies, or affiliates; and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, or entities acting in joint-venture or partnership relations with BlackBerry Corporation.

2.      "Plaintiff" or "Cobblestone" shall mean Cobblestone Wireless, LLC, including without limitation all predecessors, successors, wholly or partially owned subsidiaries, parent companies, or affiliates; and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, recruiters, or entities acting in joint-venture or partnership relations with Cobblestone Wireless, LLC.

3.      "Defendant," "Defendants," or "Samsung" means Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (individually and/or collectively).

4.      "This litigation" shall mean *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd. et al*, Case No. 2:23-cv-00285-JRG-RSP filed in the U.S. District Court in the Eastern District of Texas.

5.      "'802 Patent" means United States Patent No. 7,924,802 and any related patents or applications.

1

6.     "'196 Patent" means United States Patent No. 8,554,196 and any related patents or applications.

7.     "'347 Patent" means United States Patent No. 8,891,347 and any related patents or applications.

8.     "'888 Patent" means United States Patent No. 9,094,888 and any related patents or applications.

9.     "'361 Patent" means United States Patent No. 10,368,361 and any related patents or applications.

10.    "The Asserted Patents" or "patents-in-suit" shall mean, collectively, the '802 Patent, the '196 Patent, the '347 Patent, the '888 Patent and the '361 Patent.

11.    "Relevant Functionality" means the functionalities to which the Asserted Patents are directed.  This includes, without limitation:

- Carrier aggregation technologies for transmitting uplink and/or downlink information over wireless channels, including dual-cell high speed packet access

- LTE Time Division Duplex (TDD) uplink-downlink configuration that allows adaptive frequency resource allocation

- Handover procedure and signaling between 3G and 4G networks

- Simultaneous 3G and 4G coverage for a group of devices

- Standard compliance with:

  - 3GPP TS 36.211 V12.2.0 published on July 3, 2014 (see also prior versions, e.g., 3GPP TS 36.211 V12.1.0 published on March 21, 2014).

  - 3GPP TS 36.300 V12.2.0 published on July 4, 2014 (see also prior versions, e.g., 3GPP TS 36.300 V12.1.0 published on March 19, 2014).

- 3GPP TS 36.213 V12.2.0 published on July 3, 2014 (see also prior versions, e.g., 3GPP TS 36.213 V12.1.0 published on March 21, 2014).

- 3GPP TS 36.331 V12.2.0 published on July 4, 2014 (see also prior versions, e.g., 3GPP TS 36.331 V12.1.0 published on March 19, 2014).

- TS 36.133 V11.9.0 published on July 4, 2014 (see also prior versions, e.g., 3GPP TS 36.133 V11.8.0 published on March 27, 2014).

- 3GPP TR 36.828 V11.0.0 published June 26, 2012 (see also prior version, e.g., 3GPP TR 36.828 V2.0.0 published on June 15, 2012).

- 3GPP TR 21.900 V11.0.1 published June 24, 2013

- 3GPP TR 21.905 V12.0.0 published June 25, 2013

- 3GPP TS 36.214 V11.1.0 published December 20, 2012

- 3GPP TS 36.302 V12.0.0 published July 2, 2014

- 3GPP TS 36.321 V12.2.0 published July 2, 2014

- 3GPP TS 36.300 v10.3.0 published on April 5, 2011 (see also prior versions, e.g., 3GPP TS 36.300 v10.2.0 published on December 21, 2010).

- 3GPP TS 23.401 v10.3.0 published on March 28, 2011 (see also prior versions, e.g., 3GPP TS 23.401 v10.2.0 published on December 20, 2010).

- 3GPP TS 36.331 v10.1.0 published on March 30, 2011 (see also prior versions, e.g., 3GPP TS 36.331 v.10.0.0 published on December 21, 2010).

- 3GPP TS 36.211 v.10.1.0 published on March 30, 2011 (see also prior versions, e.g., 3GPP TS 36.211 v10.0.0 published on December 21, 2010).

- 3GPP TS 36.213 v10.1.0 published on March 30, 2011 (see also prior versions, e.g., 3GPP TS 36.213 v10.0.0 published on December 22, 2010).

- 3GPP TS 36.214 v10.1.0 published March 30, 2011 (see also prior versions, e.g., 3GPP TS 36.214 v10.0.0 published on December 22, 2010).

