**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

COBBLESTONE WIRELESS, LLC,

       *Plaintiff,*

     V.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA,
INC.;

       *Defendants.*

Case No. 2:23-cv-00285-JRG-RSP

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO MODIFY PROTECTIVE ORDER**

**I.     Plaintiff's Reply to Samsung's Opposition**

Samsung's opposition lays bare its true goal – to maintain and maximize discovery inefficiency and asymmetry by preventing Cobblestone from using the discovery produced by Samsung in this case in the co-pending and related Carrier Actions.

Samsung's opposition does not and cannot meaningfully address that this Court has recognized that "the typical factors assessed by a court when deciding whether to modify a protective order are therefore not as salient in a case as this, where it appears that the protected information will in fact remain protected." *Infernal Technology, LLC, v. Electronics Arts Inc*., Case No. 2:15-cv-01523-JRG-RSP (E.D. Tex. Jan. 24, 2017). Instead, Samsung contends that *Infernal Technology* is "readily distinguishable" and need not be heeded at all. Samsung is wrong. If anything, Samsung's accurate description of *Infernal Technology* as granting modification of a protective order to "use certain material that has been designated confidential under the protective order in related *inter partes* review (IPR) proceedings" argues ***in favor*** of Cobblestone's instant

motion, because Cobblestone's requested modification only permits the use of confidential information in the co-pending Carrier Actions before *the same court* and with *substantially similar* Protective Orders, not in a different jurisdiction with different rules and a different protective order, as was permitted by the Court in *Infernal Technology*.

Samsung next contends that Cobblestone's requested modification was foreseeable on November 10, 2023, when the parties filed a joint motion stipulating to the existing Protective Order. Samsung Opp. at 6. Samsung is wrong. While it may be true Samsung's outside counsel in this case was aware that Samsung did not intend to produce all of the information requested by Cobblestone's subpoenas to Samsung in the Carrier Actions, Cobblestone's counsel did not have that luxury or insight. To the contrary, as explained in Cobblestone's motion, while Cobblestone and Samsung were negotiating and filing the joint motion setting for the Protective Order in *this case*, Cobblestone was separately and independently communicating with Samsung's in-house counsel regarding Samsung's compliance with the subpoenas in the First Carrier Actions. Specifically, Samsung's in-house counsel represented that Samsung would make its document production in response to the document subpoena by September 13, 2023. Dkt. 43-3. But Samsung did not produce any documents in response to Cobblestone's subpoenas until February 14, 2024, *more than five months after* Samsung had committed to do so and *more than a week after* Cobblestone and Samsung met and conferred on the instant motion. In other words, while Cobblestone and Samsung were negotiating the stipulated Protective Order in *this case*, Cobblestone could not have known, and did not know, that Samsung would delay production of documents in response to Cobblestone's subpoena for more than five months, and even then only produce a subset of the discovery it has produced and will produce in this case, despite the complete overlap of Asserted Patents and Samsung Products at issue. Indeed, it was not until *after*

the Protective Order issued in this Action that Samsung's in-house counsel abruptly stopped communicating and first referred Cobblestone to Samsung's outside counsel (who also represents Samsung in this action) on December 11, 2023. Dkt. 43-10.

Samsung also contends that "discovery is available from SEC only via the Hague Convention" and that "Cobblestone's proposed change to the Protective Order would force SEC to incur the significant time and expense of complying with Korean law governing the export of technology." Dkt. 46 at 10, 13. But Samsung's repeated invocation of the Hague Convention and Korean law is a non sequitur. As Cobblestone explained in its motion, Cobblestone is not requesting this Court or any Court compel any Samsung entity to produce discovery in this or any other case. Rather, the instant motion simply seeks to narrowly modify the Protective Order (Dkt. No. 36) to permit **Cobblestone to produce** discovery already required to be provided to Cobblestone by Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") in this case in the pending and related Carrier Actions and subject to the same protections. As this Court has recognized, "protective orders should generally be modified to allow discovery in other actions." *Team Worldwide Corp. v. Walmart Inc., et al.*, No. 2:17-cv-00235, (E.D. Tex Jan. 24, 2019) (quoting *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986)).

## II.    Plaintiff's Reply to Third-Party Carriers' Opposition

Third-parties T-Mobile USA Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corp., and Cellco Partnership d/b/a Verizon Wireless's (collectively the "Carrier Third-Parties") opposition fares no better in their attempt to maintain and maximize inefficient discovery by preventing Cobblestone from using discovery produced by Samsung in this case in the co-pending and related Carrier Actions.

