IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>      Defendants. | Civil Action No. 2:23-cv-00285-JRG-RSP |

**SAMSUNG'S SUR-REPLY IN OPPOSITION TO COBBLESTONE'S MOTION TO MODIFY PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. COBBLESTONE ASKS THE COURT TO IGNORE THE LAW .......................1

III. THE NATURE OF THE CURRENT PROTECTIVE ORDER CUTS AGAINST MODIFICATION ...................................................................................................2

IV. THE REQUESTED MODIFICATION WAS FORESEEABLE ...........................2

V. THE SAMSUNG DEFENDANTS HAVE RELIED ON THE CURRENT PROTECTIVE ORDER........................................................................................4

VI. THERE IS NO GOOD CAUSE FOR COBBLESTONE'S PROPOSED MODIFICATION ..................................................................................................4

VII. CONCLUSION......................................................................................................5

i

# **TABLE OF AUTHORITIES**

## **Cases**

*Abraham v. Greater Birmingham Humane Soc. Inc.*,
   2013 WL 1346534 (N.D. Ala. Mar. 28, 2013) ........................................................................2

*Allergan, Inc. v. Teva Pharmaceuticals USA*,
   2017 WL 772486 (E.D. Tex. Feb. 28, 2017) ...................................................................2, 3, 4

*Infernal Technology, LLC v. Elec. Arts Inc.*,
   Case No. 15-cv-01523-JRG-RSP, ECF No. 133 (E.D. Tex. Jan. 24, 2017) ..............................1

*Raytheon Co. v. Indigo Sys. Corp.*,
   2008 WL 4371679 (E.D. Tex. Sept. 18, 2008) ....................................................................2, 4

*Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*,
   2022 WL 2199938 (C.D. Cal. Mar. 7, 2022) ..........................................................................2

*United States v. Ocwen Loan Serv'g*,
   2016 WL 278968 (E.D. Tex. Jan. 22, 2016) ............................................................................4

*United States v. Reagan*,
   596 F.3d 251 (5th Cir. 2010) ..................................................................................................2

**I.    INTRODUCTION**

Cobblestone's Reply ignores the mountain of authority the Samsung defendants cited showing that there is no good cause to modify the Protective Order in this case, and indeed almost entirely ignores the law governing motions to modify a protective order in general. Just as fundamentally, Cobblestone also ignores both the Samsung defendants' and the carriers' explanation of why any inefficiency that results is entirely Cobblestone's fault for filing (and refusing to consolidate) three sets of lawsuits accusing the same products of infringing the same patents. Cobblestone's motion should be denied.

**II.    COBBLESTONE ASKS THE COURT TO IGNORE THE LAW**

As discussed in detail below, Cobblestone does not meaningfully engage with the law governing motions to modify a stipulated protective order. Indeed, Cobblestone all but concedes that a faithful application of the four *Raytheon* factors to the facts of this case would result in denial of its motion. Cobblestone instead simply asks the Court to ignore those factors and the law governing modification of protective orders in general. Cobblestone's sole basis for this is *Infernal Technology, LLC v. Elec. Arts Inc.*, Case No. 15-cv-01523-JRG-RSP, ECF No. 133 (E.D. Tex. Jan. 24, 2017), which Cobblestone cites for the proposition that the *Raytheon* factors apply with little to no force where the moving party seeks to use produced documents in a case that also has a protective order. Reply at 1-2. But as the Samsung defendants explained, that reading of *Infernal Technology* would create an automatic cross-use provision between any two cases with similar protective orders. Opp. at 10. Cobblestone neither disputes that that is the necessary (and untenable) implication of its argument nor cites any case holding that such an automatic cross-use rule exists or could be squared with existing law regarding modification of such orders.

Cobblestone also ignores the many other differences between *Infernal Technology* and this case. The discovery at issue there was for use in an IPR proceeding between the same parties, and

1

consisted of a narrow and clearly defined subset of documents—the defendant had produced certain documents relevant to objective indicia of non-obviousness and refused to agree that those documents could be used in the parties' co-pending IPR proceeding. *Infernal Technology*, ECF No. 130 (E.D. Tex. Jan. 20, 2017). Here, Cobblestone seeks to use **all** discovery produced in this case in what remains (by Cobblestone's choice) an unrelated district court proceeding, and would severely prejudice the defendants in that proceeding in the process. *See* Carriers' Reply at 6-7.

Thus, the Court should evaluate the four *Raytheon* factors as in any other protective order modification case. As explained below, those factors weigh strongly against modification.

