UNITED STATEST DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>    Defendant. | Case No. 2:23-cv-00285-JRG-RSP |

**LIMITED INTERVENORS' SUR-REPLY IN OPPOSITION TO
COBBLESTONE'S MOTION TO MODIFY PROTECTIVE ORDER**

Cobblestone's Reply does little to dispel the concerns of the Carriers.

First, Cobblestone's Reply attempts to walk back its requested relief, but introduces additional concerns in the process. Despite initially proposing language that allowed it to cherry pick evidence, it now proposes that it will simply dump *everything* produced by the Korean Samsung entity into the Carrier Cases. Setting aside the question of whether Cobblestone indicated during the meet-and-confer that this is what it intended,[1] Cobblestone's suggestion that it can simply dump non-party discovery obtained *in abstentia*—source code and all—is still troubling. If, on the one hand, the cases truly are different—as Cobblestone maintains when convenient to oppose consolidation—this

---

[1]     It did not. Instead, Cobblestone's counsel responded to a question about the scope of its proposal by indicating that it was a "good question" that it would have to consider before filing.

1

would result in a flood of irrelevant documents and *source code* being produced to Samsung's customers and competitors in the Carrier Cases. On the other hand, if the cases truly are closely related—as Cobblestone maintains when convenient for discovery motions—then Cobblestone is attempting to use party discovery obtained outside the purview of the Carrier Defendants against the Carriers in separate cases. And for source code, that still means that the documents would be cherry picked; Samsung made its source code available for inspection in its case *only to Cobblestone*, which means that any print outs of that code would be cherry picked evidence.

Cobblestone next argues that the Carriers and Samsung misapprehend its request. Cobblestone argues that it is not seeking discovery from foreign Samsung entities, it is just producing the documents it received from foreign Samsung entities that are now in the possession of Cobblestone's outside counsel. Cobblestone's argument is a semantic distinction without a difference. The bottom line is that Cobblestone wants to produce documents and source code from a foreign Samsung entity under the guise of party discovery *without ever attempting to pursue that discovery in the right way in the Carrier Cases*. Nor does Cobblestone raise any complaints about the discovery it obtained from Samsung USA in the Carrier Cases. Instead, Cobblestone attempts to recast its motion as a preemptive measure to avoid discovery disputes by asking the Court to waive the rules of discovery. The Court should decline Cobblestone's request for a shortcut.

Finally, Cobblestone refuses to address the issues of consolidation and double recovery. The great irony in this position is that it occurs immediately after Cobblestone suggested that it was trying to streamline the cases. The Carriers have demanded—time and again—that Cobblestone explain how it is not setting up a potential double recovery

2

problem.  The Carriers have also demanded—time and again—a cogent explanation of why it would not be far more efficient to have Cobblestone's seven different actions consolidated in some fashion.  Every time Cobblestone refuses to engage.  Cobblestone's current strategy will likely maximize confusion, witness inconvenience, and discovery burdens for the Carriers and Samsung. The Court should not countenance their efforts.

Dated: March 21, 2024

/s/ David S. Frist
David S. Frist
 David.Frist@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
 Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
 Ted.Stevenson@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless,*

**Deron Dacus**

ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless*

**Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 21, 2024, on the counsel of record via electronic mail.

*/s/ David S. Frist*
David S. Frist