UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    *Plaintiff*,<br><br>    V.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.;<br><br>    *Defendants*. | Case No. 2:23-cv-00285-JRG-RSP |

**PLAINTIFF'S OPPOSED MOTION TO COMPEL PRODUCTION OF ALL
DISCOVERY WITHHELD PENDING MOTIE REVIEW**

...

...

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................. 1

II.  FACTS: Samsung repeatedly ignored its deadlines, premised on MOTIE approval ......... 2

III.  LAW: Courts Requires Production Despite Foreign Secrecy Laws ................................... 3

IV.  ARGUMENT: The Court Should Compel Immediate Production ..................................... 4

    A.  Cobblestone has unfairly suffered from Samsung's delay ........................................... 4

    B.  The *Linde* factors support production ........................................................................... 4

    C.  Cobblestone intends to seek a tailored remedy should Samsung refuse ....................... 5

V.  CONCLUSION .................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Cases**

*Linde v. Arab Bank, PLC*,
  18 of the U.S. Code. 269 F.R.D. 186 (E.D.N.Y. 2010) ...................................................... 3, 4, 6

*Societe Internationale Pour Particpations Industrielles et Commerciales, S.A. v. Rogers*,
  357 U.S. 197, 198–206 (1958) ................................................................................................ 3, 5

**Other Authorities**

*Translation of Act on Prevention of Divulgence and Protection of Industrial Technology*, Center
  for Security and Emerging Technology (Apr. 27, 2024) ............................................................ 1

**Rules**

Fed. R. Civ. P 37(b) ............................................................................................................. 4, 6

I.      INTRODUCTION

Plaintiff Cobblestone respectfully moves the Court to compel the collective "Samsung" Defendants to immediately produce the source code used in the accused products, the technical documentation regarding the accused products, and respond to interrogatories about the technical operation of the accused products by May 31. Samsung is under a court order that required production of the source code and technical documents by December 27, 2023, and its responses to the technical interrogatories was due February 5, 2024. Dkt. 31 ¶ 3; Dkt. 39; P. R. 3-4. Samsung's single, overarching objection is that it cannot produce the discovery ordered by this Court until the Korean Ministry of Trade, Industry and Energy (MOTIE) reviews the materials and approves their export to the USA. *See Translation of Act on Prevention of Divulgence and Protection of Industrial Technology*, Center for Security and Emerging Technology (Apr. 27, 2024), https://cset.georgetown.edu/wp-content/uploads/t0521_industry_protection_EN.pdf (translating the Korean law requiring MOTIE review).

While Cobblestone is sympathetic to foreign regulations, this Court's power to order discovery is not subordinate to any foreign government ministry, including MOTIE. Samsung has proven that it can neither predict nor guarantee when, if ever, it will receive MOTIE approval. About 10 months have passed since the filing of this case, and four months since the technical production and source code were due. Samsung has had ample opportunity to pursue and obtain MOTIE approval, yet Cobblestone remains hindered in its discovery.

Cobblestone simply cannot continue to wait. Accordingly, Cobblestone asks that the Court set a date by which Samsung must produce all source code, documents, and interrogatory responses being withheld pending MOTIE review.

1

## II.  FACTS: Samsung repeatedly ignored its deadlines, premised on MOTIE approval

The documents and source code Cobblestone seeks in this motion were due December 27, 2023. Dkt. 31 ¶ 3; Dkt. 39; P. R. 3-4.  Samsung knew of this December 2023 deadline as early as August 17, 2023. *See* Dkt. 15 at 2; P. R. 3-4.  Presumably, Samsung knew it needed MOTIE approval and should have and should have taken steps to meet its deadline.  It remains unclear when Samsung chose to submit the information and materials to MOTIE, but it was not soon enough.  In fact, the documents and source code *still* are pending MOTIE review.

In the meantime, Cobblestone has repeatedly written to and met with Samsung about its MOTIE objection. In December 2023, Samsung first predicted that MOTIE review would complete in mid-January 2024. So, Cobblestone waited and followed up in February 2023. The parties met and conferred on March 1, 2024, when Samsung confirmed it was still awaiting MOTIE review. Cobblestone followed up again by email on March 7. On March 13, Samsung again confirmed that technical specifications and source code were being withheld pending MOTIE review, and that Samsung will only produce these once it receives MOTIE approval. Samsung further clarified that it has no control over MOTIE approval. Ex. A. On March 19, the parties' lead and local counsel met and conferred. Cobblestone explained it could not keep waiting indefinitely for MOTIE approval and needed to move to compel. Samsung's counsel acknowledged the conflict of laws but explained that its client was more beholden to the laws of Korea (which include criminal penalties) than to this Court, and Samsung offered to investigate the timeline. On March 26, Samsung estimated that "we will be making at least some of the source code available within a month." Ex. B. Cobblestone followed up on April 23, but as of April 26, Cobblestone still has not been provided with the source code and technical documents owed in

December 2023. Rather, Samsung could only confirm that a MOTIE review session took place, but Samsung could not guarantee when or if MOTIE approval would occur. Ex. C.

### III. LAW: Courts Requires Production Despite Foreign Secrecy Laws

The Supreme Court affirmed a district court's discretion to compel discovery and issue sanctions for noncompliance, even if foreign laws prohibit the discovery under criminal penalty. *Societe Internationale Pour Particpations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 198–206, 213 (1958). Under *Societe Internationale*, a party is deemed to have "control" over its documents for production, even when foreign laws prohibit export. *Id.* at 204-05. U.S. Courts are not beholden to laws, control, or interests of foreign countries. *See id.* at 205.

