# Exhibit B

| | |
|---|---|
| **Subject:** | RE: Cobblestone v. Samsung |
| **Date:** | Tuesday, March 26, 2024 at 1:56:36 PM Central Daylight Time |
| **From:** | Olga Slobodyanyuk |
| **To:** | ptong@raklaw.com, Brice Lynch, rak_cobblestone@raklaw.com |
| **CC:** | QE-Cobblestone-Samsung, Melissa Smith, Fair, Andrea |

Counsel,

Thank you for a productive meet-and-confer last week. Pursuant to that discussion, we have served Samsung's supplemental interrogatory responses, identifying ▮▮▮▮▮▮ accused user equipment and base stations. We also produced additional technical documentations about ▮▮▮ ▮▮▮▮. Based on our current understanding of the MOTIE process, our hope and expectation is that we will be making at least some of the source code available within a month.

We do not believe that the case law you provided bears on this discussion, since Samsung is fully intending to comply with its discovery obligations. In *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 206 (1958) the Court explicitly "h[e]ld only that accommodation of the Rule in this instance to the policies underlying the Trading with the Enemy Act justified the action of the District Court in issuing this production order" and that it "do[es] not say that this ruling would apply to every situation where a party is restricted by law from producing documents over which it is otherwise shown to have control. Rule 34 is sufficiently flexible to be adapted to the exigencies of particular litigation." 357 U.S. 197, 206 (1958). *Linde v. Arab Bank, PLC* concerned "continuing refusals to produce" information based on foreign bank secrecy laws and related comity concerns. 269 F.R.D. 186, 192 (E.D.N.Y. 2010). For clarity, Samsung is willing and will make all the relevant source code available as soon as MOTIE review is completed. We will let you know as soon as we can once the relevant source code is approved for production by MOTIE. We further note that fact discovery in this case does not close until November 22, 2024. All of the source code will be provided to Cobblestone several months in advance of that deadline and with plenty of time for Cobblestone to review; and that there is no basis for any motion in these circumstances.

We understand that Cobblestone intends to supplement its interrogatories in the next few weeks, including but not limited to by providing substantive responses to interrogatories nos. 1, 4, 10, 15, 18, and will be making additional document productions with at least in respect to information called by interrogatories nos. 7, 10, 12, 18, to the extent that any information is found.

Additionally, the parties discussed potential supplementation of contention interrogatories, such as Cobblestone's interrogatories nos. 7, 12, 20, 21, 23, 24 and Samsung's interrogatories nos. 1, 5, 7. We tentatively discussed agreeing on a date in May. Samsung will revert shortly with a concrete proposal regarding contention interrogatory supplementation.

With respect to Cobblestone's issues with Samsung's interrogatory responses, we discussed the following:
- Samsung promptly supplementing with 33(d) citations to interrogatory nos. 4, 13, 15, 16, 17, 18;
- Samsung promptly supplementing with persons most knowledgeable in response to interrogatory nos. 4, 5, & 6.