# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>      Defendants. | Civil Action No. 2:23-cv-00285-JRG-RSP<br><br>**PUBLIC VERSION** |

**SAMSUNG'S UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF REQUEST TO INSPECT DOCUMENTS PURSUANT TO THE HAGUE EVIDENCE CONVENTION**

## I. INTRODUCTION

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America Inc. ("Samsung") request that the Court issue a Letter of Request in the form attached hereto as **Appendix A**, addressed to the Central Authority of Denmark, requesting the production of certain documents and information from Phase One A/S ("Phase One "). Phase One is a Danish entity ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ one or more of the asserted patents asserted against Samsung by Plaintiff Cobblestone Wireless, LLC ("Cobblestone") in the above-referenced matter. This application is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"), which is in force between the United States and Denmark. Cobblestone does not oppose this request.

Samsung's proposed Letter of Request seeks highly relevant information from Phase One, including information that is directly relevant to the validity and enforceability of the Asserted Patents, and Cobblestone's ability to seek damages.

Phase One is located in Denmark. Accordingly, Samsung requests that the Court issue the Letter of Request to the Central Authority of Denmark in the form attached hereto as **Appendix A**.

## II. FACTUAL BACKGROUND

Cobblestone filed the Original Complaint against Samsung in this case on June 16, 2023. *See* Dkt. 1. Cobblestone alleges that Samsung infringes United States Patent Nos. 7,924,802 ("the '802 Patent"), 8,554,196 ("the '196 Patent"), 8,891,347 ("the '347 Patent"), 9,094,888

("the '888 Patent"), and 10,368,361 ("the '361 Patent") (collectively, the "Asserted Patents") which relate to wireless mobile communications. *Id.* at 3-12.

According to a document produced by Cobblestone in discovery, 

Fact discovery in this case is presently underway and closes on November 22, 2024. Dkt. 30 at 3. Samsung submits this request now in view of the time needed for international cooperation and completing discovery from Phase One.

### III. ARGUMENT

#### A. A Letter of Request Is The Proper Method For A U.S. Court To Seek Discovery In A Foreign Jurisdiction

The United States and Denmark are signatories to the Hague Evidence Convention. *See, e.g.,* Hague Evidence Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (May 5, 2024).

Under the Hague Evidence Convention, a letter of request or "letter rogatory" is a formal written request sent by a domestic court to a foreign court asking that a witness residing within that foreign court's jurisdiction either provide documents, a deposition, or both for use in a pending action before the requesting court. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *accord* 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice & Procedure* § 2083 (3d ed. 2007). This Court is authorized to issue letters of request and to transmit them directly to the National Court Administration under Rule 28

of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2).  The decision to issue such a letter is within the Court's discretion, *United States v. Wedding*, No. 08-2386, 2009 WL 1329146, at *1 (S.D. Cal. May 13, 2009), and the proper inquiry for issuance is whether the discovery sought complies with the liberal standard of Federal Rule of Civil Procedure 26, *DBMS Consultants Ltd. v. Comput. Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990).

### B. Phase One And Its Danish Employees Very Likely Possess Information Relevant To Samsung's Defenses In This Case

Samsung's motion for execution of the attached Letter of Request should be granted because it seeks targeted information from Phase One that is directly relevant, and indeed, critical to, a number of Samsung's defenses in this case.

In particular, Request No. 1 is directed to the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which is relevant to Samsung's validity, enforceability, and standing defenses, as well as alleged damages.  *See, e.g., Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (identifying licensing activity as relevant to reasonable royalty damages); *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366-JRG-RSP, 2019 U.S. Dist. LEXIS 217005, at *13 (E.D. Tex. Dec. 17, 2019) ("comparisons between the accused product and commercial embodiments are relevant to . . . obviousness and willfulness."); *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 178477, at *11 (E.D. Tex. Oct. 27, 2017) (finding commercial embodiments relevant to the teachings of the patent).  Further, Request No. 2 is directed to any agreements regarding the Asserted Patents, including, licenses, covenants not to sue, or any agreement giving Phase One the right to practice the Asserted Patents.  Likewise here, these documents are relevant to Samsung's validity, enforceability, and standing defenses and alleged damages.  *See, e.g.*, *Georgia-Pacific Corp.*, 318 F. Supp. at 1120; *United Servs. Auto.*

*Ass'n*, No. 2:18-CV-00366-JRG-RSP, 2019 U.S. Dist. LEXIS 217005, at *13; *Network-1 Techs., Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 178477, at *11.

In sum, the Requests in the attached **Appendix A** are targeted to information that is believed to reside with Phase One in Denmark, beyond the subpoena power of this Court under Rule 45 of the Federal Rules of Civil Procedure. Samsung will not be able to obtain the requested discovery by any other process. Thus, Samsung must resort to service in accordance with the terms of the Hague Evidence Convention to obtain the discovery it needs to further establish its defenses.

### C. The Documents Requested by Samsung Are Exclusively In Phase One's Possession, Custody, and Control.

The documents requested by the Letter of Request are exclusively in Phase One's possession, custody, and control.

On information and belief, Defendants believe that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Because Phase One's headquarters are in Denmark, Defendants believe that the requested evidence exists, and is maintained by Phase One, in Denmark. Defendants are aware of no alternative means to obtain the documents other than through Phase One. Defendants requested this evidence from Phase One US via a Rule 45 subpoena, but Phase One US maintained that this evidence was not within its possession, custody, and control.

### IV. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant the instant motion so that Samsung may obtain documents that are highly relevant to Samsung's defenses and alleged damages.

Samsung respectfully requests that the Court execute the Letter of Request attached as **Appendix A**.  Samsung further requests that, after the Court has executed the Letter of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and return the original signed and sealed executed Letter, as well as two certified copies of the signed and sealed executed Letter, to Samsung's counsel, Kevin Hardy, kevinhardy@quinnemanuel.com, Quinn Emanuel Urquhart & Sullivan, LLP, 1300 I Street NW, Suite 900, Washington, D.C. 20005, for delivery to the proper authority in Denmark.  Upon granting of this motion, Samsung will prepare copies of the Letter of Request and related exhibits (with any revisions that may be made by the Court) translated into Danish that will be submitted together with the Court's signed Letter of Request.

| | |
|---|---|
| Dated: June 18, 2024 | Respectfully submitted,<br><br>*/s/ Kevin Hardy*<br>Victoria F. Maroulis<br>California Bar No. 202603 (admitted in E.D. Tex.)<br>victoriamaroulis@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-801-5100<br><br>Sean Pak<br>California Bar No. 219032 (*pro hac vice*)<br>seanpak@quinnemanuel.com<br>Iman Lordgooei<br>California Bar No. 251320 (admitted in E.D. Tex.)<br>imanlordgooei@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br><br>Kevin Hardy<br>D.C. Bar No. 473941 (admitted in E.D. Tex.)<br>kevinhardy@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>1300 I Street, N.W., Suite 900<br>Washington, DC 20005<br>Tel: 202.538.8000<br>Fax: 202.538.8100<br><br>Melissa R. Smith<br>Texas State Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Phone: (903) 934-8450<br>Fax: (903) 934-9257<br><br>*Counsel for Defendants* |

*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on June 18, 2024.

                                                */s/ Melissa Smith*  
                                                Melissa Smith

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). Cobblestone is unopposed to the relief sought in this motion.

                                                */s/ Melissa R. Smith*  
                                                Melissa R. Smith

█████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

