# APPENDIX A

**APPENDIX A: LETTER OF REQUEST**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　Defendants. | Civil Action No. 2:23-cv-00285-JRG-RSP |

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING
<u>OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

**GREETINGS:**

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned applicant has the honor and judicial authority to submit this request on behalf of the Defendants in the above-titled action.

The United States District Court for the Eastern District of Texas presents its compliments to the judicial authorities of Denmark and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in this action.  This Court considers that the evidence sought is directly relevant to the issues in dispute.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance of the Courts of Denmark to compel the below-named entity (Phase One A/S) to provide the requested documentary evidence (described in Exhibit 1 attached to this Letter) to an appropriately designated authority for Denmark for subsequent return to this Court's authorized representative for examination in this case.

The particulars for this Letter of Request are as follows:

| 1. | Sender | The Honorable Rodney Gilstrap<br>United States District Court Judge<br>United States District Court for the Eastern District of Texas<br>Sam B. Hall, Jr. Federal Building and United States Courthouse<br>100 East Houston Street<br>Marshall, Texas 75670<br>Phone: (903) 935-3868 |
|---|---|---|
| 2. | Central Authority of the Requested State | Ministry of Justice<br>Procedural Law Division<br>Slotsholmsgade 10<br>1216 Copenhagen K<br>Denmark |

02198-00091/15022383.1

**APPENDIX A: LETTER OF REQUEST**

| | | | |
|---|---|---|---|
| 3. | Person to whom the executed request is to be returned | | Counsel for Defendants:<br>Kevin Hardy<br>kevinhardy@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street, N.W., Suite 900<br>Washington, DC  20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100 |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | | | By August 15, 2024.<br><br>Reason for urgency: The parties' deadline for obtaining fact discovery in this case is November 22, 2024. Defendants respectfully request prompt execution of this Request to ensure adequate time in which to obtain evidence from Phase One A/S ("Phase One"). |
| 5. | a. | Requesting Judicial Authority (Article 3, a) | The Honorable Rodney Gilstrap<br>United States District Court Judge<br>United States District Court for the Eastern District of Texas<br>Sam B. Hall, Jr. Federal Building and United States Courthouse<br>100 East Houston Street<br>Marshall, Texas 75670<br>Phone: (903) 935-3868 |
| | b. | To the competent Authority of (Article 3, a) | Denmark |
| | c. | Names of the case and any identifying number | *Cobblestone Wireless, LLC, v. Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.,* Civil Action No. 2:23-CV-00285, United District Court for the Eastern District of Texas |
| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | | |
| | a. | Plaintiff | Cobblestone Wireless, LLC ("Cobblestone") |
| | Representatives | | Cobblestone  is represented by:<br><br>Reza Mirzaie<br>California Bar No. 246953<br>Marc A. Fenster<br>California Bar No. 181067<br>Neil A. Rubin<br>California Bar No. 250761<br>Christian W. Conkle<br>California Bar No. 306374<br>Jonathan Ma<br>California Bar No. 312773<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>Email: rmirzaie@raklaw.com<br>Email: mfenster@raklaw.com<br>Email: nrubin@raklaw.com<br>Email: cconkle@raklaw.com<br>Email: jma@raklaw.com |

**APPENDIX A: LETTER OF REQUEST**

|   |   |   |   |
|---|---|---|---|
|   | b. | Defendants | Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") |
|   |   | Representatives | Samsung is represented by:<br><br>Victoria F. Maroulis<br>California Bar No. 202603 (admitted in E.D. Tex.)<br>victoriamaroulis@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Tel: 650-801-5000<br>Fax: 650-801-5100<br><br>Sean Pak<br>California Bar No. 219032 (*pro hac vice*)<br>seanpak@quinnemanuel.com<br>Iman Lordgooei<br>California Bar No. 251320 (admitted in E.D. Tex.)<br>imanlordgooei@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: 415-875-6600<br>Fax: 415-875-6700<br><br>Kevin Hardy<br>DC Bar No. 473941 (admitted in E.D. Tex.)<br>kevinhardy@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street, N.W., Suite 900<br>Washington, DC 20005<br>Tel: 202-538-8000<br>Fax: 202-538-8100<br><br>Melissa R. Smith<br>Texas Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Tel: 903-934-8450<br>Fax: 903-934-9257 |
| 7. | a. | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, a) | This is a civil action alleging patent infringement under the patent laws of the United States. |