- 3GPP TS 36.321 v10.1.0 published on April 6, 2011 (see also prior versions, e.g., 3GPP TS 36.321 v10.0.0 published on December 21, 2010).

- 3GPP TS 36.306 v10.1.0 published on April 5, 2011 (see also prior versions, e.g., 3GPP TS 36.306 v10.0.0 published on December 21, 2010)

- 3GPP TR 21.900 v10.0.0 published April 4, 2011

- 3GPP TR 21.905 v10.3.0 published March 28, 2011

- 3GPP TS 36.214 v10.1.0 published March 30, 2011

- 3GPP TS 36.302 v10.1.0 published March 28, 2011

- 3GPP TS 36.321 v10.1.0 published April 6, 2011

- 3GPP TS 36.413 v10.1.0 published April 5, 2011

- 3GPP TS 24.301 v10.2.0 published on April 3, 2011

- 3GPP TS 25.413 v10.1.0 published on April 4, 2011

12.    "BlackBerry Products" shall mean any products or variations thereof associated with the BlackBerry Bold 9700 product, and any product capable of performing the Relevant Functionality.

13.    The term "communication" or "communications" refers to the transmittal of documents or information by any medium, including but not limited to mail, electronic mail ("email"), facsimile, and messages.

14.    The term "document" shall be construed as broadly as Federal Rules of Civil Procedure 26 and 45 permit and shall include, but not be limited to, any and all documents, electronically stored information, communications, and/or tangible things, including writings, drawings, graphs, charts, photographs, videos, sound recordings, images, data, and data

compilations, stored in any medium from which information can be obtained. The term "document" shall include not only originals but also any drafts, copies, reproductions, and portions of any document.

15.     "Person" or "persons" shall mean all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, their, his, or her agents, representatives, employees, officers and directors and anyone else acting on its, their, his, or her behalf, pursuant to its, their, his, or her authority or subject to its, their, his, or her control.

16.     References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

17.     References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

18.     "Product" means and refers to any good or service that is made, used, offered for sale or licensing, sold, licensed, distributed, and/or made available at any time, including software, hardware, and firmware.

19.     "Thing" means any physical specimen or other tangible item, other than a "Document" as defined herein.

20.     The terms "concerning," "relates," "relating," "related to", "pertaining to," or "pertains to" shall be interpreted so as to encompass the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1).  For example, Documents that "concern," "relate to," or "pertain to" any given subject means all Documents that in any way directly or indirectly, in whole or in part, discuss, deal with, regard, constitute, pertain to, reflect, consider, underlie, modify, amend,

confirm, mention, endorse, evidence, summarize, memorialize, describe, analyze, evaluate, represent, qualify, terminate, revoke, cancel, negate, comprise, contain, embody, enumerate, involve, identify, state, correspond to, or result from the subject or are in any way pertinent to the subject, including documents concerning the preparation of other documents.

21.     The term "electronically stored information" or "ESI" means any documents or information that are stored in electronic form.

22.     "Identify," "identifying," "identified" or "identity" shall mean the following:

(i)     With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to you, current or last known residential and business address, and current or last known telephone number.

(ii)     With reference to an entity or entities, such entity's full name, state (or country) of incorporation or organization, present or last known address, agent for service of process, and present or last known telephone number.

(iii)     With reference to any document or documents, means the date, identity of the author, addressee(s), signatories, parties, or other persons identified therein, its present location or custodian and a description of its contents.

(iv)     With reference to any communication or communications, means the date, identity of the sender, recipient(s), and any other persons identified therein, its present location or custodian and a description of its contents.

23.     "Including" shall not be construed as limiting in any respect and shall mean the same as "including, but not limited to."

24.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

25.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

26.     The terms "any" and "all" shall be construed as "any and all."

27.     The singular form of any word shall be construed to include the plural, and the plural form of any word shall be construed to include the singular.

28.     The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

## **INSTRUCTIONS**

1.     One or more representatives may be produced at a deposition for one or more topics.

2.     A copy of the Protective Order entered in this case is attached.  You may designate documents to be protected under that Protective Order subject to its terms.