The Carrier Third-Parties contend that Cobblestone's motion "asks the Court to bless its attempt to cherry-pick discovery conducted outside the Carrier [Third-Parties] presence." Carrier Opposition at 1. The Carrier Third-Parties are wrong. As Cobblestone explained to the Carrier Third-Parties during meet and confer, if the Court grants the requested modification to the Protective Order, Cobblestone agrees to produce ***all*** such information in the Carrier Actions, so that all parties in the Carrier Actions will have access to the same discovery. There will be no "cherry picking." In any event, to alleviate the Carrier Third-Parties' grievance, Cobblestone is willing to change "may be produced" to "shall be produced" in its requested modification of the Protective Order, which would read as follows:

> 37. Documentary discovery and source code discovery produced or made available by Samsung in this case shall be produced by Cobblestone in *Cobblestone Wireless, LLC v. T-Mobile USA, Inc*., Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.) (Lead Case) and *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.) (Lead Case) with the same Bates number and confidentiality designations.

Next, the Carrier Third-Parties, like Samsung, also contend that Cobblestone's motion "attempts to circumvent the rules of discovery" by not seeking "Hague discovery from Samsung in Korea." Dkt. 46 at 4. Again, the Carrier Third-Parties are wrong, because Cobblestone's motion seeks to narrowly modify the Protective Order (Dkt. No. 36) to permit ***Cobblestone to produce*** discovery provided by Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") in this case in the pending and related Carrier Actions. Cobblestone is not requesting this Court or any Court compel any Samsung entity to produce discovery in this or any other case.

The Carrier Third-Parties also complain that Cobblestone "has not moved to compel either Samsung America or Samsung [Korea] to comply with any duly issued subpoena in any Carrier Action" and "has not filed motions for Hague discovery on Samsung in any of the Carrier Actions."

Dkt. 46 at 3. While this is true, it misses the entire point of Cobblestone's requested relief. Cobblestone's instant motion seeks to *avoid* the need for serial motions to compel or other discovery-related motions in this case or any of the Carrier Actions. That the Carrier Third-Parties would *prefer* disputed discovery motions rather than a simple modification of the Protective Order in this case—in which the Carrier Third-Parties are not even parties—speaks volumes about the Carrier Third-Parties' true aim in opposing Cobblestone's requested relief.

The remainder of the Carrier Third-Parties' opposition pertains to pending unrelated motions filed by them in their respective actions and unrelated to the relief requested herein by Cobblestone, and thus Cobblestone need not address them or burden the court with additional unrequested briefing on those unrelated issues.

## III. Conclusion

As set forth above, and in the interests of justice, the Court should grant Cobblestone's motion and modify the Protective Order to allow Cobblestone to produce materials produced by Samsung and designated confidential pursuant to this Court's Protective Order in the co-pending and related Carrier Actions. Specifically, as set forth in the Proposed Order filed with Cobblestone's motion, and as further modified herein, Cobblestone requests that the Protective Order be modified to include the following paragraph:

> 37. Documentary discovery and source code discovery produced or made available by Samsung in this case shall be produced by Cobblestone in *Cobblestone Wireless, LLC v. T-Mobile USA, Inc*., Case No. 2:22-cv-00477-JRG-RSP (E.D. Tex.) (Lead Case) and *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:23-cv-00382-JRG-RSP (E.D. Tex.) (Lead Case) with the same Bates number and confidentiality designations.

Dated: March 14, 2024                Respectfully submitted,


                                     _/s/ Reza Mirzaie____

                                     CA State Bar No. 246953
                                     Marc A. Fenster
                                     CA State Bar No. 181067
                                     Neil A. Rubin
                                     CA State Bar No. 250761
                                     Christian W. Conkle
                                     CA State Bar No. 306374
                                     Jonathan Ma
                                     CA State Bar No. 312773
                                     **RUSS AUGUST & KABAT**
                                     12424 Wilshire Boulevard, 12th Floor
                                     Los Angeles, CA 90025
                                     Telephone: 310-826-7474
                                     Email: rmirzaie@raklaw.com
                                     Email: mfenster@raklaw.com
                                     Email: nrubin@raklaw.com
                                     Email: cconkle@raklaw.com
                                     Email: jma@raklaw.com

                                     ***ATTORNEYS FOR PLAINTIFF,***
                                     ***COBBLESTONE WIRELESS, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 14th day of March, 2024, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail on this same date.

*/s/ Reza Mirzaie*