### III. THE NATURE OF THE CURRENT PROTECTIVE ORDER CUTS AGAINST MODIFICATION

As the Samsung defendants' Opposition explained in detail, this factor weighs against modification where—as here—the current protective order is a blanket protective order to which the parties stipulated. Opp. at 4-6 (citing *Allergan, Inc. v. Teva Pharmaceuticals USA*, 2017 WL 772486, at *4 (E.D. Tex. Feb. 28, 2017) and *Raytheon Co. v. Indigo Sys. Corp.*, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008). Cobblestone says not a word in response. Cobblestone thus effectively concedes that this factor weighs against modification of the Protective Order. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that a failure to adequately brief an argument results in waiver); *Abraham v. Greater Birmingham Humane Soc. Inc.*, 2013 WL 1346534, at *4 (N.D. Ala. Mar. 28, 2013) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue."); *Rozier v. Dep't of Homeland Sec. Fed. Protective Serv.*, 2022 WL 2199938, at *3 (C.D. Cal. Mar. 7, 2022) (finding waiver because the "argument was squarely raised, and yet Plaintiff did not respond to it").

### IV. THE REQUESTED MODIFICATION WAS FORESEEABLE

Cobblestone does not dispute that "[p]arties that agree to a protective order are responsible

for its terms" or that this factor weighs against modification where the proposed modification was foreseeable at the time the original protective order issued. Opp. at 6 (quoting *Allergan*, 2017 WL 772486, at *5). Nor does Cobblestone dispute the dispositive fact that proves its requested modification was entirely foreseeable when the parties negotiated and stipulated to the current Protective Order: ***the parties agreed to a provision banning the cross-use*** that Cobblestone now seeks. ECF No. 32-1 ¶ 8; ECF No. 36 ¶ 8. Given that the parties expressly agreed to the provision Cobblestone now seeks to reverse, Cobblestone's claim that its requested modification was not foreseeable is specious. And Cobblestone supports that claim only by asserting that, at the time the parties were negotiating the Protective Order in this case, Cobblestone was separately discussing with SEA's in-house counsel SEA's production in response to Cobblestone's subpoena in the carrier cases. Reply at 2-3. But Cobblestone does not dispute that SEA ***did*** in fact produce documents in response to that subpoena, and Cobblestone has now twice expressly disclaimed that it is asking the Court to find anything deficient about SEA's production. *Id.* at 3; Mot. at 10 n.4. Cobblestone's argument instead seems to be that it could not have known when it agreed to the Protective Order that Samsung would not produce the same documents in the carrier cases that "it has produced and will produce in this case." Reply at 2-3. That is a non sequitur: as Samsung explained and as Cobblestone does not dispute, Cobblestone's discovery requests in this case are much broader than its subpoena to SEA in the carrier cases, and it has not subpoenaed SEC in the carrier cases at all. Opp. at 2; *id.*, Exs. A-C. Cobblestone could not have been surprised that SEA produced different documents in response to different document requests, nor that SEC has not produced in the carrier cases documents it has not been asked to produce in those cases.

Thus, the undisputed fact remains that the parties negotiated a protective order that expressly bans cross-use. Cobblestone's attempt to undo its own agreement to that provision is

3

improper. Indeed, accepting Cobblestone's argument here would allow any party to get out of any protective order provision to which it had agreed. Such a party could simply, as Cobblestone does here, assert that it could not have known at the time of the original protective order that the other party would later refuse to agree to reverse an expressly agreed-upon term. The foreseeability factor weighs heavily against modification.

### V. THE SAMSUNG DEFENDANTS HAVE RELIED ON THE CURRENT PROTECTIVE ORDER

As the Samsung defendants' Opposition explained, because it is "presumptively unfair" to modify a protective order on which the non-moving party has reasonably relied, this factor weighs against modification where the non-moving party has "'made huge documentary productions under the governing protective order . . . in reliance on the terms of" that governing order. Opp. at 9-10 (citing *Allergan,* 2017 WL 772486, at *5 and *United States v. Ocwen Loan Serv'g*, 2016 WL 278968, at *3 (E.D. Tex. Jan. 22, 2016)). Cobblestone disputes neither that that is the law nor that the Samsung defendants have made such document productions in this case in reliance on the existing Protective Order. Indeed, Cobblestone does not say a word to rebut the Samsung defendants' argument on the reliance factor, and thus concedes that that factor weighs heavily against modification. *Supra* at 2.