Similarly, in *Linde v. Arab Bank, PLC*, a party refused production due to foreign bank secrecy laws, but the Court held that "that defendant's foreign bank secrecy concerns must yield to United States interests" in enforcing chapter 18 of the U.S. Code. 269 F.R.D. 186, 193 (E.D.N.Y. 2010). The Court evaluated five factors in deciding whether to compel production of information abroad, including: (1) "the importance to the investigation or litigation of the documents or other information requested;" (2) "the degree of specificity of the request;" (3) "whether the information originated in the United States;" (4) "the availability of alternative means of securing information;" and (5) "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Id.* at 193. After allowing some time for the party to make a production, the Court issued sanctions. *Id.* at 193–94.

Collectively, these two cases make clear that the discovery obligations imposed by U.S. Courts are not further subject to the control of foreign governments. Samsung's objection to

3

producing code, technical documents, and interrogatory responses due to MOTIE review should be overruled.[1]

## IV. ARGUMENT: The Court Should Compel Immediate Production

### A. Cobblestone has unfairly suffered from Samsung's delay

Samsung's delay in producing the source code and technical information for the accused products has put Cobblestone at a severe disadvantage. It was due back in December 2023. It is now May 2024, with discovery closing in November 2024. Cobblestone has lost over four months of time for reviewing the code, consulting with its experts, conducting infringement analysis, translating and reviewing Korean documents, conducting follow up incomplete discovery, preparing supplemental discovery, preparing to depose Samsung's technical witnesses, and issuing third party subpoenas where appropriate.

Samsung cannot even guarantee that it will receive MOTIE approval, much less accurately predict when this will occur. Indeed, Samsung's predictions have proven inaccurate since mid-January. Cobblestone has already waited over four months due to Samsung's inaccurate predictions on the timing of MOTIE approval.

### B. The *Linde* factors support production

Four of the five Linde factors support a decision to compel production. Under factor (1), Samsung should be compelled to produce the source code and technical documents because they are important, if not necessary, to prove infringement in patent cases. Factor (2) supports

---

[1] Deciding an appropriate remedy, were Cobblestone left without the evidence it needs for its case, is a question for another day. Remedies may include deeming facts established, permitting adverse inferences, striking pleadings, prohibiting arguments or evidence, or entering an order of contempt. *Linde*, 269 F.R.D. at 198, 202, 204; Fed. R. Civ. P. 37(b). For now, Cobblestone seeks only an order with a specific date by which Samsung must produce the information. If Samsung disobeys this order, then Samsung's noncompliance will provide context for fashioning a remedy or sanctions.

4

production because the requests are specific (source code, technical documents, and withheld interrogatory responses that Samsung has specifically objected to as requiring MOTIE approval) and contemplated by the Court's standing orders. The parties do not dispute the scope of what is being withheld pending MOTIE approval. Factor (3) is neutral because the source code may not have originated in the United States, but products executing the source code are in the United States. Factor (4) favors production because there are no alternative means of securing information. Factor (5) favors production because withholding the documents would undermine this Court's important interests in enforcing the patent laws of the United States. Moreover, this Court's discovery power and its ability to set production deadlines are not beholden MOTIE or any other foreign entity. Subjugating the Court's discovery power to a foreign ministry will set bad policy for future cases.

Potential criminal penalties in a foreign country are not an excuse for non-production. *Linde* at 206 ("I have already rejected defendant's argument that the potential for criminal prosecution weighs against non-production); *see Societe Internationale*, 357 U.S. at 211–12 (but fear of criminal prosecution weighs against the more severe sanction of outright dismissal).

For these reasons, the Court should order that Samsung's MOTIE objections are overruled, and that it should produce all discovery withheld pending MOTIE approval by May 31.[2]

### C. Cobblestone intends to seek a tailored remedy should Samsung refuse

Samsung's counsel has indicated that if forced to pick between complying with this Court's order and complying with MOTIE obligations, Samsung intends to comply with MOTIE due to its criminal penalties. If that occurs, Cobblestone intends to pursue a remedy tailored to Samsung's

---

[2] During earlier meet-and-confers, Samsung assured Cobblestone that the production was ready to go once MOTIE approval was received. More recently, Samsung backtracked and indicated it would need an additional two weeks after MOTIE approval. Samsung cannot keep delaying discovery that is already four months late.

noncompliance pursuant to Fed. R. Civ. P 37(b), including establishing facts, prohibiting or striking claims or defenses, finding contempt, and awarding fees. Generally, Cobblestone will seek similar remedies to those issued in *Linde*, including instructing the jury that it may infer infringement from Samsung's withholding of discovery, precluding Samsung from relying on the discovery that it withheld, and attorney and expert fees stemming from Samsung's noncompliance. 269 F.R.D. at 202, 204.

## V. CONCLUSION

For these reasons, plaintiff respectfully requests the Court to overrule Samsung's discovery objections based on MOTIE approval and order that Samsung immediately produce all discovery being withheld pending MOTIE approval by May 31, 2024.

Dated: April 30, 2024                     Respectfully submitted,

*/s/ Reza Mirzaie*

CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042

6

**RUSS AUGUST & KABAT**
4925 Greenville Ave., Suite 200
Dallas, TX 75206
Email: ptong@raklaw.com

Andrea Fair
**Ward Smith & Hill, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

*ATTORNEYS FOR PLAINTIFF,*
*COBBLESTONE WIRELESS, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

                                                                             */s/ Reza Mirzaie*
                                                                             Reza Mirzaie

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Plaintiff has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on March 19, 2024. For Cobblestone, Reza Mirzaie, Peter Tong, Matthew Aichele, and Andrea Fair, attended the conference. For Samsung, Olga Slobodyanyuk, Sean Pak, and Melissa Smith attended the conference. No agreement could be reached because Samsung will not produce the underlying discovery without MOTIE approval, and the parties are at an impasse.

                                                                             */s/ Reza Mirzaie*
                                                                             Reza Mirzaie