|   | b. | Summary of complaint | Cobblestone alleges that Samsung infringes United States Patent Nos. 7,924,802, 8,554,196, 8,891,347, 9,094,888, and 10,368,361 (collectively, the "Asserted Patents") which relate to wireless mobile communications.<br><br>Cobblestone is seeking damages from Samsung for alleged infringement of the Asserted Patents. |
|---|---|---|---|
|   | c. | Summary of defense and counterclaim | Samsung filed an answer on October 10, 2023.<br><br>In its Answer, Samsung asserted, *inter alia*, that it does not infringe any of the claims of the Asserted Patents and that the claims of the Asserted Patents are invalid and unenforceable under at least 35 U.S.C. §§ 101, 102, 103, 112, and 116 .<br><br>Samsung also asserted defenses pursuant to prosecution history estoppel, damages and cost limitation under 35 U.S.C. §§ 286, 287, and/or 288, actions of others, government sales under 28 U.S.C. § 1498, patent exhaustion and/or license, implied license, waiver, implied waiver, standing, acquiescence, equitable estoppel, and unclean hands. |
|   | d. | Other necessary information or documents | Phase One's current address is:<br><br>Phase One A/S<br><br>Roskildevej 39,<br>2000 Frederiksberg,<br>Denmark |
| 8. | a. | Evidence to be obtained or other judicial act to be performed (Article 3, d) | With respect to the Asserted Patents, Phase One has documents relevant to Samsung's defenses, including:<br><br>Request No. 1 is directed to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ concerning one or more of the Asserted Patents, which is relevant to Samsung's defenses and to Cobblestone's alleged damages.  Further, Request No. 2 is directed to any agreements regarding the Asserted Patents, including, licenses, covenants not to sue, or any agreement giving Phase One the right to practice the Asserted Patents, which are likewise relevant to Samsung's defenses and to Cobblestone's alleged damages. |

|  |  |  | Attached as Exhibit 1 are the above-referenced Requests for Production of certain documents that Samsung understands to be in the possession, custody, or control of Phase One. |
|---|---|---|---|
|  |  |  | Samsung has no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| | 9. | Identity and address of any person to be examined (Article 3, e) | None |
| | 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | N/A. |
| | 11. | Documents or other property to be inspected (Article 3, g) | See Exhibit 1, attached. |
| | 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | Not applicable. |
| | 13. | Special methods or procedure to be followed (e.g., oral or in writing, verbatim, transcript or summary, cross- examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Phase One be directed to produce the documents identified in the attached Exhibit 1.<br><br>**It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request.**<br><br>In accordance with Article 13 of Hague Convention No. 20, it is further requested that this Court, and Samsung's counsel (named in item 6.b. above), be immediately informed of any such refusal and the associated legal grounds.<br><br>It is requested that any documents produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of Denmark. |
| | 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; and such person(s) that you deem proper. |
| | 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
| | 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Samsung believes that Phase One does not benefit from any privilege for the requested documents, and does not endorse the assertion of any such privilege or duty. |

02198-00091/15022383.1

**APPENDIX A: LETTER OF REQUEST**

| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Samsung will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |
|---|---|---|

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request.

The below-signed judicial authority expresses its sincere willingness to provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of Denmark as future circumstances may require.

02198-00091/15022383.1

**APPENDIX A: LETTER OF REQUEST**

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY

Dated: _____, 2024

_____
HONORABLE RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1. "You," "Your" and "Phase One" means Phase One A/S, including without limitation all predecessors, successors, wholly or partially owned subsidiaries, parent companies, or affiliates; and all past or present agents, representatives, partners, employees, directors, officers, consultants, attorneys, or entities acting in joint-venture or partnership relations with Phase One A/S.

2. "'802 Patent" means United States Patent No. 7,924,802.

3. "'196 Patent" means United States Patent No. 8,554,196.

4. "'347 Patent" means United States Patent No. 8,891,347.

5. "'888 Patent" means United States Patent No. 9,094,888.

6. "'361 Patent" means United States Patent No. 10,368,361.

7. The "Asserted Patents" or "patents-in-suit" shall mean, collectively, the '802 Patent, the '196 Patent, the '347 Patent, the '888 Patent, and the '361 Patent.

8. The term "communication" or "communications" refers to the transmittal of documents or information by any medium, including but not limited to mail, electronic mail ("email"), facsimile, and messages.

9. The term "document" shall include, but not be limited to, any and all documents, electronically stored information, communications, and/or tangible things, including writings, drawings, graphs, charts, photographs, videos, sound recordings, images, data, and data

compilations, stored in any medium from which information can be obtained. The term "document" shall include not only originals but also any drafts, copies, reproductions, and portions of any document.

10. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

11. "Including" shall not be construed as limiting in any respect and shall mean the same as "including, but not limited to."

12. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

13. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

14. The terms "any" and "all" shall be construed as "any and all."

15. The singular form of any word shall be construed to include the plural, and the plural form of any word shall be construed to include the singular.

16. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

**DOCUMENTS AND INFORMATION REQUESTED FROM PHASE ONE A/S**

**REQUEST NO. 1:**

The ███████████████████████████████████████, concerning one or more of the Asserted Patents.

**REQUEST NO. 2:**

      Any agreement to which you are or were a party concerning the one or more of the Asserted Patents, including, but not limited to, all licenses, covenants not to sue, or any other agreement giving you any rights to practice the Asserted Patents, and all documents and communications regarding the negotiations of any such agreement.

02198-00091/15022383.1

**EXHIBIT 1: DOCUMENT REQUESTS**