1.     If in responding to the deposition topics, you claim any ambiguity in either a topic or a definition or instruction applicable thereto, identify in advance of the deposition the language you consider ambiguous and state the interpretation you are suing in preparing your witness or witnesses to testify.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

The documents you produce or produced in response to Samsung's subpoena for documents, or otherwise in connection with this litigation, and the authenticity of those documents.

**TOPIC NO. 2:**

The marketing, sale, offer for sale, and/or use of the BlackBerry Products before August 1, 2014; August 24, 2011; July 28, 2011; April 29, 2011; and/or January 23, 2008.

**TOPIC NO. 3:**

The design, structure, operation, and configuration of the BlackBerry Products.

**TOPIC NO. 4:**

The source code, design, structure, operation, and configuration of the Relevant Functionality within BlackBerry Products that were made, offered for sale, sold or used prior to August 1, 2014; August 24, 2011; July 28, 2011; April 29, 2011; and/or January 23, 2008.

**<u>ATTACHMENT B</u>**

**<u>PROTECTIVE ORDER</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:23-cv-00285-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | | |
| INC. | | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Cobblestone Wireless, LLC ("Cobblestone") and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. ("Samsung"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (the "Designation"). The Designation shall be placed clearly on each page of the Protected

Material (except deposition and hearing transcripts, and electronic files and documents produced in native electronic format) for which such protection is sought. For deposition and hearing transcripts, the Designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED  CONFIDENTIAL SOURCE CODE." For electronic files and documents produced in native electronic format, such electronic files and documents may be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," OR "RESTRICTED CONFIDENTIAL SOURCE CODE," or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or provided in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the Designation of the Producing Party and including the production number and Designation associated with the native file.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.      With respect to documents, information or material designated "CONFIDENTIAL,

"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL") (or substantially similar

designation),[1] subject to the provisions herein and unless otherwise stated, this Order

governs, without limitation: (a) all documents, electronically stored information, and/or

things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or

deposition testimony, or documents marked as exhibits or for identification in depositions

and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d)

affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete

or partial summaries prepared from any DESIGNATED MATERIALS shall also be

considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED -

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

may be made at any time. Inadvertent or unintentional production of documents,

information or material that has not been designated as DESIGNATED MATERIAL shall

not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party

that inadvertently or unintentionally produces Protected Material without designating it as

DESIGNATED MATERIAL may request destruction of that Protected Material by notifying

the recipient(s), as soon as reasonably possible after the producing Party becomes aware of

the inadvertent or unintentional disclosure, and providing replacement Protected Material

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer
to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS'
EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and
collectively.

that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    mock jurors and jury consultants in accordance with the provisions of paragraph 32;

(f)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) the Receiving Party and outside expert or consultant has complied with Paragraph 6 of this Order;

(g)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, as long as such entities are subject to an agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h)    the Court and its personnel.

6.      **Procedure for Disclosing Protected Material to Experts and Consultants**. Prior to disclosure of Protected Material to any outside consultant or expert including their administrative and clerical staff whose duties and responsibilities require access to such materials to be authorized under Paragraph 5(f) of this Order, the consultant or expert must execute the Undertaking attached as Appendix A to this Order and the Receiving Party must serve on the Producing Party a copy of the Undertaking, a current copy of the expert consultant's CV, a list of the expert or consultant's testifying and consulting work[2] for the preceding 5 years (to the extent not included in the CV) ("Notice"). The Producing Party may object in writing to the disclosure within ten (10) days. At the expiration of the ten days, if no written objection is made, then the outside consultant or expert and their staff may access Protected Material. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the Notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. This disclosure and objection procedure applies to each Producing Party separately. No disclosure of Protected Material may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

7.      A Party shall designate documents, information or material as "CONFIDENTIAL" only

---

[2] To the extent the consulting work was a confidential engagement, the expert may anonymize this disclosure while still providing enough detail for the Producing Party to evaluate a direct conflict.

upon a good faith belief that the documents, information or material contains confidential, commercially sensitive, or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

8.      Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9.      To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), or substantively relates to a Party's Source Code Material, which for clarity shall include but is not limited to documents containing confidential, proprietary and/or trade secret source code, including computer code, scripts, assembly, object code, source code listings and descriptions of source code, object listings and descriptions of object code, Hardware Description Language (HDL), Register Transfer

Level (RTL) files that describe the hardware design of any ASIC or other chip, and/or live data (that is, data as it exists residing in a database or databases that is specifically related to source code and not financial or other data), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

10. For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b), (e-h), provided however that those individuals listed in Paragraph 5(f) have complied with Paragraph 6 of this Order.

11. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer").

(b)    Use or possession of any input/ output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, peripheral equipment, DVDs, or drives of any kind, etc.) is prohibited while in the secured, locked area containing the Source Code Computer(s). Except as provided in Paragraph 11, the Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code Material onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code Material in any way from the location of the Source Code inspection. All persons entering the locked room containing the Source Code Computer(s) must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.

(c)    The Source Code Computer(s) will be made available for inspection at the offices of outside counsel or any other mutually agreed-upon location, until the close of expert discovery, during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time, on business days (i.e. weekdays that are not Federal or local holidays). However, upon reasonable notice

from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. No Defendant shall be required to make Source Code available for inspection prior to the date set forth in the Court's scheduling order for producing documents;

(d)     Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide at least ten (10) business days' notice of the Source Code Material that it wishes to inspect, but the Receiving Party will work in good faith to provide earlier notice. Thereafter, the Receiving Party shall provide reasonable written notice to the Producing Party, which shall not be less than three (3) business days. In the event a Receiving Party intends to continue its review to the next business day, beyond the dates initially requested, it shall provide written notice by 3:00 p.m. (local time at the review location). A list of names of persons who will view the Source Code Material will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the rooms to view the Source Code and when they enter and depart. The Producing Party shall be entitled to have a person observe all entrances and exits from the room containing the Source Code Computer(s), and a copy of the log upon request;

(e)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s);

(f)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above, and upon reasonable request from the Receiving Party will make reasonable efforts to install reasonable search and analysis tools requested by the Receiving Party. If these tools require a license which is not previously held by the Producing Party, the Receiving Party shall provide the Producing Party with a CD or DVD containing the licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the licensed software tool(s) available for use on the Source Code Computer(s);

(g)     Source code reviewers are permitted to bring paper and pen to take notes while in the source code review room. The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the Source Code Material into notes. For avoidance of doubt, Receiving Party's Outside Counsel and/or experts may include file names, line numbers, the names of functions and variables, and quotations from "code

comments" in their notes. Any notes relating to the Source Code Material will be treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE." The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material. <u>In so doing, the Producing Party will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room, and the Producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications</u>. Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the review room following each inspection session;

(h)   Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to five (5) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to Paragraph 6(d) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, subject to the limitations of Footnote 3 below, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. In no case shall any information designated as RESTRICTED CONFIDENTIAL SOURCE CODE by a Defendant or by any future intervenor be provided to any other Defendant, intervenor, or their counsel, by any Party or counsel absent explicit written agreement from the Producing Party;

(i)   To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(j)   Except as set forth in Paragraph 11(l) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.[3] The Receiving Party shall only

---

[3] For clarification, a party may identify source code file names, function names, and variable names in notes. To the extent a party feels the need to include an excerpt(s) of Source Code in expert

make additional paper copies of selected excerpts of the Source Code if such additional copies are reasonably necessary for any filing with the Court or service of any pleading or other paper on any Party. No paper copies of excerpts of Source code shall be made by the Receiving Party without the express written permission of the Producing Party;

(k)     The receiving Party shall be permitted to request that the Producing Party make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Producing Party will comply with all such requests for printouts within five (5) business days of the request (and shall endeavor to provide them in 3 business days), and the Receiving Party shall maintain a log of all such files that are printed or photocopied. Producing Party will strive to accommodate shorter turnaround requests. In no event may the Receiving Party print any continuous block of Source Code that results in more than 35 continuous printed pages, or an aggregate total of more than 1000 pages, for each Producing Party's Source Code, during the duration of the case without prior written permission of the Producing Party, and the Producing Party shall not unreasonably withhold or delay such permission. The parties will work in good faith if any party needs to print additional pages. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action. At the Receiving Party's request, up to three additional sets (or subsets) of printed source Code may be requested, and the Producing Party shall provide the additional sets by overnight mail or other mutually agreed method within three business days after receiving the request;