### VI. THERE IS NO GOOD CAUSE FOR COBBLESTONE'S PROPOSED MODIFICATION

The Samsung defendants' Opposition explained that "[g]ood cause requires changed circumstances or new situations warranting modification of a protective order." Opp. at 11-12 (citing *Allergan*, 2017 WL 772486, at *6 and *Ocwen Loan Serv'g*, 2016 WL 278968, at *4). Cobblestone does not dispute this, does not dispute that it bears the burden of showing good cause for modification (*id.*; *Raytheon*, 2012 WL 4371679, at *3), and does not argue that any "changed

circumstances or new situations" warrant its proposed modification here. Cobblestone thus again effectively concedes that this factor weighs against modification. *Supra* at 2.

Indeed, Cobblestone's only quibble with Samsung's argument on this factor is to suggest that Samsung's concerns about the Hague Convention and Korean discovery law are misplaced because Cobblestone's motion asks the Court only to allow ***Cobblestone*** to produce in other cases discovery that SEC has provided in this case. Reply at 3. That argument misses the point. Cobblestone cannot dispute that the Hague Convention is the ***only*** way to get discovery from a Korean corporation like SEC for use in U.S. litigation. Opp. at 12. It follows that Cobblestone's proposed modification would allow an end run around the Hague Convention's requirements by allowing Cobblestone to take discovery from a Korean corporation in a case in which that corporation ***is*** a party and use that discovery freely in other cases in which that corporation is ***not*** a party—and thus in which discovery is available only through the Hague. Nor does the fact that Cobblestone would technically be the party producing the documents in the carrier cases affect the fact that, prior to that production, SEC would be required under Korean law to seek separate Korean government approval to produce documents involving core technology, like that at issue here, for a separate action from one in which approval was granted. Opp. at 13-14.

Cobblestone's motion thus remains an improper attempt to circumvent both Korean law and the United States' treaty obligations. But even if that were not true, as the Samsung defendants' Opposition explained and as Cobblestone ignores, it has failed (indeed, has not tried) to show the sort of changed circumstances or new situations that would justify modifying a stipulated protective order. Opp. at 11-12. The good cause factor strongly disfavors modification.

## VII.   CONCLUSION

Samsung respectfully requests that the Court deny Cobblestone's motion.

Dated: March 21, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Melissa R. Smith*
　　　　　　　　　　　　　　　　　　　Victoria F. Maroulis
　　　　　　　　　　　　　　　　　　　California Bar No. 202603 (admitted in E.D. Tex.)
　　　　　　　　　　　　　　　　　　　victoriamaroulis@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
　　　　　　　　　　　　　　　　　　　555 Twin Dolphin Drive, 5th Floor
　　　　　　　　　　　　　　　　　　　Redwood Shores, CA 94065
　　　　　　　　　　　　　　　　　　　Tel: (650) 801-5000
　　　　　　　　　　　　　　　　　　　Fax: (650) 801-5100

　　　　　　　　　　　　　　　　　　　Sean Pak
　　　　　　　　　　　　　　　　　　　California Bar No. 219032 (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　seanpak@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　Iman Lordgooei
　　　　　　　　　　　　　　　　　　　California Bar No. 251320 (admitted in E.D. Tex.)
　　　　　　　　　　　　　　　　　　　imanlordgooei@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
　　　　　　　　　　　　　　　　　　　50 California Street, 22nd Floor
　　　　　　　　　　　　　　　　　　　San Francisco, CA 94111
　　　　　　　　　　　　　　　　　　　Tel: (415) 875-6600
　　　　　　　　　　　　　　　　　　　Fax: (415) 875-6700

　　　　　　　　　　　　　　　　　　　Kevin Hardy
　　　　　　　　　　　　　　　　　　　D.C. Bar No. 473941 (admitted in E.D. Tex.)
　　　　　　　　　　　　　　　　　　　kevinhardy@quinnemanuel.com
　　　　　　　　　　　　　　　　　　　**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
　　　　　　　　　　　　　　　　　　　1300 I Street, N.W., Suite 900
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Tel: (202) 538-8000
　　　　　　　　　　　　　　　　　　　Fax: (202) 538-8100

　　　　　　　　　　　　　　　　　　　Melissa R. Smith
　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24001351
　　　　　　　　　　　　　　　　　　　melissa@gillamsmithlaw.com
　　　　　　　　　　　　　　　　　　　**GILLAM & SMITH, LLP**
　　　　　　　　　　　　　　　　　　　303 South Washington Avenue
　　　　　　　　　　　　　　　　　　　Marshall, Texas 75670
　　　　　　　　　　　　　　　　　　　Tel: (903) 934-8450
　　　　　　　　　　　　　　　　　　　Fax: (903) 934-9257

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　*Samsung Electronics Co., Ltd. and*
　　　　　　　　　　　　　　　　　　　*Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 21, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  March 21, 2024   */s/ Melissa R. Smith*
  Melissa R. Smith