(l)     The Receiving Party shall not create any electronic or other images of any printed pages of Source Code or any other documents or things reflecting Source Code Material that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL SOURCE CODE," except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. A Receiving Party may include excerpts of "RESTRICTED CONFIDENTIAL SOURCE CODE" in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Any such excerpt of Source Code Material shall not exceed 15 continuous lines and shall not exceed 45 lines per source code file without prior written approval by the Producing Party, and the Producing Party shall not

---

reports and/or infringement contentions for a claim element(s), it shall be required to identify the relevant source code as specifically as possible in the expert reports and/or infringement contentions, and in no event shall any source code excerpt be more than 15 contiguous lines of code. A Receiving Party may prepare and serve such expert reports and infringement contentions electronically.

unreasonably withhold or delay such approval. For clarity, should such printouts or photocopies be in electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(m)    If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(n)    A Producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under Paragraph 11(h) above to another person authorized under Paragraph 11(h) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material shall be maintained at all times in a secure location under the direct control of counsel or authorized individuals listed under Paragraph 5(f) responsible for maintaining the security and confidentiality of the DESIGNATED MATERIALS and in a manner that prevents duplication of or unauthorized access to the Source Code Material, including, without limitation, storing the Source Code Material in a locked room or cabinet at all times, when it is not in use. When in transport from one of the above approved locations to another, the Receiving Party shall take reasonable measures to secure the Source Code Material. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported outside the offices of outside counsel for the Receiving Party or of the experts and/or consultants who have been approved to view the Source Code for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 11(m) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

(o)    A producing Party may, at its election, prohibit a receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the producing Party so elects, the producing Party must provide (1) a separate, secure, and substantially private workspace convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices; and (2) a note-taking laptop located in the review room. The note-taking laptop must be equipped with Microsoft Word and Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software. The producing Party must provide for any reviewer to load notes, including electronic documents, onto the note-taking laptop prior to a review

session and to retrieve notes from the note-taking laptop after a review session, for example by supervised use of a USB storage device. All notes, whether electronic or otherwise, will remain protected as work product and shall not be reviewed except by the receiving Party. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the Reviewing Party, including through any keyloggers, tracking software, or recording software. For the avoidance of doubt, no reviewer may at any time copy any portions or sections of Source Code Material into either electronic or paper notes and counsel for the reviewing Party shall instruct its reviewer(s) not to copy or include any portion or section of Source Code Material in either electronic or paper notes. For avoidance of doubt, Receiving Party's Outside Counsel and/or experts may include file names, line numbers, the names of functions and variables, and quotations from "code comments" in their notes.;

(p)     For depositions, five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the Source Code printouts it wishes to use at the deposition, and which the Producing Party shall make available to the witness at the deposition. The Producing Party shall endeavor to accommodate requests made on shorter notice. Absent other agreement among the parties, the Receiving Party will ensure that its counsel have any needed Source Code printouts, and the Producing Party will ensure its counsel and its witnesses have any needed Source Code printouts. In the event air travel is needed for a deposition, the Source Code Printouts shall be carried on and not placed in checked luggage by the traveling attorney or witness. Furthermore, for depositions of persons eligible to view Source Code Material, at least three weeks in advance of the deposition, the Receiving Party shall notify the Producing Party if the Receiving Party wishes to have the Producing Party make a Source Code Computer available at the deposition. The Producing Party shall work in good faith to accommodate requests for shorter turnaround times. Any deposition where a Source Code Computer is requested shall take place in person at a mutually agreed-upon location. The Producing Party is only required to prepare one additional Source Code Computer for use during depositions, and the parties agree to meet and confer regarding the appropriate scheduling of depositions to avoid any conflicts. During the deposition, the screen and/or contents of the Source Code Computer shall not be recorded. The Source Code Computer made available at the deposition shall include appropriate software analysis tools as discussed above, provided the Receiving Party has, at its expense, provided the supplier with a license for such software tool in sufficient time to have it properly loaded on the deposition source code computer.

12.     Absent written consent of the Producing Party, no person on behalf of Plaintiff, including without limitation any outside consultant or expert of Plaintiff, who reviews Defendants' Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY

and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, Defendants' HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, or engage in any Prosecution Activity, pertaining to the field of the alleged inventions of the patents-in-suit or the accused functionalities alleged as infringing in this case during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application on behalf of Plaintiff, or pertaining to the field of alleged inventions of the patent-in-suit or the accused functionalities alleged as infringing in this case. This provision does not prohibit Plaintiff's counsel of record or experts in this litigation from participating in or representing it in reexamination proceedings, post-grant review proceedings, *inter partes* review proceedings, or covered business method review proceedings involving any of the Plaintiff's Patents, provided that they do not advise on, consult on, prepare, draft, or edit any amendment to specifications or claims in those proceedings. To the extent a party believes that it is necessary to submit any designated information produced in this Action to the Patent Trial and Appeal Board in connection with any *inter partes* review proceeding, that information will be submitted under the highest confidentiality designation under the Patent Trial and Appeal Board's default Protective Order.

13.     Prosecution Activity shall mean any activity related to (i) the preparation or prosecution

(for any person or entity) of patent applications relating to any of the alleged inventions of the patents-in-suit or the accused functionalities alleged as infringing in this case; or (ii) advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, reexamination, or reissue application before any domestic or foreign patent office. Nothing in this Paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent application in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

14.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. See Fed. R. Evid. 502(d). Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work

product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material pursuant to any Discovery Order entered in this case or by otherwise promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent

contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY.

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.  The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of

this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. However, the Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Material at trial to be submitted for approval by the Court.

20.   A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.   Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information,

then such Third Parties may agree to be bound by this Order.

23.  To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY" in accordance with this Order.

24.  The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs.  Within thirty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28.     Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29.     In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate

the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.    If at any time Protected Material in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or nonparty with an opportunity to object to the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing nonparty opposing the request for production of such documents or materials. If a Producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced

subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

32. This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Order.

33. "Mock Jurors and Jury Consultants" refer only to individuals detained by a Party in preparation for trial for this litigation. For any jury research, an appropriate screening must be used to ensure that the jury consultant(s) and mock jurors are not current or former officers, directors, employees, or consultants of any party or direct competitors of any party. Each party may retain no more than two jury consultant firms and forty (40) mock jurors. Each jury consultant and mock juror must agree to be bound by the terms of this Protective Order and must execute the Undertaking attached as Appendix A. The party retaining the mock jurors or jury consultants shall retain the executed agreements. Jury consultants and mock jurors may review information designated "CONFIDENTIAL" but not information designated as "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," in the context of mock trials or jury research, and they shall not retain possession or custody of any such materials. Mock jurors hired may view presentations or summaries derived from RESTRICTED – ATTORNEYS' EYES ONLY information, subject to the other limitations of this paragraph, and provided they are not themselves given custody of any RESTRICTED –

ATTORNEYS' EYES ONLY information or of any such derivative materials. Financial amounts must be altered in derivative materials but may be within the same magnitude as those in the underlying RESTRICTED – ATTORNEYS' EYES ONLY information.

34. Disclosure of DESIGNATED MATERIAL shall be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIAL, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving DESIGNATED MATERIAL shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734.2(b). Further, the producing party shall inform the receiving party of any information or material that it believes is subject to any export control statute or regulation. HIGHLY SENSITIVE MATERIAL shall not be provided to non-U.S. citizens, nor shall non-U.S. citizens have access to HIGHLY SENSITIVE MATERIAL through electronic means whether within or without the territorial limits of the United States. Notwithstanding this prohibition, and to the extent otherwise permitted by law, DESIGNATED MATERIAL may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition of the Producing Party taken outside the territorial limits of the United States. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed-to procedures conform with applicable export control laws and regulations.

35. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public

record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

36.     This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

 **SIGNED this 1st day of December, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

COBBLESTONE WIRELESS, LLC      §
                                        §
      v.                             §
                                        § Case No. 2:23-cv-00285-JRG-RSP
SAMSUNG ELECTRONICS CO., LTD.,    §
SAMSUNG ELECTRONICS AMERICA,    §
INC.

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I,_____, declare that:

1.     My address is_____.

        My current employer is_____.

        My current occupation is_____.

2.     I have received a copy of the Protective Order in this action. I have carefully read and

        understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order. I will hold in confidence,

        will not disclose to anyone not qualified under the Protective Order, and will use only for

        purposes of this action any information designated as "CONFIDENTIAL,"

        "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

        SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things

        designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

        or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

        and all documents and things that I have prepared relating thereto, to the outside counsel

        for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____